# EXHIBIT A

10/17/17 2:50P

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Ocean Spray Cranberries, Inc.
Arnold Worldwide LLC,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Crystal Hilsley, on behalf of herself and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/19/2017** at 11:49:04 AM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the State of California, County of San Diego, 330 West Broadway, San Diego CA 92101

CASE NUMBER:
*(Número del Caso):*
37-2017-00034868-CU-BT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Elliot, Elliot Law Firm, 3200 W. 4th Street, Suite 207, San Diego CA 92103; 619-468-4865

DATE: 09/20/2017          Clerk, by _____ El McAlister , Deputy
*(Fecha)*                 *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Ocean Spray Cranberries, Inc.

under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/17/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A - Page 1

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address):
David Elliot, #270381
Elliot Law Firm
3200 4th Avenue
San Diego, CA 92103
TELEPHONE NO: 619-468-4865   FAX NO:
ATTORNEY FOR (Name): Crystal Hilstey

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

09/19/2017 at 11:40:04 AM

Clerk of the Superior Court
By Lee McAlister, Deputy Clerk

CASE NAME:
Hilstey v. Ocean Spray et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2017-0003488-CU-BT-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: D-7 |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 6
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/07/2017
David Elliot
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit A - Page 3

1  THE ELLIOT LAW FIRM
2  DAVID ELLIOT (270381)
   3200 Fourth Avenue, Suite 207
3  San Diego, CA 92103
   Telephone: (619) 468-4865
4

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

09/19/2017 at 11:49:04 AM

Clerk of the Superior Court
By Lee McAlister,Deputy Clerk

5
6  *Attorneys for Plaintiff*

7
8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **IN AND FOR THE COUNTY OF SAN DIEGO**

10

11  Case No: ___37-2017-00034868-CU-BT-CTL___

12  CRYSTAL HILSLEY,

13  on behalf of herself and all others
14  similarly situated,

15            Plaintiff,

16
17        v.

18  OCEAN SPRAY CRANBERRIES,
    INC.,
19  ARNOLD WORLDWIDE LLC,
20  DOE DEFENDANTS 1-5,

21
22            Defendants.

23

24
25
26
27
28

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF:**

1. **CONSUMERS LEGAL REMEDIES ACT,**
   **CAL. CAL. CIV. CODE §§1750** *et seq.*
2. **UNFAIR COMPETITION LAW,**
   **CAL. BUS. & PROF. CODE §§17200** *et seq.*
   (*unlawful prong*)
3. **UNFAIR COMPETITION LAW,**
   **CAL. BUS. & PROF. CODE §§17200** *et seq.*
   (*unfair prong*)
4. **FALSE ADVERTISING LAW,**
   **CAL. BUS. & PROF. CODE §§17500** *et seq.*
5. **BREACH OF EXPRESS WARRANTY**
6. **BREACH OF IMPLIED WARRANTY**

**DEMAND FOR JURY TRIAL**

---

**CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ...................................................................... 1

II.     NATURE OF THE ACTION ........................................................................ 1

III.    PARTIES ..................................................................................................... 3

IV.     FACTUAL ALLEGATIONS ....................................................................... 3

1. Ocean Spray Does Not Disclose That Its Products Are Artificially Flavored. .............. 3

2. California Law Requires Manufacturers to Disclose Artificial Flavors in Food
   Products.................................................................................................................. 5

3. Ocean Spray's Competitors Label Their Products Lawfully............................... 9

4. Plaintiff, and the Class, Pay a Price Premium for the Misbranded Products. ............... 10

V.      DELAYED DISCOVERY ........................................................................... 11

VI.     RELATED PRODUCTS ............................................................................. 12

VII.    CLASS ACTION ALLEGATIONS ............................................................ 13

VIII.   CAUSES OF ACTION ............................................................................... 16

        First Cause of Action:  Violation of the CLRA ...................................... 16

        Second Cause of Action:  Violation of the UCL, Unlawful Prong ........................ 17

        Third Cause of Action:  Violation of the UCL, Unfair Prong ............................... 18

        Fourth Cause of Action:  Violation of False Advertising Law ............................. 20

        Fifth Cause of Action:  Breach of Express Warranty, Ocean Spray .................... 21

        Sixth Cause of Action:  Breach of Implied Warranty, Ocean Spray..................... 22

IX.     PRAYER FOR RELIEF .............................................................................. 24

X.      JURY DEMAND ........................................................................................ 24

i

Crystal Hilsley ("Plaintiff"), on behalf of herself, all others similarly situated, and the California public, by and through her undersigned counsel, hereby brings this action against Defendant Ocean Spray Cranberries, Inc., Defendant Arnold Worldwide LLC (collectively, "Defendants"), and Doe Defendants 1-5, and upon information and belief and investigation of counsel, alleges as follows:

## I.  JURISDICTION AND VENUE

1.  Plaintiff brings this action pursuant to Code Civ. Proc. § 382 and Cal. Civ. Code § 1781. The Court has subject matter jurisdiction over this action pursuant to Code Civ. Proc. § 410.10. The amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the minimum jurisdictional amount for this Court.

2.  This Court has both general and specific personal jurisdiction over the defendants.

3.  The Court has personal jurisdiction over both named Defendants because both companies have affirmatively established and maintained contacts with the State of California and are registered to do business in California. This Court further has specific personal jurisdiction arising from Ocean Spray's decision to sell the Products in California and Arnold's decision to participate in advertising the Products in California. Defendants have sufficient minimum contacts with this State and sufficiently avail themselves of the markets of this State through the promotion, sales, and marketing of the Products within the State to render the exercise of jurisdiction by this Court reasonable.

4.  Venue is proper in this County because Defendant Ocean Spray conducts business here, engages in substantial transactions in this County, and many of the transactions complained of herein occurred in this County including specifically the transactions between Plaintiff and Defendant.

