UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC., and ARNOLD WORLDWIDE LLC,<br><br>Defendant. | Case No.: 17-cv-2335-GPC-MDD<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>**[ECF NO. 19]** |

Before the Court is Plaintiff's Motion to Compel further responses to four Interrogatories and eight Requests for Production, filed on August 11, 2018. (ECF No. 19). Defendant Ocean Spray Cranberries, Inc., responded in opposition on August 20, 2018. (ECF No. 25). As follows, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART.**

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is


2

17-cv-2335-GPC-MDD

not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## **DISCUSSION**

Interrogatories 3 and 4

Plaintiff asks Defendant to identify the number of units (Interrogatory 3) and total sales (Interrogatory 4) of the involved products sold in California during the class period by calendar year. Defendant provided no response to Interrogatory 3 on the grounds that it does not engage in retail sales and its wholesale sales are irrelevant. Regarding Interrogatory 4, Defendant objected but responded that it shipments of products to distribution centers in California exceeded $5 million during the relevant period.

The Court finds that the volume of products shipped to distribution centers in California, during the relevant period, and the revenue derived from those sales, even though limited to wholesale distributions and sales, is relevant and must be produced. Wholesalers cannot be immune from consumer class actions merely because they are wholesalers. Plaintiff must be given the opportunity to propose a damages model for the class and these wholesale numbers may provide a basis for an acceptable approximation. *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1187 n. 9 (9th Cir. 2017). Defendant's attempt to distinguish *Lambert* because that plaintiff was seeking a full replacement value, is unavailing. Plaintiff may be able to use the wholesale numbers to determine whether a premium is being paid based upon the alleged misrepresentations. Defendant's objections are **OVERRULED**.

Requests for Production 25-31

In these RFPs, Plaintiff asks Defendant to produce pricing data compiled by two services, IRI and Nielsen, to which Defendant apparently subscribes. Defendant asserts that although it possesses this data, it is contractually obligated to protect the data from disclosure. Defendant asserts that it has sought permission from the vendors to disclose as much as it can. There is no relevance challenge.

There is a Protective Order in this case. (ECF No. 16). It does not address information in the possession of a party subject to other non-disclosure obligations. The Court is of the view that the Protective Order is sufficient to protect the interests of these third parties, but is wary of compelling Defendant to breach a contract. It is not known whether the contract contains a provision allowing disclosure pursuant to an order of a court and subject to a protective order. If it does, Defendant must produce the information. If it does not, Defendant must advise the third parties that the Court intends to order disclosure, pursuant to the Protective Order, absent a motion for protection from the third parties. Defendant's objections are **OVERRULED.**

Request for Production 32

In this RFP, Plaintiff asks Defendant to produce documents and communications regarding Defendant's "pricing strategies for the Products." Defendant asserts that this RFP is too vague to be enforceable and not relevant because Defendant only sells to wholesalers. The Court agrees that the RFP is too vague for enforcement. As discussed earlier, although there may be relevance to the sales revenue received by Defendant for wholesale sales on products delivered to distribution centers in California, the Court is not convinced that Defendant's "pricing strategy," whatever that means, also

4

is relevant.  Defendant's objections to this RFP are **SUSTAINED.**

## CONCLUSION

Defendant is **ORDERED:**

1. To fully respond to Interrogatories 3 and 4 consistent with this Order, within 14 days.

2. To produce the requested data from the IRI and Nielsen services within 14 days of this Order, except that:  Defendant must serve this Order upon IRI and Nielsen promptly and file a notice of service in the docket;  IRI and Nielsen each have 14 days to file motions for protective orders with this Court from the date of service.  The filing of the certificate of service will stay Defendant's obligation to provide responsive data until the time for IRI and/or Nielsen file motions for protective orders is expired, or until such motions, if filed, are resolved, whichever is earlier.  IRI and Nielsen are encouraged to meet and confer with Plaintiff and determine whether the matter can be resolved without resort to litigation.

Dated:   September 20, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge