UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC.; ARNOLD WORLDWIDE LLC; and DOES defendants 1 through 5, inclusive,<br><br>Defendants. | Case No.: 17cv2335-GPC(MDD)<br><br>**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING ON MOTION FOR CLASS CERTIFICATION** |

Pending before the Court is a fully briefed motion for class certification. (Dkt. Nos. 23, 30, 35.) Based on the parties' insufficient briefing on the issue of damages as to Dr. Belch's survey, the Court DIRECTS the parties to file supplemental briefing on whether Plaintiff's proposed Price Premium damages theory satisfies Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013).

Plaintiff claims that damages can be calculated on a class wide basis by showing the price premium or the premium amount that consumers are willing to pay for Ocean Spray's "No artificial flavors" labeling claims. Defendants merely challenge Dr. Belch's methodology and not the Price Premium damages model.

Under Comcast, Plaintiff must present a damages model that is consistent with her liability case, and the court "must conduct a rigorous analysis to determine whether that is so." Comcast Corp., 133 S. Ct. at 1433 (internal quotation marks omitted). Plaintiff "must be able to show that [his] damages stemmed from the defendant's actions that created the legal liability." Leyva v. Medline Indus., Inc., 716 F.3d 510, 514 (9th Cir. 2013). "Calculations need not be exact." Comcast, 133 S. Ct. at 1433. While a plaintiff must present the likely method for determining class damages, "it is not necessary to show that [this] method will work with certainty at this time." Chavez v. Blue Sky Natural Beverage Co., 268 F.R.D. 365, 379 (N.D. Cal. 2010). Comcast demands that Plaintiff demonstrates, with evidence, that there is a class-wide method of determining damages that is consistent with her theory of liability. See Comcast Corp., 133 S. Ct. at 1433.

Damages under the UCL[1], FAL[2], and the CLRA[3] provide for restitution. Colgan v. Leatherman Toll Grp., 135 Cal. App. 4th 663, 694 (2006). Restitution restores the status quo "by returning return to the plaintiff funds he or she had an ownership interest." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1149 (2003). "The proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received." Werdebaugh v. Blue Diamond Growers, Case No. 12cv2724-LHK, 2014 WL 2191901, at *22 (N.D. Cal. May 23, 2014). "The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution." In re Vioxx Class Cases, 180 Cal. App. 4th 116, 131 (2009) (citation omitted); Werdebaugh, 2014 WL 2191901, at *22 ("Restitution can . . . be determined by taking the difference

---

[1] Cal. Bus. & Prof. Code § 17203.
[2] Cal. Bus. & Prof. Code § 17535.
[3] Cal. Civ. Code § 1780(a)(3).

2

between the market price actually paid by consumers and the true market price that reflects the impact of the unlawful, unfair, or fraudulent business practices.").

Dr. George E. Belch, Plaintiff's expert, conducted a multi-part consumer survey that focused on Defendants' misleading labels and derived a damages model determining how much the allegedly mislabeled Products would have been worth if they had been labeled correctly. (Dkt. No. 23-20, Dr. Belch's Expert Report at ¶¶ 10-38.) In her brief, Plaintiff provides a simple and straightforward analysis on her proposed damages model arguing that Dr. Belch's survey controlled for other market variables and derived a damages model "addressing how much the allegedly mislabeled Products would have been worth to consumers if they had been labeled accurately." (Dkt. No. 23-1 at 28.) In support, Plaintiffs cites to In re ConAgra Foods, Inc., 90 F. Supp. 3d 919, 1023-32 (C.D. Cal. 2015) and Guido v. L'Oreal, USA, Inc., Nos. 11cv1067-CAS(JCx), 11cv5465-CAS(JDx), 2014 WL 6603730, at 11-12 (July 24, 2014). Both cases address complex damages analyses under the Random Coefficient Demand Estimation ("RCDE"), conjoint and/or regression theories in order to determine whether rescission damages based on false advertising satisfied Comcast.

Plaintiff, in her brief, and her expert, Dr. Belch, do not explain which of these theories she relies on to support her damages claim. Based on the Court's review, it appears that the conjoint theory applies; however, a thorough analysis of whether Dr. Belch's survey complies with this theory is not provided. See e.g., Hadley v. Kellogg Sales Co., 324 F. Supp. 3d 1084 (N.D. Cal. 2018); Zakaria v. Gerber Prods. Co., Case No. LA CV 15-200 JAK(Ex), 2016 WL 6662723, at *14-16 (C.D. Cal. Mar. 23, 2016); In re NJOY, Inc. Consumer Class Action Litig., 120 F. Supp. 3d 1050, 1118 (C.D. Cal. 2015).

Accordingly, the Court DIRECTS Plaintiff to file a supplemental brief and a supplemental declaration as to whether the conjoint or any other analyses applies to Dr. Belch's survey analysis on or before **October 26, 2018**. Defendants shall file a response

on or before **November 2, 2018**. The hearing set for October 19, 2018 shall be continued to **November 9, 2018 at 1:30 p.m**. in Courtroom 2D.

IT IS SO ORDERED.

Dated: October 18, 2018

Hon. Gonzalo P. Curiel
United States District Judge