**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OCEAN SPRAY CRANBERRIES, INC.; ARNOLD WORLDWIDE LLC, and Doe defendants 1 through 5, inclusive,<br><br>Defendants. | Case No. 3:17-CV-2335-GPC-MDD<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND TO APPOINT CLASS COUNSEL**<br><br>Date: November 9, 2018<br>Time: 1:30 p.m.<br>Ctrm: 2D<br>Judge: Hon. Gonzalo P. Curiel<br><br>**REDACTED FOR PUBLIC VIEW** |

## I. INTRODUCTION

Pursuant to the Court's Order dated October 18, 2018 (Dkt. No. 68), Plaintiff Crystal Hilsley ("Plaintiff") respectfully submits this Supplement Brief in Support of her Motion for Class Certification and to Appoint Class Counsel. In its October 18, 2018 Order, the Court directed the Parties to file supplemental briefing on the issue of whether "the conjoint or any other analyses applies to Dr. Belch's survey analysis." (Dkt. No. 68 at 3). As further discussed below, Dr. Belch applied a contingent valuation analysis, which is a reliable survey methodology for calculating damages on a class wide basis. Accordingly, Plaintiff's Motion for Class Certification and to Appoint Class Counsel should be granted.

## II. DR. BELCH APPLIED A CONTINGENT VALUATION ANALYSIS, WHICH IS A RELIABLE SURVEY METHODOLOGY

In support of Plaintiff's Motion for Class Certification, Plaintiff submitted the expert report of Dr. George E. Belch. (*See* Declaration of Dr. George E. Belch in Support of Plaintiff's Motion for Class Certification and to Appoint Class Counsel ("Belch Decl."), Dkt. No. 23-20). Dr. Belch is a professor of marketing at San Diego State University who has extensive experience in consumer survey research. (Belch Decl., ¶¶ 1-5). Dr. Belch conducted a multi-part online survey to sample consumers residing in California who have purchased Ocean Spray Cranberry juices, including various flavors such as Cran-Apple and Cran-Grape. (Belch Decl., ¶ 12). A control version of the survey included the standard labeling used for the Ocean Spray Cran-Apple and Cran-Grape products that include the disputed "No artificial flavors" labeling claim. (Belch Decl., ¶ 13). The survey also showed representative consumers modified versions of the Ocean Spray product labels that included the words "Artificially Flavored." (Belch Decl., ¶ 13). The modified product labeling included no disputed labeling claims, including "No High Fructose Corn Syrup or Artificial Colors." (Belch Decl., ¶ 13). Dr. Belch concluded that "[t]he inclusion of information on the label of Ocean Spray Cranberry juice products stating that they

-1-

have no artificial flavors or are artificially flavored affects consumer evaluations of the product and likelihood of purchase" and "[c]onsumers who see Ocean Spray Cranberry juice product labels stating the product has no artificial flavors evaluate it more favorably on important product attributes such as nutritional value, healthiness, and having natural ingredients compared to those who see labels disclosing that the product is artificially flavored." (Belch Decl., ¶ 35). Dr. Belch also concluded that "[t]he majority of consumers made aware of the use of artificial flavors on the package label of Ocean Spray Cranberry juice products are willing to pay less than an average reference price for the product" and "[c]onsumers would be likely to pay 61 cents *less* on average if they were aware of the use of artificial flavors in Ocean Spray Cranberry juice products." (Belch Decl., ¶¶ 36-38). Dr. Belch's survey results for both the control and test versions of the label were statistically significant. (Belch Decl., ¶ 25).

Dr. Belch's survey was based on the contingent valuation methodology. (*See* Supplemental Declaration of Dr. George E. Belch filed concurrently herewith ("Belch Supp. Decl."), ¶ 5). "Contingent valuation is a survey based method of estimating the value that a consumer places on an item by varying its features and having them directly report what they are willing to pay for it." (Belch Supp. Decl., ¶ 5). The contingent valuation methodology "provides an approach to measuring what a reasonable consumer would have paid for the Ocean Spray Cranberry juice products if they were aware of the use of artificial flavors in them." (Belch Supp. Decl., ¶ 5). The "contingent valuation method is essentially asking survey respondents to consider a hypothetical scenario and they are then asked to consider new information to help them make a purchase decisions." (Belch Supp. Decl., ¶ 6). Here, Dr. Belch presented survey respondents with the following hypothetical scenario: "*The label states that Ocean Spray Cran-Apple/Cran-Grape juice has no artificial flavors. If Ocean Spray Cran-Apple/Cran-Grape juice was artificially flavored, would this have an influence on the price you would be willing to pay for*

*this product?*" (Belch Supp. Decl., ¶ 6). "If respondents answered yes to this question, they were asked how this information would influence the price they would be willing to pay by indicating whether they would be willing to pay more, would be willing to pay less or would not purchase it. Respondents who indicated they would be willing to pay less or more were then asked how much less/more on a scale ranging from zero to 99 cents." (Belch Supp. Decl., ¶ 6). "The results of the survey based on the contingent valuation method found that consumers would be likely to pay an average of 61 cents less for the Ocean Spray Cranberry juice products" and "[t]his number could be extrapolated to the entire class and provides the basis for an economic damages model." (Belch Supp. Decl., ¶ 5).

