UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC., and ARNOLD WORLDWIDE LLC,<br><br>Defendant. | Case No.: 17-cv-2335-GPC-MDD<br><br>**ORDER ON NON-PARTY NIELSEN COMPANY LLC'S MOTION FOR PROTECTIVE ORDER**<br><br>**[ECF NO. 51]** |

## BACKGROUND

Before the Court is non-party Nielsen Company LLC's ("Nielsen") Motion for Protective Order. In an earlier discovery dispute, Plaintiff requested that the Court order Defendant to ask for permission to produce the data it licenses from Nielsen. (ECF No. 25 at 6). In response, Defendant argued that while they had requested permission to produce data, at the time of the dispute, no permission had been granted. (*Id.* at 5). Defendant did not challenge the relevance of the information sought, but rather argued that it

1

should not be forced to breach its contract with Nielsen. (*Id.* at 6). In resolving the dispute, the Court was reluctant to order that Defendant violate the terms of its contract with Nielsen. (ECF No. 34 at 4). Nielsen was given two weeks to seek a protective order, which it did on October 4, 2018. (ECF No. 51). Plaintiff responded in opposition on October 8, 2018. (ECF No. 58).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is

2

not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## **DISCUSSION**

Nielsen argues that Plaintiff should not be able to circumvent well-settled authority preventing Plaintiff from using a subpoena to access the data it seeks by requesting it directly from Defendant. (ECF No. 51-1 at 9). Plaintiff argues that the information sought is only "Ocean Spray's retail sales data during the proposed Class period" and that they do not seek any "expert opinions or methods." (ECF No. 58 at 2). Plaintiff also contends that this information should be readily discoverable under Rule 34 as it is in Defendant's possession and control. (*Id.*).

Plaintiff's arguments miss the mark in two ways. First, Nielsen's data is not a spreadsheet of sales figures but is instead reports containing confidential and proprietary methods of gathering and analyzing sales data. As a result, Nielsen's reports inherently contain expert opinions and methods. Defendant's contract with Nielsen explicitly prohibits and the Court will not compel Ocean Spray to parse the reports in order to separate factual from opinion information for Plaintiff.

Second, while Defendant has possession of the data reports, control of the information remains with Nielsen. In the Ninth Circuit, "control" is defined as "the legal right to obtain documents upon demand." *In re Citric Acid Litigation*, 191 F.3d 1090, 1107 (9th Cir. 1999). Further, the Ninth Circuit has explicitly rejected an invitation "to define 'control' in a manner that focuses on the party's practical ability to obtain the requested documents." *Id.* at 1107-08. Under the terms of the contract between

Defendant and Nielsen, Nielsen clearly retains control of the data and information licensed to Defendant. As a result, Defendant lacks the ability to produce the reports without breaching its contract with Nielsen

Further, despite insisting that the current protective order sufficiently protects Nielsen's interests, the case Plaintiff uses to illustrate that Nielsen has previously disclosed proprietary data indicates that the disclosure was part of a negotiated limited waiver in that litigation's protective order. *WPIX, Inc. v. Broad. Music, Inc.*, No. CV 11-4052-SJO JEMX, 2011 WL 9753912, at *7 (C.D. Cal. July 5, 2011).

The Court has reviewed the operative protective order here and finds no mention of a limited release. (ECF No. 16). In the absence of a negotiated waiver, the Court will not compel Defendant to breach its contract with Nielsen. Plaintiff is free to negotiate a limited waiver with Nielsen, however the Court will not read a waiver into the current protective order where none exists.

## CONCLUSION

Nielsen's Motion for Protective Order is GRANTED.

Dated: November 20, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge