UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC.; ARNOLD WORLDWIDE LLC; and DOES defendants 1 through 5, inclusive,<br><br>Defendants. | Case No.: 17cv2335-GPC(MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF NANCY HIGLEY, NICOLE LISKA, SARAH BUTLER, AND PAULA LENT**<br><br>**[REDACTED-ORIGINAL FILED UNDER SEAL]**<br><br>**[Dkt. No. 105.]** |

Plaintiff filed a motion to exclude the testimony opinions and reports of Nancy Higley, Nicole Liska, Sarah Butler, and Paula Lent. (Dkt. No. 105.) Defendants filed an opposition. (Dkt. No. 141.) Plaintiff filed her reply. (Dkt. No. 150.) Based on the reasoning below, the Court DENIES Plaintiff's motion to exclude.

## Background

The action was removed to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA") on November 16, 2017. (Dkt. No. 1.) Plaintiff Crystal Hilsley ("Plaintiff" or "Hilsley") filed a purported consumer class action against Defendants Ocean Spray Cranberries, Inc. ("Ocean Spray") and Arnold Worldwide LLC ("Arnold

1

Worldwide") (collectively "Defendants") for violations of California consumer protection laws based on a misrepresentation on labels stating "no artificial flavors" on certain Ocean Spray products ("Products"). (Dkt. No. 1-2, Compl.) Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray") manufactures, distributes, advertises, markets and sells a variety of juices and juice-based beverage products. (Id. ¶ 6.) Defendant Arnold Worldwide LLC ("Arnold") allegedly participates in the labeling and advertising of these products for Ocean Spray. (Id.)

Plaintiff claims that the labels on Defendants' Products are false and misleading because each Product contains artificial flavoring ingredients, dl-malic acid and/or fumaric acid to simulate advertised fruit flavors. (Id. ¶¶ 8, 9, 10.) Plaintiff purchased the 64-ounce Ocean Spray Cran-Apple and Cran-Grape Products from about 2011 to 2016. (Dkt. No 134-2, P's Reply to SSMF, No. 1.) The Ocean Spray Cran Pomegranate, Ocean Spray Diet Cran Pomegranate; Ocean Spray Cran Apple, Ocean Spray Cranberry Cherry Flavor 100% Juice, Ocean Spray Cran Pineapple, and Ocean Spray Diet Cran Cherry contain both dl-malic acid and fumaric acid. (Id., Nos. 2-8.) The Ocean Spray Cran Grape, and Ocean Spray Cran Cherry contain fumaric acid. (Id., Nos. 2. 8, 9.) Ocean Spray does not dispute that it uses malic acid and fumaric acid in certain of the Products at issue. (Id., Nos. 11-14.) The malic acid and fumaric acid used in the Products are artificial. (Id., Nos. 15-19, 20-22.) The parties dispute whether malic and fumaric acid function as flavors in the Products at issue.

Plaintiff alleges six causes of action for violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*, the unlawful prong of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*., the unfair prong of the UCL, California's False Advertising Law ("FAL"), and breach of express warranty and breach of implied warranty. (Dk. No. 1-2, Compl. ¶¶ 115-187.)

////
////
////

**Discussion**

**A. Motion to Exclude Expert Rebuttal Reports of Nancy Higley, Nicole Liska and Sarah Butler**

Plaintiff moves to exclude the expert rebuttal reports of Nancy Higley, Nicole Liska, and Sarah Butler as untimely. Defendants respond Plaintiff cannot demonstrate the untimely expert rebuttal reports were not substantially justified or prejudicial

Pursuant to the Magistrate Judge's order of February 6, 2019 granting the parties' joint motion to extend deadlines for expert reports and closing expert discovery, the initial expert reports were due on February 4, 2019, rebuttal expert reports were due on March 4, 2019 and expert discovery was to close on April 3, 2019. (Dkt. Nos. 93, 95.)

Defendants, without seeking leave of court, served the rebuttal expert reports of Nicole Liska, Sarah Butler and Nancy Higley on April 3, 2019, thirty days past the deadline. As noted by the Magistrate Judge in a recent discovery order, "the designations of these experts were timely, but the disclosures were late. Defendants have provided an explanation, but Plaintiff has moved for exclusion of these experts. That motion is pending before the district judge." (Dkt. No. 131 at 3[1].)

