1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CRYSTAL HILSLEY, on behalf of<br>herself and all others similarly situated,<br>12<br>Plaintiff,<br>13<br>v.<br>14<br>OCEAN SPRAY CRANBERRIES, INC.;<br>15  ARNOLD WORLDWIDE LLC; and<br>DOES defendants 1 through 5, inclusive,<br>16<br>Defendants.<br>17<br>18<br>19 | Case No.:  17cv2335-GPC(MDD)<br><br>**ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFF'S<br>MOTION FOR PARTIAL<br>SUMMARY JUDGMENT; DENYING<br>DEFENDANT OCEAN SPRAY'S<br>MOTION FOR SUMMARY<br>JUDGMENT; AND GRANTING<br>ARNOLD WORLDWIDE'S MOTION<br>FOR SUMMARY JUDGMENT**<br><br>**[Dkt. Nos. 101, 108, 109.]** |

20
21         Before the Court are a fully briefed motion for partial summary judgment by
22  Plaintiff, (Dkt. Nos. 101, 125, 134), a fully briefed motion for summary judgment by
23  Defendant Ocean Spray, (Dkt. No. 108, 140, 153), and a fully briefed motion for
24  summary judgment by Defendant Arnold Worldwide, (Dkt. Nos. 109, 137, 147).  The
25  Court finds that the matter is appropriate for decision without oral argument pursuant to
26  Local Civ. R. 7.1(d)(1).  Based on the reasoning below, the Court GRANTS in part and
27  DENIES in part Plaintiff Hilsley's motion for partial summary judgment, DENIES
28

17cv2335-GPC(MDD)

Defendant Ocean Spray's motion for summary judgment, and GRANTS Defendant Arnold Worldwide's motion for summary judgment.

**Background**

The action was removed to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA") on November 16, 2017.  (Dkt. No. 1.)  Plaintiff Crystal Hilsley ("Plaintiff" or "Hilsley") filed a purported consumer class action against Defendants Ocean Spray Cranberries, Inc. ("Ocean Spray") and Arnold Worldwide LLC ("Arnold Worldwide") (collectively "Defendants") for violations of California consumer protection laws based on a misrepresentation on labels stating "no artificial flavors" on certain Ocean Spray products ("Products").  (Dkt. No. 1-2, Compl.)  Defendant Ocean Spray manufactures, distributes, advertises, markets and sells a variety of juices and juice-based beverage products.  (Id. ¶ 6.)  Defendant Arnold Worldwide allegedly participates in the labeling and advertising of these products for Ocean Spray.  (Id.)  Plaintiff claims that the labels on Defendants' Products are false and misleading because each Product contains artificial flavors of dl-malic acid or fumaric acid, or both, that simulate advertised fruit flavors.  (Id. ¶¶ 8, 9, 10.)

Malic acid has two stereo isomeric forms.  (Dkt. No. 40-19, Dr. Somogyi Decl. ¶ 20.)  L-malic acid occurs naturally in many fruits and vegetables.  (Id. ¶ 21.)  Dl-malic acid is a racemic mixture that does not occur naturally and is produced synthetically.  (Id. ¶ 22.)

Plaintiff purchased the 64-ounce Ocean Spray Cran Apple and Cran Grape Products from about 2011 to 2016.  (Dkt. No 134-2, P's Reply to Separate Statement Disputed Material Fact ("SSDMF") No. 1.)  The Ocean Spray Cran Pomegranate, Ocean Spray Diet Cran Pomegranate; Ocean Spray Cran Apple, Ocean Spray Cranberry Cherry Flavor 100% Juice, Ocean Spray Cran Pineapple, and Ocean Spray Diet Cran Cherry contain both dl-malic acid and fumaric acid.  (Id., Nos. 2-8.)  The Ocean Spray Cran

Grape, and Ocean Spray Cran Cherry contain fumaric acid.  (Id., Nos. 2. 8, 9.)[1]  Ocean Spray does not dispute that it uses malic acid and fumaric acid in certain of the Products at issue.  (Id., Nos. 11-14.)  The malic acid and fumaric acid used in the Products are artificial.  (Id., Nos. 15-19, 20-22.)  Ultimately, the issue in this case is whether malic acid and/or fumaric acid function as flavors in the Products as Plaintiff asserts or whether malic and/or fumaric acid function as acidulants in the Products as Defendants claim.

Plaintiff alleges six causes of action for violations of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*, the unlawful prong of the Unfair Competition Law ("UCL"), Cal. Bus. & Professions Code section 17200 *et seq*., the unfair prong of the UCL, California's False Advertising Law, breach of express warranty and breach of implied warranty.  (Dk. No. 1-2, Compl. ¶¶ 115-187.)

On October 30, 2018, the Court denied Defendants' motion for summary judgment.  (Dkt. No. 76.)  The Court specifically concluded that based on the competing declarations of Erich Fritz, Ocean Spray's Vice President of research, development, quality and engineering and Dr. Laslo D. Somogyi, Ph.D, Plaintiff's food scientist expert, there was a material issue of disputed fact whether malic and fumaric acids function as flavors in Defendants' juice Products.  (Id. at 7, 9, 11.)

On November 29, 2018, the Court granted in part Plaintiff's motion for class certification and appointed class counsel.  (Dkt. No. 83.)  The Court certified a Class under Federal Rule of Civil Procedure ("Rule") 23(b)(2) and also certified a Class under Rule 23(b)(3) as to the UCL, FAL and CLRA causes of action consisting of:

> All California Citizens who purchased one of the following Ocean Spray Products, for personal and household use and not for resale, in California from January 1, 2011 until the date class notice is disseminated:

---

[1] The Plaintiff's SSDMF does not address whether the other remaining Products, Ocean Spray "100% Apple" Juice Drink, Ocean Spray Cran Rasberry, Ocean Spray Wave Apple with White Cranberries, and Ocean Spray Wave Berry Medley contain malic acid and/or fumaric acid.  But Defendants' SSDMF reference whether these products contain malic acid and/or fumaric acid.  (Dkt. No 134-2, P's Reply to SSDMF Nos. 50-53.)

