**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC.; ARNOLD WORLDWIDE, LLC; and Doe Defendants 1 through 5, inclusive,<br><br>Defendants. | CASE NO.: 3:17-CV-2335-GPC-MDD<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S *EX PARTE* MOTION TO CLARIFY AND AMEND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL**<br><br>Judge: Hon. Gonzalo P. Curiel |

## I. Introduction

Plaintiff Crystal Hilsley respectfully submits this *Ex Parte* Motion to Clarify and Amend the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Class Certification and Appointing Class Counsel dated November 29, 2018. (Dkt. No. 83). A technical Amendment to the Order is necessary to protect the Court's jurisdiction over the certified California Class in this consumer class action.

Twelve months after this litigation was commenced in this Court, a sloppily-drafted copycat complaint was filed in Massachusetts alleging the same causes of action against the same defendant, for plaintiffs seeking to represent a 49-state class excluding California claimants.[1] Unlike in the action in this Court, in which the defendant filed two motions for summary judgment, vigorously opposed class certification, and subsequently filed a motion to decertify the Class, this same defendant in the *Froio* action filed *no* substantive pleadings but instead proceeded directly to mediation and settlement negotiations.

Counsel for Defendant has communicated to Class Counsel in no uncertain terms, detailed further below, that Defendant intends to try to settle the California Class's claims as part of a *50-state* settlement in the *Froio* action, despite that pursuant to the Class Certification Order this Court has exerted its jurisdiction to adjudicate those claims.

The amendment will therefore clarify the Court's Class Certification Order to specify that this Court's appointed California Class Counsel has exclusive authority to enter into settlement negotiations on behalf of the certified California class and that this Court retains jurisdiction to oversee and approve any such settlement of the California Class claims.

---

[1] *Froio et al v. Ocean Spray Cranberries, Inc.*, Case No. 1:18-cv-12005-FDS (D. Mass. Sept. 24, 2018) ("*Froio*"). A copy of the complaint that was filed in the *Froio* action ("*Froio* Compl.") is attached to the concurrently-filed Declaration of Ronald A. Marron in Support of Plaintiff's *Ex Parte* Motion to Amend Class Certification Order ("Marron Decl.") as Exhibit 1. A copy of the *Froio* docket ("*Froio* Dkt.") dated July 25, 2019 is attached to the Marron Declaration as Exhibit 2.

1

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
PLAINTIFF'S *EX PARTE* MOTION TO CLARIFY AND AMEND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL

## II. Compliance with Local Rule 83.3(g)(2)

Pursuant to Local Civil Rule 83.3(g)(2), on July 22, 2019, Class Counsel provided counsel for Ocean Spray with notice via email of their intent to file this *ex parte* motion. Marron Decl., ¶ 6 & Ex. 4. In an effort to avoid *ex parte* motion practice, Class Counsel also asked that Ocean Spray to "confirm that any settlement negotiations in the *Froio* matter will not include a release of the California Class claims that are at issue in the *Hilsley* matter" by no later than July 24, 2019. Marron Decl., ¶ 6 & Ex. 4. As of the date of this filing, counsel for Ocean Spray has not responded to Class Counsel's email. Marron Decl., ¶ 6. Among other things, Class Counsel also asked counsel for Ocean Spray about the settlement negotiations in the *Froio* action and Ocean Spray's counsel responded that Defendant would only engage in one "global settlement" of nationwide claims. Marron Decl., ¶ 5.

On July 24, 2019, Class Counsel participated in a phone call with Mr. Adam Siegler, counsel for Ocean Spray. Marron Decl., ¶ 7. During that call, Mr. Siegler stated that he was unaware of the status of the *Froio* matter and that he was unaware whether his law partner, Mr. Rick Shackelford, was traveling to attend a scheduled mediation in *Froio*. Marron Decl., ¶ 7 & Ex. 5.