## II.  NATURE OF THE ACTION

5.  This is a California consumer class action for violation of California consumer protection laws.

1

CLASS ACTION COMPLAINT

6.    Defendant Ocean Spray manufactures, distributes, advertises, markets, and sells a variety of juices and juice-based beverage products. Defendant Arnold Worldwide participates substantially in the labeling and advertising of these products.

7.    Defendants label and advertise one such juice-based beverage product as "Cran·Apple" and another such juice-based beverage product as "Cran·Grape" (the "Products").

8.    Both products' front-of-package labels prominently display, in a conspicuous advertising panel at the top of the label, the claim that these products include "*No High Fructose Corn Syrup, Artificial Colors or Flavors*".

9.    This statement is false. Both Products include artificial flavoring chemicals that simulate the advertised fruit flavors.

10.    Because the Products' labels conceal the fact that the Products are made with artificial flavors, and in fact falsely claim that the Products have no artificial flavors, that labeling is false and misleading and the Products are misbranded under California law.

11.    Defendants' packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying a premium, all-natural product instead of a product that is artificially flavored.

12.    Plaintiff, who purchased the Products in California and was deceived by Defendants' unlawful conduct, brings this action on her own behalf and on behalf of California consumers to remedy Defendants' unlawful acts.

13.    On behalf of the Class as defined herein, Plaintiff seeks an order compelling Defendants to, *inter alia*: (1) cease packaging, distributing, advertising and selling the Products in violation of U.S. FDA regulations and California consumer protection law; (2) re-label or recall all existing deceptively packaged Products; (3) inform California consumers regarding the Products' misbranding; (4) award Plaintiff and the other Class-members restitution, actual damages, and punitive damages; and (5) pay all costs of suit, expenses, and attorney fees.

CLASS ACTION COMPLAINT

## III.   PARTIES

14.   Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray", or referred to singly as "Defendant") is a Delaware corporation with its principal place of business at One Ocean Spray Drive, Lakeville Massachusetts.

15.   Ocean Spray is registered with the California Secretary of State to do business in California as entity number C2082649.

16.   Ocean Spray manufactures, advertises, markets, distributes, and sells the Products in California and throughout the United States.

17.   Defendant Arnold Worldwide LLC ("Arnold"), a Delaware LLC, is an advertising agency headquartered in Boston, Massachusetts. Arnold was the advertising agency responsible for Ocean Spray's advertising campaign for the Products, including the labeling statements and omissions at issue herein, during the putative Class period.

18.   Arnold is registered with the California Secretary of State to do business in California as entity number 200206010067

19.   Plaintiff Crystal Hilsley is a resident and citizen of San Diego County, California, who purchased the Products multiple times in San Diego County for personal and household consumption.

20.   Doe Defendants 1-5 are additional entities, whose identities are currently unknown, that are also legally responsible for some of the unlawful acts and omissions described herein and are therefore also liable to Plaintiff and the putative Class for injuries suffered because of those acts or omissions. The Doe Defendants may include, without limitation, advertising agencies, distributors of the Products in California, wholesale or retail sellers of the Products, or others.

## IV.   FACTUAL ALLEGATIONS

### 1. Ocean Spray Does Not Disclose That Its Products Are Artificially Flavored.

21.   The CranApple Product label shows lifelike illustrations of fresh, ripe apples and cranberries; the Product's name "CranApple" along with these representations

1 suggests to the consumer that the Product is made exclusively from and is flavored only
2 with natural fruit juices.

3     22. Further reinforcing this false representation, the Product label states that the
4 Product contains "*No ... artificial flavors*."

5     23. The CranApple Product, however, includes a chemical ingredient incorrectly
6 identified in the product's ingredient list as "malic acid."

7     24. The "malic acid" that Ocean Spray puts in its Product is not a natural
8 flavoring material; it is a synthetic chemical manufactured in a petrochemical factory from
9 petroleum feedstocks.

10     25. The Product's label therefore violates California law in a minimum of three
11 different ways.

12     26. First, because the Product contains added flavoring ingredients that simulate
13 and reinforce the Product's characterizing flavors, the front label is required by law to
14 disclose the presence of those additional flavorings rather than misleadingly suggest that
15 the Product's flavor is conferred only by natural cranberry and apple juices. Cal. Health
16 & Saf. Code §109875 *et seq*, (Sherman Law), incorporating 21 CFR 101.22.[1]

17     27. Second, the required Product ingredient list violates Federal and state law
18 because it misleadingly identifies the malic acid constituent only as a generic "malic acid"
19 instead of using the correct, specific, non-generic chemical name of the ingredient as
20 required by food labeling regulations. *See* 21 CFR 101.4(a)(1). Because Defendants use
21 a misleading and unlawful name for this ingredient, consumers have no chance to identify
22 it as a synthetic chemical or to know that the Product is artificially flavored.

23     28. Third, and even more deceptive, is the fact that the Product claims on its front

[1] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code §109875 *et seq*, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. Any act or omission that would violate an FDCA regulation will also violate California's Sherman Law. *Id*. at §110100. Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

CLASS ACTION COMPLAINT

1    label to have "*No ... artificial flavors*", even though it contains an undisclosed artificial
2    flavor made from petrochemicals.

3        29.    There is a naturally-occurring compound sometimes referred to informally as
4    malic acid.

5        30.    That isn't what Ocean Spray puts in its Product.

6        31.    Natural malic acid is identified by its proper scientific name, "l-malic acid."
7    L-malic acid is found naturally in some fruits and vegetables and provides the signature
8    characterizing flavor of apples.

9        32.    Ocean Spray, however, puts in its Products instead a synthetic manufactured
10    flavoring chemical called dl-malic acid,[2] a racemic mixture of d- and l-isomers.

11        33.    This kind of 'malic acid' is not naturally-occurring but is in fact made in
12    petrochemical plants from benzene or butane—components of gasoline and lighter fluid,
13    respectively—after an intermediate conversion to maleic anhydride through a series of
14    chemical reactions involving toxic chemical precursors and byproducts.