A contingent valuation analysis, as applied by Dr. Belch, is a reliable survey methodology that has been accepted by numerous courts. For example, in *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prod. Liab. Litig.*, No. MDL 10-02172-CJC, 2012 WL 4904412, at *1 (C.D. Cal. Sept. 20, 2012) ["*Toyota*"], the plaintiffs' expert, Dr. Williams, utilized a contingent valuation analysis "to estimate how much lower the price of the Subject Vehicles would have been had Toyota publicly revealed the alleged defect prior to purchase." *Id.* A similar analysis was utilized by Dr. Belch, who determined how much lower the price of the Ocean Spray products would have been had Ocean Spray disclosed its alleged use of artificial flavoring ingredients. (Belch Supp. Decl., ¶¶ 5-6). The *Toyota* court concluded that "Dr. Williams' proposed methods of analysis, i.e. hedonic regression, *contingent valuation*, and discrete choice, are generally accepted, have been tested, and are part of peer-reviewed studies." *Toyota,* 2012 WL 4904412, at *4 (emphasis added). Moreover, the *Toyota* court noted that "Toyota's arguments as to the efficacy or applicability of these methods to the facts of this case are better suited for cross-examination and closing argument" and "Toyota's criticisms certainly do not justify excluding Dr. Williams' testimony and report from the Court's consideration of

1  Plaintiffs' motion for class certification." *Id.* The same is true here— Ocean Spray's
2  criticisms of Dr. Belch's methodology are better suited for the trial stage.
3     The court in *Miller v. Fuhu Inc.*, No. 2:14-CV-06119-CAS-AS, 2015 WL
4  7776794, at *21 (C.D. Cal. Dec. 1, 2015) ["*Miller*"] also noted that "numerous
5  courts… have accepted [contingent valuation] as [a] reliable methodology[] for
6  calculating price premiums on a classwide basis in consumer class actions." (citing
7  *Toyota*, 2012 WL 4904412, at *3-4; *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397,
8  413-15 (S.D. N.Y. 2015)). The *Miller* court held that "at least in theory, plaintiff's
9  proposal to use *either* [choice based conjoint analysis] and/or [a contingent valuation
10 method] to measure damages in this action is sound." *Id.* at *21. The *Miller* court,
11 however, denied class certification because the plaintiff's damages expert did not
12 actually conduct a contingent valuation survey prior to class certification. *Id.* at *22.
13 This concern is not present in this case because Dr. Belch has completed his survey
14 and has concluded that consumers would be likely to pay an average of 61 cents less
15 for the Ocean Spray Cranberry juice products. (Belch Supp. Decl., ¶ 1-5).
16    This case is therefore akin to *Dzielak v. Whirlpool Corp.*, No.
17 CV2120089KMJBC, 2017 WL 1034197, at *16-18 (D. N.J. Mar. 17, 2017)
18 ["*Dzielak*"] where the court accepted a contingent valuation analysis as a valid
19 survey methodology. The *Dzielak* court found that "[c]ourts have accepted
20 [contingent valuation] as a sufficiently reliable basis to estimate the economic
21 impact of alleged product defects or labeling misrepresentations in consumer class
22 actions." *Id.* at *17.  The *Dzielak* court also distinguished *Miller* by holding that the
23 expert's "opinions are based on a fully completed contingent valuation survey and
24 data analysis, both of which are described in detail in his expert report" and "[t]he
25 concerns raised in *Miller* are not present in our case." *Id.* at *18.  The same is true
26 here because Dr. Belch has completed his contingent valuation survey and fully
27 described his methodology. (Belch Supp. Decl., ¶¶ 1-5). This Court should find that
28 Dr. Belch's contingent valuation analysis is sufficient at the class certification stage.

1  *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, 551 (E.D.N.Y. 2017) ("Both [the contingent valuation and conjoint analysis] techniques are adequate for proving classwide causation at the certification stage, and have previously been approved in consumer class actions as reliable methodologies available for calculating the price premium attributable to a product characteristic.").

### III. DEFENDANT'S ATTACKS ON DR. BELCH'S METHODOLOGY ARE WITHOUT MERIT AT THE CLASS CERTIFICATION STAGE

Ocean Spray merely argues that Dr. Belch's survey "asked the wrong questions." (Dkt. No. 10 at 17-18). It should be noted, however, that Ocean Spray has failed to retain a survey expert to rebut Dr. Belch's findings. Ocean Spray's arguments can be characterized as unsupported, non-expert speculation. Dr. Belch's survey is consistent with Plaintiff's theory of the case that Ocean Spray has failed to prominently label its products as "Artificially Flavored" on the front display panel as is required by law. (Compl., ¶¶ 47, 49). Because Dr. Belch's survey is consistent with Plaintiff's theory of liability, it should be accepted by this Court. *See Martin Schneider, et al. v. Chipotle Mexican Grill, Inc.*, No. 16-CV-02200-HSG, 2018 WL 4700353, at *15 (N.D. Cal. Sept. 29, 2018). Moreover, Ocean Spray's challenges to Dr. Belch's survey go to the weight of Dr. Belch's opinions, rather than to the admissibility of Dr. Belch's report. *See Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1263 (9th Cir. 2001) (after deeming a survey admissible, "follow-on issues of methodology, survey design, reliability, the experience and reputation of the expert, critique of conclusions, and the like go to the weight of the survey rather than its admissibility"). Accordingly, the Court should find that Ocean Spray's arguments with respect to Dr. Belch's survey are without merit at the class certification stage.