Federal Rule of Civil Procedure ("Rule") 26(a)(2) provides that a party must disclose the identity of any expert witness it intends to use at trial. Fed. R. Civ. P. 26(a)(2)(A). Parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If the expert witness is retained or specially employed to provide expert testimony, the disclosure must include a report that is prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2)(B). A party may file a "rebuttal" expert report to "contradict or rebut evidence" offered by another party in its initial expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii).

---

[1] Page numbers are based on the CM/ECF pagination.

Failure to abide by the disclosure requirements in Rule 26 can result in sanctions pursuant to Fed. R. Civ. P. 37(c)(1) that are "self-executing," and "automatic". Yeti v. Molly, Ltd. v. Deckers, Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). The Ninth Circuit recognized two exceptions under Rule 37(c)(1) if the parties' failure to timely disclose the information was "substantially justified or harmless." Id. The burden is on the party facing exclusion to demonstrate the delay is justified or harmless. Id. at 1107. "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. App'x 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)).

During discovery, Plaintiff disclosed Dr. Alan Goedde's expert report on August 18, 2018 and a supplemental expert report on October 26, 2018. (Dkt. No. 150-1, Marron Decl. ¶ 2.) Plaintiff also retained Dr. George E. Belch, Ph.D and his expert report was disclosed to Defendants on August 16, 2018 and a supplemental expert report was disclosed on October 26, 2018. (Id. ¶ 3.) Finally, Dr. Laszlo Somogyi's expert report was disclosed to Defendants on September 28, 2018. (Id. ¶ 4.) Sarah Butler was retained by Defendants to rebut Dr. Belch, Dr. Higley was retained by Defendants to rebut Dr. Somogyi and Liska was retained by Defendants to rebut Dr. Goedde's opinions. (Dkt. No. 105-1 at 6.)

Plaintiff argues that the rebuttal reports should be excluded because Defendants cannot show substantial justification or harmlessness. Defendants respond that the motion to exclude is now moot based on the Magistrate Judge's order filed on May 7, 2019. In that order, the Magistrate Judge modified the scheduling order and allowed Plaintiff to depose Butler, Liska and Higley. (Dkt. No. 131 at 4.) Therefore, Plaintiff cannot show prejudice. Moreover, Defendants explain that they were delayed in

producing their expert rebuttal reports because Plaintiff refused to make her experts available for deposition and failed to produce Dr. Belch's survey data until after expert report deadline of March 4, 2019. (Dkt. No. 130-1, Siegler Decl. ¶¶ 4-7, 10-11.)

The factors of prejudice, the ability of the party to cure the prejudice and the likelihood of disruption of the trial are now mitigated based on the Magistrate Judge's order allowing Plaintiff to depose the rebuttal experts. Plaintiff claims that the untimely expert reports have prejudiced her with the additional burden and cost of analyzing the untimely expert reports on short notice, potentially opening up dispositive motion deadlines on these experts, and the last minute disclosures have cut into her time to prepare for trial. While these additional burdens and costs may prejudice Plaintiff, the delay in producing the rebuttal expert reports was not primarily caused by Defendants. Starting on February 8, 2019, a month before the rebuttal expert report deadline, Defendants sought Dr. Belch's survey data so that their rebuttal experts could prepare their reports by the March 4, 2019 deadline. (Dkt. No. 130-1, Siegler Decl. ¶ 4.) When Plaintiff did not produce Dr. Belch's survey data, Defendants followed up with emails and telephone calls on February 19, 21, 2019 and March 1, 4, 2019. (Id. ¶¶ 5, 6, 7, 10.) Plaintiff finally produced the data on March 5, 2019 past the March 4, 2019 deadline for rebuttal expert reports. (Id. ¶ 11.) Concerning discovery, the Magistrate Judge noted that "[t]he parties have made a mess of things, all of which could have been avoided with better cooperation and better communication with each other and with the Court." (Dkt. No. 131 at 2.) Finally, Plaintiff does not argue and the Court does not find that Defendants acted in bad faith or acted willfully in not timely disclosing the expert rebuttal reports.