- Ocean Spray Cran Apple;
- Ocean Spray Cran Grape;
- Ocean Spray "100% Apple" Juice Drink;
- Ocean Spray Cran Rasberry;
- Ocean Spray Wave Apple with White Cranberries;
- Ocean Spray Wave Berry Medley;
- Ocean Spray Cran Cherry;
- Ocean Spray Cran Pineapple;
- Ocean Spray Cran Pomegranate;
- Ocean Spray Diet Cran Pomegranate;
- Ocean Spray Diet Cran Cherry;
- Ocean Spray Cranberry Cherry Flavor 100% Juice.

Excluded from the Class are Defendants' current and former officers and directors, members of the immediate families of Defendants' officers and directors, Defendants' legal representatives, heirs, successors, and assigns, any entity in which Defendants have or had a controlling interest during the Class Period, and the judicial officers to whom this lawsuit is assigned.

(Dkt. No. 83 at 37-38.)

At the near completion of discovery, on March 28, 2019, Plaintiff filed her motion for partial summary judgment. (Dkt. No. 101.) On April 11, 2019, Defendant Ocean Spray filed its motion for summary judgment. (Dkt. No. 108.) On the same day, Defendant Arnold Worldwide filed its motion for summary judgment. (Dkt. No. 109.)

## Discussion

### A.   Legal Standard on Summary Judgment

Federal Rule of Civil Procedure 56 empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when it affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

17cv2335-GPC(MDD)

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact.  Celotex Corp., 477 U.S. at 323.  The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial.  Id. at 322-23.  If the moving party fails to bear the initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-60 (1970).

Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324.  If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law.  Id. at 325.  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  In making this determination, the court must "view[] the evidence in the light most favorable to the nonmoving party."  JL Beverage Co., LLC v. Jim Beam Brands Co., 828 F.3d 1098, 1105 (9th Cir. 2016).  The Court does not engage in credibility determinations, weighing of evidence, or drawing of legitimate inferences from the facts; these functions are for the trier of fact.  Anderson, 477 U.S. at 255.

**B.   Ocean Spray's Motion for Summary Judgment**

For a second time,[2] Ocean Spray moves for summary judgment on all six causes of action, which are all based on the alleged false and misleading labels stating "no artificial

---

[2] Interestingly, both parties, in filing their oppositions to the respective summary judgment motions, cite the Court's prior order denying Defendants' summary judgment indicating that the Court already concluded that there is a disputed issue of material fact whether malic acid and fumaric acid function as flavors in Defendant's juice products.  (Dkt. No. 125 at 6; Dkt. No. 140 at 5.)  They both argue that the

flavors" on its Products, arguing that Plaintiff has failed to demonstrate by direct evidence an essential element of each cause of action that malic and/or fumaric acids function as flavors in the Products.  Moreover, Ocean Spray argues it has affirmatively negated that element and Plaintiff cannot set forth facts to dispute Ocean Spray's direct evidence that malic and fumaric acids act as acidulants in its Products.  In response, Plaintiff argues that she has created a genuine issue of fact whether Defendant uses malic and/or fumaric acids as flavors.

21 C.F.R. § 101.22(a)(1) provides in relevant part,

> The term artificial flavor or artificial flavoring means any substance, the function of **which is to impart flavor**, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof.

21 C.F.R. § 101.22(a)(1) (emphasis added).  In addition, if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor by word, vignette, e.g., description of a fruit, or other means" then "such flavor shall be considered the characterizing flavor."  21 C.F.R. 101.22(i). Therefore, if a food contains artificial flavor "which **simulates, resembles or reinforces the characterizing flavor**, the name of the food . . . shall be accompanied by the common or usual name(s) of the characterizing flavor . . . ."  21 C.F.R. § 101.22(i)(2) (emphasis added).

21 C.F.R. § 101.22(a)(3) provides in relevant part,

> The term natural flavor or natural flavoring means the essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring

---

issue of whether malic and fumaric acids function as flavors in Ocean Spray's Products is a fact issue. (Dkt. No. 140 at 5 ("The facts remain unchanged."); Dkt. No. 125 at 6 ("Having twice prevailed by advocating that the *actual function* of the ingredients in Ocean Spray's *actual products* is the *factual issue* . . . .") (emphasis in original).)  Despite these assertions, both parties filed motions for summary judgment.

constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products thereof, whose significant **function in food is flavoring rather than nutritional**.

21 C.F.R. § 101.22(a)(3) (emphasis added).

The FDA regulations provide that malic acid can be used as a flavor enhancer, flavoring agent and adjuvant, and as a pH control agent. 21 C.F.R. § 184.1069(c). "Flavor enhancers" are "[s]ubstances added to supplement, enhance, or modify the original taste and/or aroma of a food, without imparting a characteristic taste or aroma of its own." 21 C.F.R. § 170.3(o)(11). "Flavoring agents and adjuvants" are "[s]ubstances added to impart or help impart a taste or aroma in food." 21 C.F.R. § 170.3(o)(12). pH control agents are "[s]ubstances added to change or maintain active acidity or basicity, including buffers, acids, alkalies, and neutralizing agents." 21 C.F.R. § 17.03(o)(23).