## III. Background

### A. The *Hilsley* Action and the Certified California Class

The present *Hilsley* action was filed on September 19, 2017 in the California Superior Court for the County of San Diego. (Dkt. No. 1). On November 16, 2017, Ocean Spray removed the action to this Court. (Dkt. No. 1).

Plaintiff Hilsley alleges that product labels claiming that Ocean Spray's fruit-flavored beverage products contain "No Artificial Flavors" are false and misleading because the Products actually contain an artificial flavoring ingredient called dl-malic acid. (See Dkt. No. 1-2 ("Compl."), ¶ 32). Plaintiff alleges that this type of malic acid "is not naturally-occurring but is in fact made in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—after an intermediate

2

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
PLAINTIFF'S *EX PARTE* MOTION TO CLARIFY AND AMEND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTING
CLASS COUNSEL

conversion to maleic anhydride through a series of chemical reactions involving toxic chemical precursors and byproducts." (Compl., ¶ 33). Plaintiff also alleges that some of the Ocean Spray Products also contain a similar artificial flavoring ingredient called fumaric acid. (Compl., ¶ 54). Plaintiff alleges that she paid a premium for Ocean Spray Products believing that the Products contained "No Artificial Flavors." (Compl., ¶ 67).

On November 29, 2018, this Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Class Certification and Appointing Class Counsel. (Dkt. No. 83). The Court granted Plaintiff's motion to certify a class with respect to her claims for violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"), and violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"). (Dkt. No. 83 at 37). The Court certified a damages class pursuant to Federal Rule of Civil Procedure 23(b)(3) in addition to an injunctive relief class pursuant to Federal Rule of Civil Procedure 23(b)(2). (Dkt. No. 83 at 37). The Class is defined as follows:

> All California Citizens who purchased one of the following Ocean Spray Products, for personal and household use and not for resale, in California from January 1, 2011 until the date class notice is disseminated:
>
> • Ocean Spray Cran Apple;
> • Ocean Spray Cran Grape;
> • Ocean Spray "100% Apple" Juice Drink;
> • Ocean Spray Cran Raspberry;
> • Ocean Spray Wave Apple with White Cranberries;
> • Ocean Spray Wave Berry Medley;
> • Ocean Spray Cran Cherry;
> • Ocean Spray Cran Pineapple;
> • Ocean Spray Cran Pomegranate;
> • Ocean Spray Diet Cran Pomegranate;
> • Ocean Spray Diet Cran Cherry;
> • Ocean Spray Cranberry Cherry Flavor 100% Juice.
>
> Excluded from the Class are Defendants' current and former officers and directors, members of the immediate families of Defendants' officers and directors,

Defendants' legal representatives, heirs, successors, and assigns, any entity in which Defendants have or had a controlling interest during the Class Period, and the judicial officers to whom this lawsuit is assigned.

(Dkt. No. 83 at 38).

In its Class Certification Order, the Court also held that "[b]ased on Plaintiff's counsel extensive experience in class action litigation involving consumer class actions including false advertising, as well as mislabeling of consumer products… and their performance in prosecution this case, the Court appoints Law Offices of Ronald A. Marron and the Law Office of David Elliot as Class Counsel." (Dkt. No. 83 at 38-39).

As the Court is aware, the Parties in this action have exchanged substantial written discovery requests and responses, exchanged voluminous expert reports, and have taken several fact witness and expert witness depositions. On July 3, 2019, the Court entered an Order Granting in Part and Denying in Part Plaintiff's Motion for Partial Summary Judgment; Denying Defendant Ocean Spray's Motion For Summary Judgment; and Granting Arnold Worldwide's Motion For Summary Judgment. (Dkt. No. 193). On July 10, 2019, the Court issued an Order denying Ocean Spray's Motion to Decertify the Class. (Dkt. No. 196). The Parties in this action are now preparing for trial and a Final Pre-Trial Conference is currently set for August 23, 2019. (Dkt. No. 180).