15    **2. California Law Requires Manufacturers to Disclose Artificial Flavors in**
16    **Food Products.**

17        34.    California and Federal law both define as an artificial flavor "any substance,
18    the function of which is to impart flavor, which is not derived from a spice, fruit or fruit
19    juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant
20    material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof."[3]

21        35.    The dl-malic acid in Ocean Spray's CranApple Product is derived from
22    petrochemicals, not from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible
23    yeast, herb, bark, bud, root, leaf or similar plant material. . . ", and it provides a
24    characterizing apple flavor. The "malic acid" that Ocean Spray puts in its Products is
25    therefore an artificial flavor under California and federal law.

26

27    [2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.
28    [3] Cal. Health & Saf. Code §109875; 21 CFR 101.22(a)(1)

CLASS ACTION COMPLAINT

36.     Both the natural and unnatural forms of malic acid are used as flavorings and are considered GRAS (generally recognized as safe) for that use. The d-malic acid form, used by Ocean Spray, however, has never been thoroughly studied for its health effects in humans despite repeated cautions from health organizations that it should be.

37.     L-malic acid was first isolated chemically from apple juice and was named for the latin word for apple, 'malum.'

38.     Both forms of malic acid give a "tart, fruity" flavor to food products.

39.     Ocean Spray uses the artificial petrochemical dl-malic acid in its Product to simulate the "tart, fruity" flavor of apples and cranberries, but pretends otherwise, improperly conflating the natural and the artificial flavorings and deceiving consumers.

40.     Because it contains an artificial flavor, federal and state law require the Product to display both front- and back-label disclosures to inform consumers that it is artificially flavored.

41.     It has neither.

42.     The label, in fact, claims the Product has *"No ... artificial flavors"*.

43.     California law, incorporating and identically mirroring U.S. Food, Drug, and Cosmetic Act regulations by reference, requires that a food's label accurately describe the food product and its characterizing flavors. *See,* 21 C.F.R. 102.5(a).

44.     Under California's Sherman Law, adopting FDA regulations as California law, a recognizable primary flavor identified on the front label of a food Product is referred to as a "characterizing flavor".

45.     California law requires that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then "such flavor shall be considered the characterizing flavor". *See* 21 C.F.R. 101.22(i).

46.     "Cranberry" and "Apple" are both primary recognizable flavors identified on the Product's front label. Both are therefore by law considered characterizing flavors.

47.     If a product's characterizing flavor is not created exclusively by the named

6

CLASS ACTION COMPLAINT

flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either natural or artificial flavorings or both. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." 21 C.F.R. 101.22(i) (3), (4).

48. A food product's label must also include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . . and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. 102.5(c).

49. Such statement must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id*.

50. The CranApple Product labels do not include any of the required label statements.

51. The Product labels therefore violate California law.

52. The CranGrape Product similarly contains and is flavored with an ingredient identified in the ingredient list as "fumaric acid."

53. This ingredient, like the malic acid ingredient in the CranApple Product described above, is artificially-synthesized. It is derived from petrochemicals, not from natural source materials, and is therefore also an artificial flavor under California law.

54. The fumaric acid ingredient, like the dl-malic acid, is synthesized from petrochemical feedstocks, either benzene or butane, also through an intermediate chemical transformation to maleic anhydride.

55. Maleic anhydride, also called 2,5-Furandione, is a common chemical precursor used in the industrial manufacture of various other chemicals and intermediaries as well as fumaric acid. It is also commonly used as a feedstock in other chemical manufacturing processes to make paints, polymeric plastic resins, industrial coatings,

CLASS ACTION COMPLAINT

1  pesticides and agricultural chemicals.[4]

2      56.    Grapes contain natural fumaric acid. Ocean Spray, however, uses a synthetic

3  fumaric acid in its CranGrape Product to simulate the flavor of grapes in the product.

4      57.    Just as the synthetic dl-malic acid simulates, resembles, and reinforces the

5  characterizing flavors for the CranApple Product, the synthetic fumaric acid simulates,

6  resembles, and reinforces the characterizing flavors for the CranGrape Product.

7      58.    Under California as well as federal law, Defendants were therefore required

8  to place prominently on both Products' front labels a notice sufficient to allow consumers

9  to understand that the Products contained artificial flavorings.

10      59.    Defendants failed to do so, deceiving consumers and violating California law.

11      60.    Accordingly, Plaintiff was unaware that the Products contained artificial

12  flavors when she purchased them.

13      61.    When purchasing the Products, Plaintiff was seeking products of particular

14  qualities, specifically products that were flavored only with the natural ingredients claimed

15  on the label and which did not contain artificial flavors.

16      62.    Plaintiff is not alone in these purchasing preferences. Forbes Magazine

17  reported that 88% of consumers polled recently indicated they would pay more for foods

18  perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to

19  Baby Boomers—say they would pay more" for such products, specifically including foods

20  with no artificial flavors.[5]

21      63.    California's Health & Safety Code states that "Any food is misbranded if it

22  bears or contains any artificial flavoring, artificial coloring, or chemical preservative,

23  unless its labeling states that fact." Cal. Health & Saf. Code §110740.

24

25  [4] Maleic anhydride, CAS No. 108-31-6; https://www.epa.gov/sites/production/files/2016-
26  09/documents/maleic-anhydride.pdf, visited August 28, 2017.
    [5] "Consumers Want Healthy Foods--And Will Pay More For Them"; Forbes Magazine,
27  February 15, 2015. https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-
    want-healthy-foods-and-will-pay-more-for-them/#4b8a6b4b75c5; visited April 7, 2017.
28

CLASS ACTION COMPLAINT

1  64. California law therefore required Defendants to place on the Products' labels
2  a notice to inform California consumers that the Products are artificially flavored.

3  65. Defendants failed to do so.

4  66. Accordingly, Ocean Spray's Products were misbranded and illegal to
5  distribute or sell in California. Cal. Health & Saf. Code §110740; §110760; §110765.