### IV. DAMAGES CAN BE CALCULATED ON A CLASS WIDE BASIS

Since the filing of Plaintiff's Motion for Class Certification, Ocean Spray has produced sales data showing its wholesale sales to distributors in California during

the class period. (*See* Supplemental Declaration of Ronald A. Marron in Support of Plaintiff's Motion for Class Certification and to Appoint Class Counsel filed concurrently herewith ("Marron Supp. Decl."), ¶ 3 & Ex. 1).[1] This information was provided to Plaintiff pursuant to Magistrate Judge Dembin's September 20, 2018 Order on Plaintiff's Motion to Compel Discovery. (Dkt. No. 34). Ocean Spray wholesale information provide a sufficient basis for calculating damages on a class wide basis. *See Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1183 n.9 (9th Cir. 2017).

Ocean Spray's sales information and Dr. Belch's expert report has been provided to Plaintiff's economics expert, Dr. Alan Goedde. (*See* Supplemental Declaration of Dr. Alan Goedde filed concurrently herewith ("Goedde Supp. Decl."), ¶¶ 18, 22). Dr. Goedde previously conducted a comparison survey of the artificially flavored juice products compared to naturally flavored juice products and found that there is a 20% premium attributable to natural flavoring ingredients. (Dkt. No. 23-21; Goedde Supp. Decl., ¶¶ 11-19). This finding is consistent with Dr. Belch's survey, which attributes a 19% premium to the Ocean Spray Products based on the "No artificial flavors" labeling statement. (Goedde Decl., ¶¶ 5, 19). Ocean Spray's wholesale sales have been adjusted by Dr. Goedde to account for the retail value of the products by multiplying the Ocean Spray's wholesale unit sales by the standard retail price. (Goedde Supp. Decl., ¶ 22). Dr. Goedde has determined that by applying a $3.25 standard retail price to Ocean Spray's wholesale unit sales in the state of California yields estimated retail sales from 2011-2017 of ■■■■. (Goedde Decl., ¶ 22). Dr. Goedde has applied the price premium that was determined through Dr. Belch's survey (19%) and has concluded that restitution damages in this

---

[1] Plaintiff is also seeking detailed retail level sales information from the Nielsen Company. On October 4, 2018, Nielsen filed a Motion for a Protective Order to prevent disclosure of this information (Dkt. No. 51), which is currently pending before Magistrate Judge Dembin.

1 action would total ▮▮▮▮▮▮▮. (Goedde Decl., ¶ 23). Alternatively, restitution
2 damages in this action would total ▮▮▮▮▮▮▮ by applying the 20% price premium
3 that was determined through Dr. Goedde's comparison survey, which is also
4 consistent with the findings in Dr. Belch's contingent valuation survey. (Goedde
5 Supp. Decl., ¶ 23).  Plaintiff has thus provided a viable damages model for
6 calculating restitution damages on a class-wide basis. *See Comcast Corp. v.*
7 *Behrend*, 133 S. Ct. 1426, 1433 (2013) ("calculations need not be exact"); *Lambert*,
8 870 F.3d at 1183 ("Class wide damages calculations under the UCL, FAL, and
9 CLRA are particularly forgiving.").  Accordingly, Plaintiff's Motion for class
10 certification should be granted.

11 **V.    CONCLUSION**
12     For the foregoing reasons, Plaintiff's Motion for Class Certification and to
13 Appoint Class Counsel should be granted.

15  Dated:    October 26, 2018          Respectfully submitted,

16                                      /s/ *Ronald A. Marron*
17                                         RONALD A. MARRON

18                                      **LAW OFFICES OF RONALD A.**
19                                      **MARRON, APLC**
20                                      RONALD A. MARRON
                                        MICHAEL HOUCHIN
21                                      651 Arroyo Drive
22                                      San Diego, California 92103
                                        Telephone: (619) 696-9006
23                                      Facsimile: (619) 564-6665

25                                      **LAW OFFICE OF DAVID ELLIOT**
                                        DAVID ELLIOT (SBN 270381)
26                                      *davidelliot@elliotlawfirm.com*
27                                      2028 3rd Avenue
                                        San Diego, CA 92101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (858) 228-7997
***Attorneys for Plaintiff and the Proposed Class***

-8-

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, Case No. 3:17-CV-2335
SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND TO APPOINT CLASS COUNSEL