The Court concludes that Defendants have provided substantial justification for the late rebuttal expert reports and that the delay was not prejudicial. Accordingly, the Court DENIES Plaintiff's motion to exclude the expert rebuttal reports of Nancy Higley, Nicole Liska, and Sarah Butler.

/ / / /

5

17cv2335-GPC(MDD)

B. **Motion to Exclude Defendants' Expert Paula Lent**

Plaintiff next moves to exclude the expert testimony and report of Paula Lent, Ocean Spray's Senior Manager of Global Product Development, Food and Beverages, as not qualified to provide an opinion on the subject matter contained in her report and her opinions are not the product of reliable principles and methods. Defendants respond that Paula Lent has years of experience at Ocean Spray to qualify her as an expert and Plaintiff's arguments go to the weight and not admissibility of her testimony.

The trial judge must act as the gatekeeper for expert testimony by carefully applying Federal Rule of Evidence ("Rule") 702 to ensure specialized and technical evidence is "not only relevant, but reliable." Daubert v. Merrell Dow Pharms. Inc., 509 U.S. 579, 589 & n.7 (1993); accord Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 147 (1999) (Daubert imposed a special "gatekeeping obligation" on trial judges).

Under Rule 702, a witness, "qualified as an expert by knowledge, skill, experience, training, or education, may testify" . . . if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The proponent of the evidence bears the burden of proving the expert's testimony satisfies Rule 702. Lust By & Through Lust v. Merrell Dow Pharm., Inc., 89 F.3d 594, 598 (9th Cir. 1996). The district court must act as a gatekeeper to exclude "junk science." Messick v. Novartis Pharms. Corp., 747 F.3d 1193, 1199 (9th Cir. 2014); Ellis v. Costco Wholesale Corp., 657 F.3d 970, 982 (9th Cir. 2011) ("Under Daubert, the trial court must act as a "gatekeeper" to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards by making a preliminary determination that the expert's testimony is reliable.").

The test of admissibility is "whether or not the reasoning is scientific and will assist the jury. If it satisfies these two requirements, then it is a matter for the finder of

6

fact to decide what weight to accord the expert's testimony." Kennedy v. Collagen Corp., 161 F.3d 1226, 1231 (9th Cir. 1998). "Disputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" Id. (quoting McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1044 (2d Cir. 1995)). As one recent Ninth Circuit court noted, "[w]here, as here, the experts' opinions are not the "junk science" Rule 702 was meant to exclude . . . the interests of justice favor leaving difficult issues in the hands of the jury and relying on the safeguards of the adversary system-'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof'- to 'attack[ ] shaky but admissible evidence . . . .'" Wendell v. GlaxoSmithKline LLC, 858 F.3d 1227, 1237 (9th Cir. 2017) (internal citations omitted).

In their initial expert designation, Defendants designated Paula Lent, Senior Manager, Global Product Development, Food and Beverages at Ocean Spray to testify as to:

> Ocean Spray's process for developing products, including flavor profiles, the use of ingredients, including additives and acidulants, to perform functions in the formulas, and adjustments made to formulas as part of finished product testing, both analytic and sensory; the development and formulation of the Ocean Spray products at issue in the case; the different purposes, uses and effects of acidulants as compared to flavors in foods and beverages; the purpose, use and effect of acidulants and flavors in the Ocean Spray products at issue in the case, including the use of malic and fumaric acids as acidulants; regulatory compliance and appropriate labeling of ingredients, including acidulants and flavors and developing label content and ingredient declarations; Ocean Spray's practices in the sourcing, using and labeling of ingredients, including acidulants and flavors. She will also review and respond to expert opinions of any expert designated by Plaintiff with regard to such matters.

(Dkt. No. 105-4, Marron Decl., Ex. 1 at 4-5.)

Plaintiff argues that Paula Lent is not qualified and lacks specialized knowledge to offer expert opinions about the functions of malic and fumaric acids in the Products. Defendants argue that Lent possesses specialized knowledge and skills from her education

7

and seventeen years of practical experience working in the food and beverage industry in research and development roles.