Ocean Spray argues that neither of Plaintiff's two experts, Dr. Laszlo D. Somogyi, Ph.D or Dr. Henry Chin[3] affirmatively state that malic and fumaric acids "impart" flavors in the Products at issue; instead, her experts opine generally on whether malic and fumaric acids could act as flavors. Meanwhile, Ocean Spray claims that its expert, Paula Lent, has affirmatively asserted that it uses malic and fumaric acids as acidulents. In response, Plaintiff counters Ocean Spray's argument with Dr. Somogyi's statements that the dl-malic acid in the Cran Apple juice drink and other Products function as a "flavoring agent" and that fumaric acid "similarly functions to simulate, resemble or reinforce certain fruit flavors . . . ." (Dkt. No. 40-19, Somogyi Decl. ¶¶ 40, 41.)

Dr. Somogyi reviewed "laboratory test results regarding the presence of synthetic d-malic acid isomer in the Ocean Spray Cran Apple juice beverage." (Id. ¶ 7.) Dr.

---

[3] Plaintiff explains that Dr. Chin was retained to rebut Lent's opinion that malic and fumaric acids do not have any flavors, are not flavors, are not flavoring agents, and are flavorless. Dr. Chin was not retained to conclude that malic and fumaric acids act as flavors in Ocean Spray's Products as Dr. Somogyi already made that determination.

Somogyi acknowledges that dl-malic acid can be used as a flavoring agent and adjuvant, a flavor enhancer and pH control agent in beverages, confectionaries, fruit preparations and preserves, desserts and bakery products.  (Id. ¶¶ 26-31.)   According to Dr. Somogyi, malic acid can be used by itself or blended with other acids to produce a number of unique and distinct flavor properties.  (Id. ¶ 25.)  Malic acid is added to foods, beverages and candies to give them a tart taste, and some fruit juice and carbonated beverages rely on malic acid as a flavoring agent.  (Id.)  Malic acid is used to simulate, resemble, or reinforce certain flavors, or enhance flavors in processed foods and beverages that lose some of their natural flavoring during the processing.  (Id.)  For flavors with astringency (such as cranberry juice) use of fumaric acid in combination with malic acid improves the flavor profile of the product.  (Id.)

With respect to flavoring of the subject products, Dr. Somogyi asserts that the Cran Apple juice drink includes apple and cranberry juice as well as a significant amount of natural l-malic acid (>1%) and other acidulants, such as citric, fumaric, tartaric and ascorbic acid.  (Id. ¶ 33.)  The Cran Apple juice drink also contains commercial dl-malic acid and is in a lesser quantity as it is listed near the bottom of the ingredient list.  (Id. ¶ 34.)  According to the laboratory analysis of the Cran Apple juice drink, there was only a small quantity of dl-malic acid at 0.014g/100ml.  (Id. ¶ 38; Dkt. No. 31-4, Shackleford Decl., Ex. 5 at 88.)  Because there is only a small quantity of synthetic malic acid in the Cran Apple juice drink, Dr. Somogyi opines it would not significantly lower the pH of the juice drink but instead would function "as a flavor and flavor enhancer."  (Dkt. No. 40-19, Somogyi Decl. ¶ 38.)  "Dl-malic acid adds tartness, astringency, and a fruit-like flavor profile to foods and simulates, resembles, or reinforces various tart, fruity flavors, and in particular the flavors of apples."  (Id. ¶ 39.)  Dr. Somogyi concludes that dl-malic acid is added to the Cran Apple juice drink and other products to function as a flavoring agent.  (Id. ¶ 40.)  He also opines that fumaric acid similarly functions as a flavoring agent to reinforce certain fruit flavors as well as affect pH.  With astringent flavors like

cranberry juice, the use of fumaric acid along with malic acid "can improve the flavor profile of the product."  (Id. ¶ 41.)

Ocean Spray presents the opinion of Paula Lent, Senior Manager of Global Product Development for Food and Beverages.  (Dkt. No. 105-6, Marron Decl., Ex. 3, Lent Report at 3.)  In her position, she supervises a team of scientist that collaborate with other teams within Ocean Spray to formulate new products and modify existing products.  (Id.)  Lent explains the process and formulation of its juice Products.  (Id. at 4-8.)  She explains that acidulants are used to balance the titratable acid ("TA") measure as well as the pH specification.  (Id. ¶ 5.)  The TA target is to standardize the amount of acid in the finished product and added to the formula to balance out the natural variability in the acid level in the fruit juices.  (Id.)  Acidulants are interchangeably used to achieve the desired end product including a pH level not greater than 3.9.  (Id. at 7.)  Lent opines that Ocean Spray uses acidulants in its juice formulas to adjust acid levels and not to simulate or enhance flavors from the fruit juices.  (Id. at 5.)  Lent also states that the T.A. and pH measures are quantifiable and there is no sensory component involved in making these measurements.  (Id. at 8.)  Ocean Spray conducts separate sensory tests on batches of its beverages but they are measuring pH and T.A. and therefore, when conducting sensory testing, they are not adjusted by adding acidulants.  (Id.)  Ocean Spray employs quality assurance and control checks on color, T.A., pH, vitamin C, aroma as well as taste.  (Id. at 8.)  A product could meet the pH or TA specification but still not have the proper flavor notes; in such a case, the batch is rejected and is not adjusted by adding acidulants. (Id. at 8-9.)