### B. The Copycat *Froio* Action

The *Froio* action was filed on September 24, 2018 in the United States District Court for the District of Massachusetts. Marron Decl., ¶ 2 & Ex. 1. The plaintiffs in the *Froio* action assert identical claims to those asserted in the present *Hilsley* action that certain Ocean Spray juice products contain undisclosed flavoring ingredients called malic acid and fumaric acid despite being labeled as containing "No Artificial Flavors." *Froio* Compl., ¶¶ 17-33. The *Froio* plaintiffs seek to represent a class defined as "all persons in the United States who purchased the Products during the class period, *excluding* people in California" as well as Massachusetts and New York sub-classes. *Froio* Compl., ¶ 46 (emphasis added). The *Froio* plaintiffs assert claims under the consumer protection laws of Massachusetts and New York.

4

The *Froio* action is still in its infancy. A stipulated protective order was only recently entered, on March 11, 2019. *Froio* Dkt. at 42. No substantive motions have been filed, no discovery disputes have been raised, class certification has not yet been moved for, much less litigated, and no putative class has therefore been certified. *See generally Froio* Dkt.

Despite this lack of active litigation, the Parties in the *Froio* action have entered into and are actively involved in settlement negotiations and the case is currently stayed to accommodate a second mediation session. Marron Decl., ¶¶ 3-4 & Exs. 2-3. On April 17, 2019, the parties in *Froio* filed a joint motion to extend case management deadlines to accommodate a mediation that was scheduled for June 18, 2019. *Froio,* Dkt. No. 43. On June 20, 2019, the *Froio* parties filed an additional joint motion to stay deadlines to accommodate a second mediation. *Froio,* Dkt. No. 45. In that filing, the parties noted that "mediation went forward on June 18, 2019, as scheduled" and that "[a]lthough the parties did not reach a settlement, they have agreed to continue the mediation." *Froio,* Dkt. No. 45. On June 23, 2019, the *Froio* Court granted the parties' joint motion to stay proceedings. *Froio,* Dkt. No. 46.

## IV. Ocean Spray Is Attempting to Engineer A "Reverse Auction" of the Class Claims

Defendant's explicit communications to Class Counsel, and subsequent failure to disavow when offered the opportunity to clarify those communications (*see* Marron Decl., ¶¶ 5-7), lead Class Counsel to conclude unequivocally that Ocean Spray is attempting to engage in a "reverse auction" to settle out the claims of the certified California Class on the cheap in another forum. *See, e.g., Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008) ("A reverse auction is said to occur when 'the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant.'"); *Red Flags in Proposed Settlements—Reverse Auctions*, NEWBERG ON CLASS ACTIONS § 13:57 (5th

5

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
PLAINTIFF'S *EX PARTE* MOTION TO CLARIFY AND AMEND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL

ed.); John C. Coffee, Jr., *Class Wars: The Dilemma of the Mass Tort Class Action*, 95 COLUM. L. REV. 1343, 1372 (1995) ("In overview, the critical factor essential to collusion is competition among teams of plaintiffs' attorneys that the defendants can exploit…Once rival plaintiff teams are in competition with each other, and each is able to agree to a binding settlement of a nationwide class action, the 'reverse auction' can begin. No explicit agreement among the participants is needed; all that is necessary is that each team of plaintiffs' attorneys sees that it can be divested of any participation in the action unless it reaches a settlement with the defendants first.").

Counsel for Defendant has stated repeatedly that Defendant will only enter into settlement negotiations for a "global" 50-state settlement. Defendant has offered to enter into negotiations and mediation with Class Counsel *only* toward a 50-state settlement, and has repeatedly and explicitly declined any offer to negotiate the claims of the California Class otherwise. Defendant, however, has entered into and is proceeding actively to mediate a settlement with the *Froio* plaintiffs (s*ee* Marron Decl., ¶¶ 5-7), and when asked for clarification has refused to state that Defendant will not attempt to settle out the California Class's claims in the Massachusetts forum, *id*.