6  67. Plaintiff lost money as a result of Defendants' conduct because she purchased
7  Products that contained undisclosed and undesirable artificial flavors at a price premium.

8  68. John Compton, the Chief Executive Officer of Ocean Spray's parent
9  company, stated to investors at the Morgan Stanley Consumer & Retail Conference, "We
10 have talked extensively to consumers about this idea, and they come back and tell us the
11 number one motivation for purchase is products that claim to be all natural."

12 69. Defendants' marketing of the Products reflects this knowledge of consumers'
13 preferences for natural products -- not by making the Products only with natural
14 ingredients, but by concealing from consumers that the Products contain artificial flavors.

15 70. Defendant Arnold Worldwide, as the advertising agency responsible for
16 Ocean Spray's labeling and advertising design for the Products, is jointly responsible by
17 law for the false statements included therein.

18 **3. Ocean Spray's Competitors Label Their Products Lawfully.**

19 71. Defendant Ocean Spray not only deceives consumers but also gains an unfair
20 commercial advantage in the marketplace by labeling the Products deceptively.

21 72. Manufacturers of competing beverage products label their products lawfully.

22 73. Meadow Gold, Value Time, and Tang, for example, accurately label their
23 artificially-flavored fruit drink products as "Artificially Flavored."

24 74. Other competing manufacturers, offering products whose labels suggest just
25 as Ocean Spray's do that their products are naturally flavored, truly are made only with
26 natural ingredients.

27 75. Defendants, however, conceal the use of artificial flavoring, deceiving
28 consumers, illegally cutting costs and increasing profits, and competing unfairly and

9

CLASS ACTION COMPLAINT

1   unlawfully in the marketplace, hurting their competitors and the marketplace as well as
2   consumers.

3       76.    Defendants' conduct injures competing manufacturers that do not engage in
4   the same illegal behavior. Those manufacturers compete for market share and limited shelf
5   space, as well as for consumers' buying preferences and dollars. Ocean Spray's
6   competitors do so lawfully. Ocean Spray does not.

7       **4. Plaintiff, and the Class, Pay a Price Premium for the Misbranded Products.**

8       77.    Plaintiff purchased the Products in California during the Class Period as
9   defined herein.

10       78.    Plaintiff purchased the Products multiple times annually since 2011 at
11   various locations in California, most recently at the Ralphs Supermarket located at 125 N.
12   El Camino Real, Encinitas, California.

13       79.    The Products were purchased at the marked retail prices, typically $3.98 for
14   a 64-ounce plastic bottle and from time to time at other promotional prices.

15       80.    The most recent purchase was in late 2016.

16       81.    Plaintiff first discovered Defendants' unlawful conduct described herein in
17   late December 2016, when she learned the Products' characterizing flavors were
18   deceptively simulated and reinforced using artificial flavoring even though Defendants
19   failed to disclose that fact on the Products' labels.

20       82.    Plaintiff was deceived by and relied upon the Products' deceptive labeling,
21   and specifically Defendants' omission of the fact that the Products contained artificial
22   flavorings. Plaintiff purchased the Products believing they were naturally-flavored, based
23   on the Products' deceptive labeling and failure to disclose the artificially flavoring.

24       83.    Plaintiff, as a reasonable consumer, is not required to subject consumer food
25   products to laboratory analysis, to scrutinize the back of the label to discover that the
26   product's front label is false and misleading, or to search the label for information that
27   California law and federal regulations require be displayed prominently on the front.

28

84. Defendants, but not Plaintiff, knew or should have known that the Products' labeling was false and in violation of federal regulations and state law.

85. Because Plaintiff reasonably assumed the Products to be free of artificial flavoring, based on the Products' labels, when they were not, she did not receive the benefit of her purchases. Instead of receiving the benefit of products free of artificial flavoring, she received a Product that was unlawfully labeled to deceive the consumer into believing that it is exclusively naturally flavored and contains no artificial flavoring, in violation of federal and state labeling regulations.

86. Plaintiff would not have purchased the Product in the absence of Defendants' misrepresentations and omissions. Had Defendants not violated California law, Plaintiff would not have been injured.

87. As described above, products the consumer believes to be naturally-flavored sell at a price premium compared to products that contain artificial flavors.

88. The Products were therefore worth less than Plaintiff and other Class members paid for them; both she and the class members would not have paid as much as they did for the Products absent Defendants' false and misleading statements and omissions.

89. Plaintiff and the Class lost money as a result of Defendants' unlawful acts. Plaintiff, and each Class member, altered her or his position to their detriment and suffered loss in an amount equal to the price premium paid for the Products as falsely labeled and advertised.

90. Plaintiff intends to, desires to, and will purchase the Products again when she can do so with the assurance that Products' labels, which indicate that the Products are solely naturally-flavored, are lawful and consistent with the Products' ingredients.

## V.     DELAYED DISCOVERY

91. Plaintiff did not discover that Defendants' labeling of the Products was false and misleading until December 2016, when she learned the Products contained undisclosed artificial flavoring.

Exhibit A - Page 16

1   92.    Plaintiff is a reasonably diligent consumer who exercised reasonable diligence
2   in her purchase and consumption of the Products. Nevertheless, she would not have been
3   able to discover Defendants' deceptive practices and lacked the means to discover them
4   given that, like nearly all consumers, she relies on and is entitled to rely on the
5   manufacturer's obligation to label its products in compliance with federal regulations and
6   state law. Furthermore, Defendants' labeling practices and non-disclosures—in particular,
7   misnaming and failing to correctly identify the artificial flavor in the ingredient list, or to
8   disclose that the Products contained artificial flavoring, or to accurately identify the kind
9   of malic acid that Ocean Spray puts in the Product, impeded Plaintiff's and the Class
10  members' abilities to discover the deceptive and unlawful labeling of the Products
11  throughout the Class Period.

12  93.    Because Defendants actively concealed the illegal conduct, preventing
13  Plaintiff and the Class from discovering their violations of state law, Plaintiff and the Class
14  are entitled to delayed discovery and an extended Class Period tolling the applicable
15  statute of limitations.