Rule 702 requires that an expert possess "knowledge, skill, experience, training, or education" sufficient to "assist" the trier of fact, which is "satisfied where expert testimony advances the trier of fact's understanding to any degree." Abarca v. Franklin Cnty. Water Dist., 761 F. Supp. 2d 1007, 1029-30 (E.D. Cal. 2011) (citations omitted). "[T]he use of the disjunctive indicates that a witness may be qualified as an expert on any one of the five listed grounds." Friendship Heights Assoc. v. Vlastimil Koubek, 785 F.2d 1154, 1159 (4th Cir. 1986). "A witness can qualify as an expert through practical experience in a particular field, not just through academic training." Rogers v. Raymark Indus., Inc., 922 F.2d 1426, 1429 (9th Cir. 1991). Furthermore, to testify as an expert, an individual "need not be officially credentialed in the specific matter under dispute." Massok v. Keller Indus., Inc., 147 Fed. App'x 651, 656 (9th Cir. 2005) (citing United States v. Garcia, 7 F.3d 885, 889-90 (9th Cir. 1993).

"The threshold for qualification is low for purposes of admissibility; minimal foundation of knowledge, skill, and experience suffices." PixArt Imaging, Inc. v. Avago Tech. Gen. IP (Singapore) Pte. Ltd., No. C 10–00544 JW, 2011 WL 5417090, at *4 (N.D. Cal. Oct. 27, 2011). "Rule 702 is broadly phrased and intended to embrace more than a narrow definition of qualified expert," Thomas v. Newton Int'l Enters., 42 F.3d 1266, 1269 (9th Cir. 1994), and "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility," Abarca v. Franklin Cnty. Water Dist., 761 F. Supp. 2d 1007, 1028 (E.D. Cal. 2011) (quoting Robinson v. GEICO General Ins. Co., 447 F.3d 1096, 1100 (8th Cir. 2006)) (internal quotation marks omitted). An expert's lack of specialization affects the weight of his or her testimony and not its admissibility. In re Silicone Gel Breast Implants Prods. Liab. Litig., 318 F. Supp. 2d 879, 889 (C.D. Cal. 2004) (citing Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 782 (3d Cir. 1996)).

For the past year, Paula Lent has been the Senior Manager, Global Product Development, Food and Beverages for Ocean Spray and supervises a team of scientists that collaborate with other teams within Ocean Spray to formulate new products and modify existing products so that its portfolio of beverages remains relevant to consumers and meets the quality, nutrition and overall consumer satisfaction. (Dkt. No. 105-6, Marron Decl., Ex. 3, Paula Lent Expert Report at 3.) Prior to her current position at Ocean Spray, ███████████████████████████████████████████████████████████████████████████████████ (Dkt. No. 167-1, Marron Decl., Ex. 4, Lent Depo. at 57:8-12; 57:13-17; 57:19-58:9 (UNDER SEAL); see also Dkt. No. 105-6, Marron Decl., Ex. 3.) She has worked at Ocean Spray since 2008. Lent has a Bachelor of Science in Food Science and a Master of Science in Cereal Science, from North Dakota State University and has been involved in the food industry working in food science and ingredient technology since 2002. (Dkt. No. 105-6, Marron Decl., Ex. 3, Paula Lent Expert Report at 3.) Between 2002 to 2008, she worked in the food industry related to breakfast, dessert and fresh bread products. (Id. at 12.)

Plaintiff argues that Lent has been employed merely as a Manager and Senior Manager for Ocean Spray for the past eight years which do not translate to expert status on the functions of chemical additives. She contends that ███████████████████████████████████████████████████████████████████████████████. (Dkt. No. 167-1, Marron Decl., Ex. 4, Lent Depo. at 35:16-36:5; 38:23-39:3; 45:12-14; 72:9-16 (UNDER SEAL).) ██████████████████████████████████████████████. (Id., Lent Depo. at 34:5-15; 78:20-79:8 (UNDER SEAL).) ████████████████████████████████████████████████████████████. (Id., Lent Depo. at 10:20-25; 11:5-10; 40:23-41:12 (UNDER SEAL).) Defendants argue that

9

the challenges Plaintiff asserts based on Lent's qualifications can be challenged on cross-examination at trial. They argue that Lent has years of practical experience in the food science industry.