The Court previously concluded that there was a disputed issue of material fact as to whether malic and fumaric acids function as flavors in Ocean Spray's Products based on the competing declarations of Dr. Somogyi and Erich Fritz.  The Court noted that Dr. Somogyi specifically opined that the trace amount of dl-malic acid, 0.014g/100 ml in the Cran Apple juice drink, would not affect the pH levels of the drink but instead would function as a flavor or flavor enhancer.  (Dkt. No. 40-19, Dr. Somagyi Decl. ¶ 38.)  He

9

1    also stated that the dl-malic acid in the Cran Apple juice drink and other products

2    function as a flavoring agent.  (Id. ¶ 40.)  In her expert report, Lent does not address or

3    refute the reasons behind Dr. Somogyi's opinion that dl-malic acid function as flavors in

4    the Products.  However, in a declaration responding to Plaintiff's motion for partial

5    summary judgment, Lent explains that the small amount of malic acid in the Cran Apple

6    product is used to fine tune the T.A. to achieve the required target and not used to adjust

7    the flavor profile.  (Dkt. No. 125-2, Lent Decl. ¶ 36.)  This "fine tuning" is measured

8    analytically and not by sensory measures.  (Id.)  Therefore, the competing declarations of

9    Dr. Somogyi and Paula Lent establish that a genuine disputed issue of material fact

10   remains whether malic acid and fumaric acid function as flavors in the Products.

11            Ocean Spray argues that the Court should grant summary judgment because

12   Plaintiff failed to provide direct evidence that malic and fumaric acids function as flavors

13   in the Products; however, a plaintiff may prove her case by direct or circumstantial

14   evidence.  See In re Sealed Case, 494 F.3d 139, 147 (D.C. Cir. 2007) ("[a]s in any

15   lawsuit, the plaintiff may prove his case by direct or circumstantial evidence") (quoting

16   U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 714 n. 3 (1983)).  Thus,

17   Plaintiff does not need direct evidence to prove her case.  Furthermore, on summary

18   judgment, the Court views the evidence in the light most favorable to Plaintiff.  See JL

19   Beverage Co., LLC, 828 F.3d at 1105.  Based on these legal standards, the Court

20   concludes that Plaintiff has raised a genuine issue of disputed material fact as to whether

21   Ocean Spray uses malic and fumaric acids as flavors in the Products.

22            In refuting Dr. Somogyi's opinion, Ocean Spray argues that the terms "flavor",

23   "flavor enhancer" and "flavoring agent" are all separately defined by the FDA, are

24   therefore distinct and cannot be used interchangeably.  It argues that Dr. Somogyi's use

25   of the terms "flavor enhancer" and "flavoring agent" as equivalent to "flavor" is

26   impermissible and cannot be used to conclude that the use of malic and fumaric acids in

27   the Products function as flavors.

28

17cv2335-GPC(MDD)

First, contrary to Defendant's claim that Dr. Somoygi failed to assert that the subject ingredients function as flavors, Dr. Somoygi states clearly that malic acid functions as a "flavor" in the Cran Apple juice drink.  (Dkt. No. 40-19, Dr. Somoygi Decl. ¶ 38 ("the synthetic malic acid in Ocean Spray CranApple juice drink . . . will function as a flavor . . . .")  In addition, tracking the FDA's language on labeling of artificial flavor, see 21 C.F.R. § 101.22(i)(2), Dr. Somoygi opines that dl-malic acid "adds tartness, astringency, and a fruit-like flavor profile to foods and simulates, resembles, or reinforces various tart, fruity flavors, and in particular the flavor of apples." (Dkt. No. 40-19, Dr. Somoygi Decl. ¶ 39.)  Dr. Somoygi's conclusion that the malic acid in the Cran Apple functions as a flavor supports the Plaintiff's theory that the acids "impart" flavors.

Second, as opposed to Ocean Spray's contention to the contrary, Plaintiff does not claim that malic and fumaric acids function as "flavor enhancers" in the Products.  (Dkt. No. 140 at 8, 11 ("malic and fumaric acid do not act as flavor enhancers in the Ocean Spray Products because they impart characteristic flavors of their own")).  Nor has Plaintiff used the term "flavor enhancer" as the equivalent of flavor.

Third, Ocean Spray argues that "artificial flavor" and "flavoring agents" are different and require Plaintiff to prove that the acids function as "artificial flavors", not "flavoring agents" in its Products.  Plaintiff does allege that malic and fumaric acids act as "flavoring agents" in the Products, but does not address Defendant's argument that flavoring agents are distinct from "flavors."[4]

In support of this argument, Defendant cites the regulations which define "artificial flavor" as any "substance, the function of which is to impart flavor . . . ."  See 21 C.F.R. § 101.22(a).  Therefore, according to Ocean Spray, artificial flavor, by definition, imparts its own flavor and does not reinforce flavors provided by some other ingredient.

---

[4] In her reply to Defendants' SSDMF, Plaintiff responds that she disputes that "flavor" is distinct from "flavoring agent" but does not provide any support.  (Dkt. No. 134-2, P's Reply to SSDMF, No. 49-59.)

1    However, the regulations also provide that if a food contains an artificial flavor "which

2    simulates, resembles or reinforces the characterizing flavor, the name of the food . . .

3    shall be accompanied by the common or usual name(s) of the characterizing flavor . . . ."

4    21 C.F.R. § 101.22(i)(2).  This provision explains, contrary to Defendant's argument, that

5    artificial flavor can "simulate, resemble or reinforce the characterizing flavor."  In fact,

6    Dr. Somogyi stated that malic acid "simulates, resembles or reinforces as well as

7    enhances characteristic fruit flavors, (Dkt. No. 40-19, Dr. Somogyi Decl. ¶ 27).  Thus,

8    Ocean Spray's argument is not persuasive.

9          Next, Defendant challenges Plaintiff's argument that malic and fumaric acids are

10   flavoring agents.  Given that a "flavoring agent" is a substance "added to impart or help

11   impart a taste of aroma in food", 21 C.F.R. § 170.3(o)(12), Ocean Spray asks Plaintiff to

12   answer a very simple question: if malic acid is a flavor, what flavor is it?  (Dkt. 175 at 8.)