For these reasons, Class Counsel respectfully requests that the Court amend its November 29, 2018 Class Certification Order to clarify that Class Counsel in the present *Hilsley* action has exclusive authority to enter into settlement negotiations relating to the claims of the certified California Class. An amended Order clarifying the role of Class Counsel in this action will prevent Ocean Spray from unfairly compromising the claims of the California Class through a "reverse auction" and will ensure that the Class continues to be represented by capable counsel with a proven track record of successful results on behalf of the Class.

## V. The Court Should Clarify that It has Exclusive Jurisdiction over the California Class and the Appointed Class Counsel in *Hilsley* Have Exclusive Authority to Engage in Settlement Negotiations Affecting the Rights of the California Class Members

The amended Class Certification Order that Plaintiff seeks should clarify that appointed Class Counsel in *Hilsley* have the exclusive authority to engage in settlement negotiations affecting the rights of the California class members. Such an Order is necessary to protect the interests of the absent California class members from a "reverse auction" type settlement that could bargain away class members' rights. Class Counsel in *Hilsley*, having litigated the action from its inception through pre-trial, are aptly familiar with the California Class claims and are in the best position to negotiate a settlement that would release the claims of the certified California class. This Court has already appointed Class Counsel to represent the interests of the California Class; allowing Ocean Spray to negotiate a release of the California Class's claims with other counsel, who have not actively litigated the case and have demonstrated their unfamiliarity with the claims at issue, would surely circumvent the Court's Class Certification Order and harm the interests of the absent class members.

Federal Rule of Civil Procedure 23(g)(1) also provides that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). The advisory committee notes make clear that the appointed class counsel "must determine whether seeking the court's approval of a settlement would be in the best interests of the class as a whole." Fed. R. Civ. P. 23 advisory committee notes on 2003 amendment; *see also* 1 NEWBERG ON CLASS ACTIONS § 3:82 (5th ed.) Allowing Ocean Spray to negotiate a settlement with non-appointed counsel would circumvent the procedural safeguards set forth in Rule 23(g).

To ensure that the California class members are adequately represented, the Court should issue an amended Order clarifying that appointed Class Counsel have the sole authority to conduct settlement negotiations on behalf of the Class. *See, e.g., In re California Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2008 WL 4820752, at *2 (N.D.

7

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
PLAINTIFF'S *EX PARTE* MOTION TO CLARIFY AND AMEND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL

Cal. Nov. 3, 2008) (granting interim class counsel authority to conduct "settlement negotiations with defendants"); *In re Trader Joe's Tuna Litig.*, No. 216CV01371ODWAJWX, 2016 WL 7407329, at *2 (C.D. Cal. Dec. 21, 2016) (noting that responsibilities of appointed class counsel "includes conducting extensive discovery, making or responding to motions, and engaging in settlement negotiations."); *Bartling v. Apple Inc.*, No. 5:18-CV-00147-EJD, 2018 WL 4804735, at *2 (N.D. Cal. Apr. 27, 2018) (defining the responsibilities of Class Counsel to include negotiating "with defense counsel with respect to settlement and other matters"); *Baker v. Saint-Gobain Performance Plastics Corp.*, No. 116CV0220LEKDJS, 2016 WL 4028974, at *6 (N.D.N.Y. July 27, 2016) (granting class counsel authority to "conduct settlement negotiations with Defendants, and if there is a settlement, propose a claims protocol and/or plan of allocation").

## VI. Conclusion

For the reasons set forth above, the Court should issue an amended Class Certification Order clarifying that Class Counsel, the Law Offices of Ronald A. Marron and the Law Office of David Elliot, have the sole authority to negotiate a settlement on behalf of the certified California Class.

Dated: July 25, 2019

Respectfully submitted,

/s/ *Ronald A. Marron*
RONALD A. MARRON

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
MICHAEL HOUCHIN
LILACH HALPERIN
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

8

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
***Attorneys for Plaintiff and the Class***

9

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
PLAINTIFF'S *EX PARTE* MOTION TO CLARIFY AND AMEND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTING CLASS COUNSEL