16  ## VI.    RELATED PRODUCTS

17  94.    Ocean Spray manufactures and distributes additional related products that also
18  unlawfully contain these undisclosed artificial flavors.

19  95.    These related products include, among others, without limitation:
20              - Ocean Spray "100% Apple" juice drink,
21              - Ocean Spray Cranberry Juice Cocktail,
22              - Ocean Spray Wave™ Apple with White Cranberries,
23              - Ocean Spray Wave™ Berry Medley,
24              - Ocean Spray Cran Cherry,
25              - Ocean Spray Cran Pineapple,
26              - Ocean Spray Cran Pomegranate,
27              - Ocean Spray Diet Cran Pomegranate,
28              - Ocean Spray Diet Cran Cherry,

12

CLASS ACTION COMPLAINT

1               - Ocean Spray Cranberry Cherry Flavor 100% Juice.

2   96.    These related products are referred to herein as "Related Products."

3   97.    During the Class Period, Class members also purchased one or more of the
4   Related Products and incurred the same injuries as alleged herein for the Products.

5   98.    The legal violations, false advertising, and consumer and market injuries
6   resulting from Defendants' false, misleading, and unlawful advertising, marketing, and
7   labeling of the Related Products are sufficiently similar to those associated with
8   Defendants' identical conduct with respect to the Products to make it reasonable to include
9   Class members' purchases of the Related Products in this Class Action.

10   99.    Class members' purchases of Related Products are therefore included herein.

11   ## VII.    CLASS ACTION ALLEGATIONS

12   100.  Plaintiff brings this action on behalf of herself and all others similarly situated
13   (the "Class") pursuant to Cal. Civ. Proc. Code§ 382, Cal. Civ. Code§ 1781, and Cal. Bus.
14   & Prof. Code § 17203.

15   101.  The Class is defined as follows:

16          All California citizens who purchased the Products or the Related Products
17          in California on or after January 1, 2011, excluding Defendants and
18          Defendants' officers, directors, employees, agents, and affiliates, and the
19          Court and its staff.

20   102.  During the Class Period, the Products and Related Products unlawfully
21   contained the undisclosed artificial flavors d-malic acid or dl-malic acid or fumaric acid
22   and were otherwise improperly labeled. Defendants failed to label the Products and
23   Related Products to disclose the presence of artificial flavor as required by California law.

24   103.  The proposed Class meets all criteria for a class action, including numerosity,
25   typicality, superiority, and adequacy of representation; there is a well-defined community
26   of interest in questions of law and fact common to the Class.

27   104.  The proposed Class satisfies numerosity. The Products are offered for sale at
28   over two thousand supermarkets in California; the Class numbers at minimum in the tens

13

CLASS ACTION COMPLAINT

1 of thousands. Individual joinder of the class members in this action is impractical.
2 Addressing the class members' claims through this class action will benefit Class
3 members, the parties, and the courts.

4     105. The proposed Class satisfies typicality. Plaintiff's claims are typical of and
5 are not antagonistic to the claims of other Class members. Plaintiff and the class members
6 all purchased the Products or Related Products, were deceived by the false and deceptive
7 labeling, and lost money as a result.

8     106. The proposed Class satisfies superiority. A class action is superior to any
9 other means for adjudication of the Class members' claims because each class member's
10 claim is modest, based on the Product's retail purchase price which is generally under
11 $5.00. It would be impractical for individual class members to bring individual lawsuits
12 to vindicate their claims. If this action is not brought as a class action, Defendants can
13 continue to deceive consumers and violate California law with impunity.

14     107. Because Defendants' misrepresentations were made on the label of the
15 Product itself, all Class members including Plaintiff were exposed to and continue to be
16 exposed to the omissions and affirmative misrepresentations.

17     108. The proposed Class representative satisfies adequacy of representation. The
18 Plaintiff is an adequate representative of the Class as she seeks relief for the Class, her
19 interests do not conflict with the interests of the Class members, and she has no interests
20 incompatible with those of other class members. Plaintiff has retained counsel competent
21 in the prosecution of consumer fraud and class action litigation.

22     109. There is a well-defined community of interest in questions of law and fact
23 common to the Class, and these predominate over any individual questions affecting
24 individual Class members in this action.

25     110. Questions of law and fact common to Plaintiff and the Class include:
26         a.    Whether Defendants failed to disclose the presence of the
27            artificial flavoring ingredient dl-malic acid in the Products;
28         b.    Whether Defendants failed to disclose the presence of the

14

CLASS ACTION COMPLAINT

artificial flavoring ingredient fumaric acid in the Products;

c.   Whether Defendants' label statement, "No … Artificial Flavors" was a false or misleading statement of fact;

d.   Whether Defendants' labeling omissions and representations constituted false advertising under California law;

e.   Whether Defendants' conduct constituted a violation of California's Consumer Legal Remedies Act;

f.   Whether Defendants' conduct constituted a violation of California's Unfair Competition Law;

g.   Whether Defendants' label statement, "No … Artificial Flavors" was an affirmative representation of the Product's composition creating an express warranty;

h.   Whether Defendants' conduct constitutes a breach of implied warranties under California's Commercial Code;

i.   Whether Defendants' conduct violates California's Sherman Law or U.S. Food and Drug Administration labeling regulations;

j.   Whether the statute of limitations should be tolled on behalf of the Class due to Defendants' deceptive conduct in concealing the presence of artificial ingredients in its products;

k.   Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

l.   Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

111.   Class members lost money as a result of Defendants' unlawful behavior.

112.   Class members altered their position to their detriment and suffered loss in an amount equal to the price premium they paid for the Products as falsely labeled and advertised.

15

1    113.  Further, Defendants have acted on grounds applicable to the entire Class,
2    making final injunctive relief or declaratory relief appropriate for the Class as a whole.

3    114.  Class treatment is therefore appropriate for this Action.