Next, Plaintiff contends that Lent's opinions are not based on reliable principles and methods but are only based on her personal experience as an employee of Ocean Spray and relies solely on what she was told by her employer. Her opinions are purely subjective and contain little or no analysis. Defendants counter that Lent's opinion about Ocean Spray's manufacturing and quality control processes and the ways malic and fumaric acids are used in those processes is largely technical and will be helpful to the trier of fact. Her opinion is predicated on what she learned about Ocean Spray's own processes and procedures based on her years of technical and scientific work with Ocean Spray and Plaintiff's attacks relate to the weight not admissibility of her opinion. Defendants also note that her testimony will mostly be fact based and will be admissible whether as an "expert" or not. (Dkt. No. 141 at 14.)

The Court questions whether Lent's opinions are "expert" opinions subject to a Daubert analysis. While her testimony and opinion are technical and could assist the trier of fact, her knowledge and experience comes from her "personal knowledge" while working at Ocean Spray. (Dkt. No. 105-6, Marron Decl., Ex. 3, Lent Report at 3 ("Much of the information included in this report will be factual and based on upon my own personal knowledge"). Therefore, it would be more appropriate for Lent to testify as a lay witness.

Under Rule 701, a lay witness may provide opinion testimony that is based on a witness's perception if the opinion is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Rule 701 derives from Rule 602 which states in pertinent part that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.

10

Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

"Under Rule 701, a lay witness with first-hand knowledge can offer an opinion akin to expert testimony in most cases, so long as the trial judge determines that the witness possesses sufficient and relevant specialized knowledge or experience to offer the opinion . . . ." Int'l Rental and Leasing Corp. v. McClean, 303 F. Supp. 2d 573, 578 (D.V.I. 2004) (citing Asplundh Mfg. Div. v. Benton Harbor Eng'g, 57 F.3d 1190, 1201-02 (3d Cir. 1995)); In re Google AdWords Litig., No. 08cv3369 EJD, 2012 WL 28068, *5 (N.D. Cal. Jan. 5, 2012) reversed and remanded on other grounds by Pulaski v. Middleman, LLC v. Google, Inc., 802 F.3d 979 (9th Cir. 2015) ("Here, just because the underlying facts and data are technical does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee.").

In North Face Apparel Corp. v. Dahan, Case No. CV 13-4821 MMM(MANx), 2014 WL 12558010, at *4 n. 55 (C.D. Cal. Oct. 6, 2014), the defendants objected to the testimony of the Director of Quality Assurance of the defendant and an investigator for the defendant, whose job was to determine whether the accused products were counterfeit, as not proper lay witnesses under Rule 701 and instead were expert opinions. The district court overruled the objections and explained that both opinions were "rationally based on their perception, as each man personally inspected the accused products" and "based on their knowledge of plaintiffs' quality control and loss prevention procedures, and on their familiarity with the characteristics of genuine The North Face products." Id. Under Rule 701, an employee may offer lay witness opinions regarding an employer's business as long as those opinions are based on her own personal, particularized knowledge and experience. Here, because Lent's testimony is based on her perceptions and personal knowledge while working at Ocean Spray, her testimony is admissible as a lay witness. Accordingly, because Lent may testify as a lay witness, the Court DENIES Plaintiff's motion to exclude the testimony and opinion of Paula Lent.

/ / / /

11

17cv2335-GPC(MDD)

## Conclusion

Based on the reasoning above, the Court DENIES Plaintiff's motion to exclude the rebuttal expert reports of Nancy Higley, Nicole Liska and Sarah Butler as untimely. The court also DENIES Plaintiff's motion to exclude the expert opinion of Paula Lent. The hearing set on **June 28, 2019** shall be **vacated**.

IT IS SO ORDERED.

Dated: June 24, 2019

Hon. Gonzalo P. Curiel
United States District Judge

12

17cv2335-GPC(MDD)