13   The answer is furnished by Dr. Somoygi who states that dl-malic acid "adds tartness,

14   astringency, and a fruit-like flavor profile to foods and simulates, resembles, or reinforces

15   various tart, fruity flavors, and in particular the flavor of apples."  (Dkt. No. 40-19, Dr.

16   Somogyi Decl. ¶ 39.)

17         Finally, Ocean Spray argues that Dr. Somogyi's opinion only addresses the Cran

18   Apple product and does not demonstrate the other eleven products at issue.  While Dr.

19   Somogyi opined solely on Cran Apple, he also concluded that his opinion applies to the

20   other Products at issue.  (Dkt. No. 40-19, Dr. Somogyi Decl. ¶ 40.)  Because each

21   Product appears to have either malic and/or fumaric acids, and also contain different

22   amounts, at trial, Plaintiff will have to demonstrate that Dr. Somogyi's opinion applies to

23   all Products at issue.

24         Accordingly, the Court DENIES Defendant Ocean Spray's motion for summary

25   judgment.  See Clark v. Hershey Co., Case No. 18cv6113-WHA, 2019 WL 2288041, at

26   *3 (N.D. Cal. May 29, 2019) (denying summary judgment as there is a genuine dispute as

27   to whether malic acid acts as a flavoring agent in the products at issue).

28   / / /

17cv2335-GPC(MDD)

**B.    Plaintiff's Motion for Partial Summary Judgment**

    **1.    Partial Summary Judgment as to Certain Facts**

In her motion, Plaintiff seeks summary judgment on four issues she claims are not in dispute or are admitted by Defendants and its ingredient supplier, Tate & Lyle that "(1) the Products contain either dl-malic acid or fumaric acid, or both; (2) the dl-malic acid and fumaric acid used in the Products are artificial; (3) dl-malic acid and fumaric acid are used as flavoring agents in food and beverage products; and (4) dl-malic acid has a tart taste." (Dkt. No. 101-1 at 8.)  Defendant responds that Plaintiff's summary judgment seeks to demonstrate that because malic and fumaric acids could function as flavors in food and beverage products, in general, it necessarily makes Ocean Spray's label of "no artificial flavors" legally impermissible.  Ocean Spray argues that these facts upon which Plaintiff seeks summary judgment on do not demonstrate the actual issue in the case of whether malic and fumaric acids function as flavors in the Products at issue.

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case."  Thrifty Oil Co. v. Bank of America Nat'l Trust and Savings Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)); see also Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing Anderson, 477 U.S. at 248).  Therefore, the substantive law identifies which facts are material and which facts are irrelevant.  See Anderson, 477 U.S. at 248 (a fact is "material" when its resolution might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law.)  "Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 249.

Here, Plaintiff seeks summary judgment on four factual issues without asserting or demonstrating that these facts are "material" under the substantive laws at issue in the

17cv2335-GPC(MDD)

Complaint as required under Rule 56(c).  For example, the Court questions whether the fact that "dl-malic acid and  fumaric acid are used as flavoring agents in food and beverage products" is relevant and material to Plaintiff's causes of action because the issue in this case is whether malic acid and fumaric acid are used as flavors in Ocean Spray's products, not food and beverage products in general.  Accordingly, Plaintiff has failed to meet her initial burden on summary judgment, and the Court DENIES Plaintiff's motion for summary judgment as to whether  "(1) the Products contain either dl-malic acid or fumaric acid, or both; (2) the dl-malic acid and fumaric acid used in the Products are artificial; [5] (3) dl-malic acid and fumaric acid are used as flavoring agents in food and beverage products; and (4) dl-malic acid has a tart taste."

### 2.    Partial Summary Judgment on Defendants' Affirmative Defenses

Plaintiff also moves for summary judgment on certain of Ocean Spray and Arnold Worldwide's affirmative defenses which Defendants partially oppose.  In its analysis below, because the Court GRANTS Arnold Worldwide's motion for summary judgment, the Court DENIES Plaintiff's motion for partial summary judgment on Arnold Worldwide's affirmative defenses as MOOT.  The Court only addresses Ocean Spray's affirmative defenses.  (Dkt. No. 3, Ocean Spray's Ans.)

"An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true."  Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003) (alterations and internal quotation marks omitted).  "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true."  F.D.I.C. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987); Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005) ("a

---

[5] In Plaintiff's SSDMF, Defendant does not dispute that certain of the Products contain malic and/or fumaric acids and that they are artificial.  (Dkt. No. 134-2, P's Reply to SSDMF, Nos. 11-14, 15-19, 20-22.)

defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law."). "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002). However, district courts have held unless prejudice to the plaintiff is demonstrated, simple mislabeling a defense as an affirmative defense is not grounds for granting a motion to strike or partial summary judgment because under Rule 8(b), negative defenses may be raised in the answer. See <u>Kohler v. Islands Rests, LP</u>, 280 F.R.D. 560, 567 (S.D. Cal. 2012) ("The Court fails to see how identifying a defense as 'affirmative,' when in actuality it is not, makes that defense legally insufficient" and denying partial summary judgment on affirmative defenses of failure to state a claim and lack of standing); <u>Tattersalls Ltd. v. Wiener</u>, Case No. 17cv1125-BTM(JLB), 2019 WL 669640, at *3 (S.D. Cal. Feb. 19, 2019) ("Absent a showing of prejudice, classification of a defense as 'affirmative' or 'negative' does not necessitate that the offending answer be stricken.") (citing cases).