## VIII.    CAUSES OF ACTION

### First Cause of Action: Violation of the CLRA

6    115.  Plaintiff realleges and incorporates by reference the allegations made
7    elsewhere in the Complaint as if set forth in full herein.

8    116.  The California Consumers Legal Remedies Act, Cal. Civ. Code §1750 et
9    seq., prohibits any unfair, deceptive and unlawful practices, and unconscionable
10   commercial practices in connection with the sale of any goods or services to consumers.

11   117.  Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code
12   §1761(d). The Products are a "good" as defined by Cal. Civ. Code §1761.

13   118.  Defendants' failure to label the Products in accord with federal and state
14   labeling regulations, omitting the required information that the Products contain artificial
15   flavoring, was an unfair, deceptive, unlawful and unconscionable commercial practice.

16   119.  Defendants' conduct violates the Consumer Legal Remedies Act.

17   120.  As a result of Defendants' violations, Plaintiff and the Class suffered
18   ascertainable losses in the form of the price premiums they paid for the deceptively labeled
19   and marketed Products, which they would not have paid had these Products been labeled
20   truthfully, and in the form of the reduced value of the Product purchased compared to the
21   Product as advertised.

22   121.  Pursuant to §1782 of the CLRA, Plaintiff notified Defendant Ocean Spray in
23   writing of the particular violations of §1770 of the CLRA and demanded Defendant rectify
24   the actions described above by providing monetary relief, agreeing to be bound by their
25   legal obligations, and giving notice to all affected customers of their intent to do so.
26   Plaintiff sent this notice by certified mail, return receipt requested, to Defendant Ocean
27   Spray's principal place of business more than 30 days prior to filing suit. Ocean Spray
28   declined.

16

1    122.  Defendant Arnold will be notified similarly pursuant to §1782 of the CLRA;
2    this Complaint may be amended accordingly no less than 30 days after such notification
3    is received. Until such time as this Complaint is amended to reflect such notice, only non-
4    damages-based relief is sought herein from Arnold Worldwide under the CLRA.

5    **Second Cause of Action: Violation of the UCL, Unlawful Prong**

6    123.  Plaintiff realleges and incorporates by reference each and every allegation
7    contained elsewhere in this Complaint, as if fully set forth herein.

8    124.  Section 17200 of the California Business & Professions Code ("Unfair
9    Competition Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent"
10   business practice. Section 17200 specifically prohibits any "unlawful . . . business act or
11   practice."

12   125.  The UCL borrows violations of other laws and statutes and considers those
13   violations also to constitute violations of California law.

14   126.  Defendants' practices as described herein were at all times during the Class
15   Period and continue to be unlawful under, *inter alia*, FDA regulations adopted into
16   California's Sherman Law.

17   127.  Defendants' conduct in unlawfully packaging, labeling, advertising, and
18   distributing the Product in commerce in California violated California law.

19   128.  The Products' labels fail to disclose that the Products contain synthetic
20   artificial flavoring, in violation of California's Sherman Law among others.

21   129.  The CranApple Product, for example, contains the synthetic dl-malic acid.

22   130.  The dl-malic acid is a synthetic flavoring material which creates, simulates
23   or reinforces the characterizing 'Cranberry-Apple' flavor of the Product.

24   131.  The fumaric acid is similarly a synthetic flavoring material that creates,
25   simulates or reinforces the characterizing 'Cranberry-Grape' flavor in that Product.

26   132.  The dl-malic acid in the CranApple Product is not derived from any natural
27   material as defined in the applicable state regulations and is therefore, by law, an artificial
28   flavoring.

17

CLASS ACTION COMPLAINT

133. The fumaric acid incorporated in the CranGrape Product is similarly not derived from any natural material and is also an artificial flavoring.

134. Defendants fail to inform consumers of the presence of artificial flavors in the Products and Related Products, on either the front or back-label as required by law.

135. Defendants' conduct further violates other applicable California and federal regulations as alleged herein.

136. Defendants' practices are therefore unlawful under Section 17200 et seq of the California Civil Code.

### Third Cause of Action: Violation of the UCL, Unfair Prong

137. Plaintiff realleges and incorporates by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

138. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unfair . . .business act or practice." Defendants' practices violate the Unfair Competition Law "unfair" prong as well.

139. Defendants' practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because the conduct is unethical and injurious to California citizens and the utility of the conduct to Defendants does not outweigh the gravity of the harm to consumers.

140. While Defendants' decision to label the Products deceptively and in violation of California law may have some utility to Defendants in that it allows Ocean Spray to sell the Products to consumers who otherwise would not purchase an artificially-flavored food product at the premium retail price, or at all, if it were labeled correctly, and to realize higher profit margins than if they formulated or labeled the Products lawfully, this utility is small and far outweighed by the gravity of the harm inflicted on California consumers.

141. Defendants' conduct also injures competing food product manufacturers, advertisers, and sellers, that do not engage in the same unfair and unethical behavior.

142. Moreover, Defendants' practices violate public policy expressed by specific constitutional, statutory, or regulatory provisions, including the Sherman Law, the False

18

1   Advertising Law, and the FDA regulations cited herein.

2       143.  Plaintiff's purchases and all class members' purchases of the Products all
3   took place in California.

4       144.  Defendants labeled the Products in violation of federal regulations and
5   California law requiring truth in labeling.

6       145.  Defendants failed to disclose material facts to Plaintiff and the Class in
7   Defendants' advertising and marketing of the Product.

8       146.  Defendants' conduct is unconscionable because, among other reasons, it
9   violates 21 C.F.R. 101.22(c), which requires all foods containing artificial flavoring to
10  include:

11          A statement of artificial flavoring . . . [which] shall be placed on the food or
12          on its container or wrapper, or on any two or all three of these, as may be
13          necessary to render such a statement likely to be read by the ordinary person
14          under customary conditions of purchase and use of such food.