Plaintiff argues that Defendant's First (failure to state a claim), Seventh (Puffing), Seventeenth (adequate remedy at law), and Twenty Fourth (lack of damages, speculative damages) affirmative defenses are not cognizable. Ocean Spray opposes. These asserted affirmative defenses are in fact denials rather than affirmative defenses. See <u>Vogel v. Huntington Oaks Delaware Partners</u>, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (Failure to state a claim "is a defect in a plaintiff's claim and not an additional set of facts that would bar recovery notwithstanding the plaintiff's valid prima facie case."); <u>Joe Hand Promotions v. Kurti</u>, No. 14cv1277-LAB, 2015 WL 5276691, at * 1 (S.D. Cal. 2015) ("speculative damages[] is a defense to damages not an affirmative defense); <u>Fishman v. Tiger Natural Gas Inc.</u>, No. C 17-5351-WHA, 2018 WL 4468680, at *6 (N.D. Cal. Sept. 18, 2018) (puffery defense merely denies allegation in the complaint and not an affirmative defense). ); <u>Chowning v. Kohl's Dep't Stores, Inc.</u>, Case No. CV 15-8673 RGK(SPx), 2016 WL 7655753, at *3 (C.D. Cal. Apr. 1, 2016) (adequate remedy at law

attacks the plaintiff's prima facie case).  Because Plaintiff has not demonstrated prejudice, the Court DENIES her motion for partial summary judgment on these negative defenses.

The Nineteenth (no right to punitive or exemplary damages) affirmative defense states that Plaintiff is not entitled to punitive or exemplary damages on any causes of action because it would violate the due process and/or equal protection clauses of the California and United States Constitutions.  Plaintiff maintains that this affirmative defense fails as a matter of law and cites to Comercializadora Recmaq v. Hollywood Auto Mall, LLC, Case No. 12cv945 AJB(MDD), 2014 WL 3628272, at *17 (S.D. Cal. July 21, 2014) which held that "no punitive damages" was not an affirmative defense because it is a statement that plaintiff has not demonstrated a right to recover those damages.  However, Comercializadora Recmaq only dealt with a "no punitive damages" defense.  Here, the constitutionality defense is a valid affirmative defense.  See DC Labs Inc. v. Celebrity Signature Int'l, Inc., 12cv1454-BEN(DHB), 2013 WL 4026366, at *5-6 (S.D. Cal. Aug. 6, 2013) (distinguishing between punitive damages because it failed to plead facts as not an affirmative defense with the constitutionality defense as a properly pled affirmative defense); Weddle v. Bayer AG Corp., No. 11cv817 JLS(NLS), 2012 WL 1019824, at *5 (S.D. Cal. Mar. 26, 2012) (denying motion to strike punitive damages as unlawful as a valid affirmative defense but granting motion to strike punitive damages for failing to plead sufficient facts).  Therefore, the affirmative defense of punitive damages in violation of the U.S. and California Constitutions is legally cognizable, and the Court DENIES Plaintiff's motion for partial summary judgment on the Nineteenth affirmative defense.

On the Twenty-Sixth (statute of limitations) affirmative defense, Plaintiff argues she learned of Defendants' unlawful conduct in late December 2016 and since she filed her complaint several months later, summary judgment should be granted on this affirmative defense.  Defendant disagrees arguing that this issue is premature given that the class definition goes back to 2011, and the CLRA and FAL three-year statute of

16

limitations and the UCL four-year statute of limitations would make her claims untimely unless the discovery doctrine or continuous accrual doctrine applied.  Because Defendant has raised an issue of fact on the statute of limitations, the Court DENIES Plaintiff's motion for partial summary judgment on the Twenty-Sixth (statute of limitations) affirmative defense.

Next, Plaintiff contends that the Twentieth affirmative defense (no attorney's fees because no basis in law or contract) fails because attorneys' fees are available under the UCL citing Zhang v. Superior Ct., 57 Cal. 4th 364, 371 (2013).  However, as noted by Defendant, Zhang held that attorneys' fees are not permitted under the UCL but noted that "a prevailing plaintiff may seek attorney's fees as an attorney general under California Code of Civil Procedure section 1021.5." Id. n. 4.  Moreover, Defendant argues it is premature to grant summary judgment as this issue is usually resolved after judgment has been entered.  See Ferretti v. Pfizer Inc., No. 11cv4486, 2013 WL 140088, at *22 (N.D. Cal. Jan. 10, 2013) (denying summary judgment on request for attorneys' fees under section 1021.5).  The Court agrees that summary judgment on this issue is premature and cannot be determined until judgment in the case.  Accordingly, the Court DENIES Plaintiff's motion on the Twentieth affirmative defense.

Finally, Plaintiff argues that the Third (equitable defenses-waiver), Fourth (equitable defenses – estoppel), Eighteenth (no right to injunctive relief) and Twenty-Third (failure to mitigate) affirmative defenses are not supported by any allegations to provide her with fair notice.  Defendants argue that because Plaintiff has failed to provide a separate statement to frame the facts she contends are undisputed, the Court should deny summary judgment motion on these affirmative defenses.  Plaintiff does not address this argument in her reply.

An affirmative defense may be struck under Rule 12(f) for failure to comply with Rule 8(c)'s requirement; however, Plaintiff did not file a motion to strike.  On a motion for summary judgment, the Court must consider whether the requirements under Rule 56 have been met.  See Arrow Elecs, Inc. v. Night Operations Sys., Inc., No. 10cv175-ECR-

VPC, 2011 WL 2633155, at *6 (D. Nev. July 1, 2011) (plaintiff alleges that the affirmative defenses failed to comply with Rule 8(c) but because the motion was filed under Rule 56, not Rule 12(f), district court considered the motion on the summary judgment standard).