15      147.  Defendants' conduct is also "unconscionable" because it violates, inter alia,
16  21 C.F.R. 101.22, which requires all food products for which artificial flavoring provides
17  a characterizing flavor to disclose this fact prominently on the product's front label.

18      148.  Defendants intended that Plaintiff and the Class rely on Defendants' acts and
19  omissions to induce them to purchase the Products.

20      149.  Had Defendants disclosed all material information regarding the Products,
21  Plaintiff and the Class would not have purchased the Products or would only have been
22  willing to pay less for the Products than they did.

23      150.  Plaintiff suffered injury in fact and lost money or property as a result of
24  Defendants' deceptive advertising:  she was denied the benefit of the bargain when she
25  purchased the Products based on Defendants' violation of the applicable laws and
26  regulations, and purchased the Products in favor of competitors' products, which are less
27  expensive, contain no artificial flavoring, or are lawfully labeled.

28      151.  Defendants' acts, omissions and practices detailed herein proximately caused

19

CLASS ACTION COMPLAINT

1 Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter*
2 *alia*, the price premium of monies spent to purchase the Products they otherwise would
3 not have, and they are entitled to recover such damages, together with appropriate
4 penalties, including restitution, damages, attorneys' fees and costs of suit.

5     152. Section 17200 also prohibits any "unfair, deceptive, untrue or misleading
6 advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive,
7 untrue and misleading advertising in violation of California Business & Professions Code
8 §17200.

9     153. Pursuant to California Business & Professions Code §17203, Plaintiff seeks
10 an order requiring Defendants to immediately cease such acts of unlawful, unfair and
11 fraudulent business practices and requiring Defendants to return to the Class the amount
12 of money improperly collected.

13     **Fourth Cause of Action:  Violation of False Advertising Law**

14     154. Plaintiff realleges and incorporates by reference each and every allegation
15 contained elsewhere in this Complaint as if fully set forth herein.

16     155. Ocean Spray made and distributed, in California and in interstate commerce,
17 Products that unlawfully fail to disclose the presence of artificial flavoring as required by
18 federal and state food-labeling regulations.

19     156. Arnold designed, approved, or contributed to the design of the Products'
20 labels which falsely advertised the Products.

21     157. The Products' labeling and advertising portrays the Products as if they were
22 solely naturally-flavored, and in addition falsely claims that the Products contain "No ...
23 Artificial Flavors."

24     158. Under California's False Advertising Law, Business and Professions Code
25 §17500 *et seq*,

26       "It is unlawful for any person, firm, corporation or association, or any employee
27       thereof with intent directly or indirectly to dispose of real or personal property ...
28       to make or disseminate or cause to be made or disseminated before the public in

1    this state, or to make or disseminate or cause to be made or disseminated from this
2    state before the public in any state, in any newspaper or other publication, or any
3    advertising device . . . any statement, concerning that real or personal property . . .
4    which is untrue or misleading, and which is known, or which by the exercise of
5    reasonable care should be known, to be untrue or misleading. . . ." Cal. Bus. & Prof.
6    Code §1.7500

7         159.   Defendants' labeling and advertising statements on the Products' labels and
8    in advertising and marketing materials are "advertising device[s]" under the FAL.

9         160.   Defendants' labeling and advertising statements, which communicated to
10   consumers that the Products contain "No ... Artificial Flavors" and concealed the fact that
11   they contain a synthetic artificial flavor, were untrue and misleading, and Defendants
12   knew or at a minimum by the exercise of reasonable care should have known those actions
13   were false or misleading.

14         161.   Defendants' conduct violated California's False Advertising Law.

15         **Fifth Cause of Action: Breach of Express Warranty, Ocean Spray**

16         162.   Plaintiff realleges and incorporates by reference the allegations found
17   elsewhere in the Complaint as if set forth in full herein.

18         163.   The Products' labels warrant that those products contain "No ... Artificial
19   Flavors."

20         164.   The Products' front label representations also misleadingly suggest that the
21   Products are flavored only with natural fruits such as apples, cranberries, and grapes, with
22   no artificial flavors.

23         165.   These promises became part of the basis of the bargain between the parties
24   and thus constituted an express warranty, which Ocean Spray breached:  the Products are
25   artificially flavored.

26         166.   Ocean Spray sold the goods to Plaintiff and the other Class members who
27   bought the goods from Ocean Spray.

28         167.   Plaintiff and the Class did not receive goods as warranted by Defendant.

1    168. Within a reasonable amount of time after Plaintiff discovered that the
2  Products contained synthetic flavorings, Plaintiff notified Ocean Spray of such breach.

3    169. As a proximate result of this breach of warranty by Ocean Spray, Plaintiff
4  and the Class have been damaged in an amount to be determined at trial.

5    **Sixth Cause of Action:  Breach of Implied Warranty, Ocean Spray**

6    170. Plaintiff realleges and incorporates the allegations made elsewhere in the
7  Complaint as if set forth in full herein.

8    171. Ocean Spray's label representations also created statutory implied warranties
9  under California law that the Products were suitable for a particular purpose, specifically
10  as naturally-flavored food products. Ocean Spray breached these warranties as well.

11    172. The Products' front labels misleadingly imply that the Products are flavored
12  only with natural ingredients comprising the characterizing flavors.

13    173. As alleged in detail above, at the time of purchase Ocean Spray had reason
14  to know that Plaintiff, as well as all members of the Class, intended to use the Products as
15  naturally-flavored food products.

16    174. This became part of the basis of the bargain between the parties.

17    175. Based on that implied warranty, Ocean Spray sold the goods to Plaintiff and
18  other Class members who bought the goods from Defendant.

19    176. At the time of purchase, Ocean Spray knew or had reason to know that
20  Plaintiff and the Class members were relying on Defendants' skill and judgment to select
21  or furnish a product that was suitable for this particular purpose, and Plaintiff and the Class
22  justifiably relied on Defendants' skill and judgment.

23    177. Because of the multiple California statutory violations alleged herein, the
24  Products were not suitable for this purpose.