The undersigned chambers' Civil Pretrial & Trial Procedures provides that "[a]ll motions for summary judgment shall be accompanied by a separate statement setting forth plainly and concisely all material facts that the moving party contends are undisputed. Each of the material fact shall be followed by a reference to the supporting evidence." J. Curiel Civil Chambers Rules. Plaintiff has not provided a separate statement as to her motion for summary judgment on the affirmative defenses.

Further, a "moving party without the ultimate burden of persuasion at trial . . . has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." Id. at 1102-03. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Id.

Here, Plaintiff argues that the Third, Fourth, Eighteenth, and Twenty-Third affirmative defenses are conclusory and not supported by any facts and Ocean Spray has failed to advance any evidence to support these defenses; therefore "[b]ecause Defendants have developed no facts that would create a genuine issue of fact on any of these defenses, the Court should grant summary judgment on these defenses." (Dkt. No. 101-1 at 24.) On the Eighteen (no right to injunctive relief) affirmative defense, Plaintiff

maintains that Defendants offer no plausible facts supporting its conclusion that any hardship imposed on it would be greatly disproportionate to Plaintiff's hardship.  (Id. at 28.)  Because on summary judgment Plaintiff has the burden of production to either "produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial", the Court concludes that she has not met her burden and Ocean Spray need not come forward with evidence to oppose her motion.  Accordingly, the Court DENIES Plaintiff's motion for partial summary judgment on the Third, Fourth, Eighteenth, and Twenty-Third affirmative defenses.

Similarly, on the Tenth (lack of awareness), Eleventh (lack of reliance), Thirteenth (conduct not fraudulent or likely to deceive), Fourteenth (lack of materiality), and Fifteenth (lack of standing) affirmative defenses, Plaintiff argues that Defendant fails to dispute the evidence in support.  In response, Defendant merely argues that the affirmative defense are not supported by filing a separate statement to frame the issues and is a ground for denial.  However, on these five affirmative defenses, Plaintiff cites to the evidence supporting her argument in her brief.  Because Defendant has failed to produce evidence in response, the Court GRANTS summary judgment on these affirmative defenses.  Accordingly, the Court GRANTS Plaintiff's motion for partial summary judgment as a matter of law on the Tenth, Eleventh, Thirteenth, Fourteenth and Fifteenth affirmative defenses.

Finally, Defendants have not opposed Plaintiff's motion on the Second (equitable defenses- laches), Fifth (good faith), Sixth (First Amendment Rights), Eighth (lack of intent), Ninth (causation is lacking), Twenty-Second (damages caused by other causes), and Twenty-Ninth (reservation) affirmative defenses.  Accordingly, the Court GRANTS Plaintiff's motion for partial summary judgment these affirmative defenses as unopposed.

In sum, the Court GRANTS in part and DENIES in part Plaintiff's motion for partial summary judgment.

/ / /

17cv2335-GPC(MDD)

**C.      Defendant Arnold Worldwide LLC's Motion for Summary Judgment**

Arnold Worldwide moves for summary judgment on all claims against it because Plaintiff has failed to create a genuine issue of fact that it participated substantially or even at all in the labels that are allegedly false.  This is particularly so because Plaintiff never propounded any discovery on Arnold Worldwide.  As such, Plaintiff has failed to make any showing of Arnold Worldwide's involvement in the labeling of the Products at issue which eliminates the essential element on each cause of action she pleads.

In response, Plaintiff, relying on the allegations in the Complaint, argues that she does not claim that Arnold was involved in the manufacturing, developing, sourcing or selling of the Products at issue; instead she claims that Arnold "was the advertising agency that advertised and marketed the Products at issue, and such advertisements were unlawful." (Dkt. No. 137 at 7.)

Plaintiff alleges violations of the CLRA, UCL unlawful and unfair prong, and FAL against Arnold Worldwide.  (Dkt. No. 1-2, Compl.)  In order to demonstrate liability on these causes of action, Plaintiff must, as a threshold matter, demonstrate that Arnold Worldwide was the advertising agency that was involved in labeling the Products at issue.  Without demonstrating Arnold Worldwide's role in the Products at issue, all the claims necessarily fail.

According to its Managing Director, Arnold Worldwide is an advertising agency offering digital, promotion, design, and branded content services.  (Dkt. No. 109-3, Nelson Decl. ¶ 2.)  Arnold Worldwide does not develop or manufacture beverages and had no involvement in the development or manufacture of the Ocean Spray products in this case.  (Id. ¶ 3.)  It was not involved in the product formulas for the Ocean Spray products at issue in this case or in the selection of malic and fumaric acid for these products.  (Id. ¶ 4.)  It also had no involvement in the sourcing of malic and fumaric acid for the Products and had no dealings with the companies which supplied these ingredients.  (Id. ¶ 5.)  Arnold Worldwide makes no decision whether a given product is or is not eligible to bear a "no artificial flavors" label claim and did not make the

determination of whether the "no artificial flavors" label element could be used in conjunction with malic and fumaric acid on the Ocean Spray Products.  (Id. ¶ 6.)  Arnold Worldwide does not distribute or sell the Ocean Spray products, either to retailers or directly to consumers.  (Id. ¶ 7.)

In response, Plaintiff argues that Arnold was involved in the manufacturing, developing, sourcing or selling of the Products at issue and citing to the Complaint, she alleges that Arnold was the advertising agency that advertised the Products at issue which included advertisements that were unlawful.  (Dkt. No. 1-2, Compl. ¶ 17.)  The Complaint alleges that Arnold Worldwide "participates substantially in the labeling and advertising of these products."  (Id. ¶ 6.)  As the advertising agency "responsible for Ocean Spray's labeling and advertising design for the Products", it is jointly responsible for the false statements.  (Id. ¶ 70.)  "Arnold designed, approved, or contributed to the design of the Products' labels which falsely advertised the Products."  (Id. ¶ 156.)