25    178. Plaintiff purchased the Products believing they had the qualities Plaintiff
26  sought, based on the deceptive advertising and labeling, but the Products were actually
27  unsatisfactory to Plaintiff for the reasons described herein.

28

CLASS ACTION COMPLAINT

1   179.   The Products were not merchantable in California, as they were not of the
2   same quality as other products in the category generally acceptable in the trade.

3   180.   The Products would not pass without objection in the trade when packaged
4   with the existing labels, because the Products were misbranded and illegal to sell in
5   California. Cal. Comm. Code 2314(2)(a).

6   181.   The Products also were not acceptable commercially and breached the
7   statutory implied warranty because they were not adequately packaged and labeled as
8   required. Cal. Comm. Code 2314(2)(e).

9   182.   The Products also were not acceptable commercially and breached the
10   statutory implied warranty because they did not conform to the promises or affirmations
11   of fact made on the container or label, Cal. Comm. Code 2314(2)(f), and other grounds as
12   set forth in Commercial Code section 2314(2).

13   183.   By offering the Products for sale and distributing the Products in California,
14   Ocean Spray also warranted that the Products were not misbranded and were legal to
15   purchase in California. Because the Products were misbranded in several regards and were
16   therefore illegal to sell or offer for sale in California, Ocean Spray breached this warranty
17   as well.

18   184.   As a result of this breach, Plaintiff and the other California consumers in the
19   Class did not receive goods as impliedly warranted by Defendant.

20   185.   Within a reasonable amount of time after the Plaintiff discovered that the
21   Products breached these warranties, Plaintiff notified the Ocean Spray of such breach.

22   186.   As a proximate result of this breach of warranty, Plaintiff and other California
23   consumers have been damaged in an amount to be determined at trial.

24   187.   As a result, Plaintiff, and the Class, are entitled to injunctive and equitable
25   relief, restitution, and an order for the disgorgement of the funds by which Ocean Spray
26   was unjustly enriched.

27

28

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated in California, prays for judgment against Defendants as follows:

A.   An order confirming that this action is properly maintainable as a class action as defined above, appointing Plaintiff and her undersigned counsel to represent the Class, and requiring Defendants to bear the cost of class notice;

B.   An order declaring that the conduct complained of herein violates the CLRA;

C.   An order declaring that the conduct complained of herein violates the UCL;

D.   An order declaring that the conduct complained of herein violates the FAL;

E.   An order declaring that the conduct complained of herein breached express warranties, implied warranties, or both;

F.   An order requiring Defendants to disgorge any benefits received from Plaintiff and any unjust enrichment realized as a result of the improper and misleading labeling, advertising, and marketing of the Products;

G.   An order requiring Defendants to pay restitution and damages to Plaintiff and Class members so that they may be restored any money which was acquired by means of any unfair, deceptive, unconscionable or negligent acts;

H.   An award of punitive damages in an amount to be proven at trial;

I.   An order enjoining Defendants' deceptive and unfair practices;

J.   An order requiring Defendants to conduct corrective advertising;

K.   An award of pre-judgment and post-judgment interest;

L.   An award of attorney fees and costs; and

M.   Such other and further relief as this Court may deem just, equitable, or proper.

## X. JURY DEMAND

Plaintiff demands a trial by jury on all claims for damages. Plaintiff does not seek a jury trial for claims sounding in equity.

DATED: September 15, 2017

Respectfully Submitted,

/s/ David Elliot

**THE ELLIOT LAW FIRM**
DAVID ELLIOT (270381)
3200 Fourth Avenue, Suite 207
San Diego, CA 92103
Telephone: (619) 468-4865

*Counsel for Plaintiff*

25

## Venue Affidavit

I, Crystal Hilsley, declare as follows:

1. I am a Plaintiff in this action. I make this affidavit pursuant to California Civil Code Section 1780(d).

2. The Complaint in this action is filed in a proper place for the trial of this action because at least one named defendant is doing business in this county, and transactions at the basis of this complaint occurred in this county.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Dated: _____, 2017      _____

Crystal Hilsley

Venue Affidavit

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| **STREET ADDRESS:** | 330 W Broadway |
| **MAILING ADDRESS:** | 330 W Broadway |
| **CITY AND ZIP CODE:** | San Diego, CA 92101-3827 |
| **BRANCH NAME:** | Central |
| **TELEPHONE NUMBER:** | (619) 450-7069 |

**PLAINTIFF(S) / PETITIONER(S):** Crystal Hilsley

**DEFENDANT(S) / RESPONDENT(S):** Ocean Spray Cranberries Inc et.al.

**CRYSTAL HILSLEY VS OCEAN SPRAY CRANBERRIES INC (E-FILE)**

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | **CASE NUMBER:** 37-2017-00034868-CU-BT-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Katherine Bacal          Department: C-69

**COMPLAINT/PETITION FILED: 09/19/2017**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/20/2018 | 09:30 am | C-69 | Katherine Bacal |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Exhibit A - Page 32



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2017-00034868-CU-BT-CTL       CASE TITLE: Crystal Hilsley vs Ocean Spray Cranberries Inc [E-File]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit A - Page 33

. . . . .

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

### Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

### Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit A - Page 34

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central

PLAINTIFF(S): Crystal Hilsley

DEFENDANT(S): Ocean Spray Cranberries Inc et.al.

SHORT TITLE: CRYSTAL HILSLEY VS OCEAN SPRAY CRANBERRIES INC [E-FILE]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2017-00034868-CU-BT-CTL |
|---|---|

Judge: Katherine Bacal    Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)

☐ Mediation (private)

☐ Voluntary settlement conference (private)

☐ Neutral evaluation (private)

☐ Non-binding private arbitration

☐ Binding private arbitration

☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____                       _____
Name of Plaintiff                      Name of Defendant

_____                       _____
Signature                             Signature

_____                       _____
Name of Plaintiff's Attorney           Name of Defendant's Attorney

_____                       _____
Signature                             Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 09/20/2017                                    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION    Page: 1