Plaintiff claims that Arnold has never refuted the fact that it was the advertising agency for Ocean Spray for the Products.  In support, Plaintiff references three documents.  One is Arnold's motion to quash subpoena in the District Court for the District of Massachusetts for a civil action in the Central District of California entitled, Pom Wonderful LLC v. Ocean Spray Cranberries, Inc. where Arnold states "Arnold Worldwide is the advertising agent of record for Ocean Spray, and has, over the years, developed many kinds of advertising for Ocean Spray, much of which was never communicated to customers."  (Dkt. No. 137-4, Marron Decl., Ex. 1 at 3.)  In that case, discovery was limited to one product at issue, "Ocean Spray's Cranberry & Pomegranate Flavored Juice Blend."  (Id. at 4-5.)  That Product is not at issue in this case and Plaintiff has not asserted that the Cranberry & Pomegranate Flavored Juice Blend is one of the Products at issue in this case.  Thus, this evidence is not supportive of Plaintiff's position.

Next, Plaintiff presents an SEC Form 10-K filing, dated 2001, from Snyder Communication, Inc. where it states its advertising and public relations business is "operated through Havas Advertising's Arnold Worldwide agency" and that Arnold

1   Worldwide's "major clients" include Ocean Spray.  (Dkt. No. 137-5, Marron Decl. ¶ 3 &
2   Ex. 2 at 11.)  Plaintiff also provides several pages extracted from the 2015 Annual Report
3   from Havas, Arnold Worldwide LLC's parent company, stating that Ocean Spray is on
4   Arnold's "impressive and diversified client roster."  (Dkt. No. 137-6, Marron Decl. ¶ 4 &
5   Ex. 3 at 18.)  While these documents demonstrate that Ocean Spray is a client of Arnold
6   Worldwide, it does not set forth evidence in opposition to a summary judgment motion to
7   show that Arnold Worldwide was involved, in any way, in the labeling of the Products at
8   issue in this case.

9        Accordingly, because Plaintiff has failed to "go beyond the pleadings and by her
10  own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file'
11  designate 'specific facts showing that there is a genuine issue for trial'", Celotex, 477
12  U.S. at 324, the Court GRANTS Arnold Worldwide's motion for summary judgment on
13  all causes of action against it.

14  **C.      Request for Judicial Notice**

15       Plaintiff filed a request for judicial notice of three documents in support of her
16  opposition to Arnold Worldwide's motion for summary judgment that include a filing in
17  the District Court of Massachusetts; a Form 10-K submitted to the SEC and a publicly
18  available annual report from Defendant Arnold Worldwide LLC's parent company,
19  Havas.  (Dkt. No. 137-7.)  No opposition has been filed.

20       Federal Rule of Evidence 201 provides for judicial notice of facts that are not
21  subject to reasonable dispute because they are either "generally known" or "can be
22  accurately and readily determined by reference to sources whose accuracy cannot
23  reasonably be questioned."  Fed. R. Evid. 201.  These publicly filed documents are
24  subject to judicial notice.  See Dreiling v. Am. Exp. Co., 458 F.3d 942, 946 n. 2 (9th Cir.
25  2006) (SEC filings subject to judicial notice); Harris v. Cnty. of Orange, 682 F.3d 1126,
26  1132 (9th Cir. 2012) (taking judicial notice of documents filed in federal or state courts);
27  see e.g,, Rote v. Silicon Valley Bank, Inc., Case No. 3:16cv471-SI,2016 WL 4565776, at
28  * 5 (D. Or. Sept. 1, 2016 (taking judicial notice of annual report filed with Oregon

Secretary of State).  Here, Arnold Worldwide does not oppose the request.  Accordingly, the Court GRANTS Plaintiff's request for judicial notice.

Defendants filed a request for judicial notice in support of its opposition to Plaintiff's motion for summary judgment.  (Dkt. No. 125-13.)  They seek judicial notice of ISO 5492 (2008) and ORA Laboratory Manual, FDA, Office of Regulatory Affairs, Volume IV, Orientation and Training, Section 8; Sensory Analysis.  (Id.)  Plaintiff filed an opposition arguing that the documents are unauthenticated and contain hearsay.  (Dkt. No. 134-3.)   Because the Court did not rely on these documents in its order, the Court DENIES Defendants' request for judicial notice as MOOT.

**D.     Evidentiary Objections**

Plaintiff filed objections to evidence offered by Defendants in support of motion for partial summary judgment.  (Dkt. No. 134-4.)  She specifically objects to each paragraph in Kevin Penwell and Paula Lent's declarations.  After considering Plaintiff's objections, the Court OVERRULES Plaintiff's objections as to the assertions in Lent's declaration.  The Court considered the admissibility of Lent's declaration in its Order denying Plaintiff's motion to exclude the opinions of Paula Lent.  Moreover, because the Court did not consider Penwell's declaration, the Court also OVERRULES Plaintiff's objections as to his declaration.

**Conclusion**

Based on the reasoning above, the Court GRANTS in part and DENIES in part Plaintiff's motion for partial summary judgment and DENIES Ocean Spray's motion for summary judgment.  The Court also GRANTS Defendant Arnold Worldwide's motion for summary judgment.  The hearing set for July 12, 2019 shall be **vacated**.

IT IS SO ORDERED.

Dated:  July 3, 2019

Hon. Gonzalo P. Curiel
United States District Judge

23

17cv2335-GPC(MDD)