GREENBERG TRAURIG, LLP
Rick L. Shackelford (SBN 151262)
Adam Siegler (SBN 116233)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone: 310-586-7700; Fax: 310-586-7800
Email:   *ShackelfordR@gtlaw.com*
         *SieglerA@gtlaw.com*

Attorneys for Defendants
Ocean Spray Cranberries, Inc. and Arnold Worldwide, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC.; ARNOLD WORLDWIDE LLC, and Doe Defendants 1 through 5, inclusive,<br><br>Defendant. | CASE NO.: 3:17-CV-2335-GPC-MDD<br><br>[Hon. Gonzalo P. Curiel]<br><br>**DECLARATION OF RICK SHACKELFORD IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION**<br><br>[Filed concurrently with Opposition to *Ex Parte*]<br><br><br>Date of Removal:    September 19, 2017 |

# DECLARATION OF RICK SHACKELFORD

I, Rick Shackelford, declare and state:

1. I am a shareholder in the Los Angeles office Greenberg Traurig, LLP. I am counsel of record for defendant Ocean Spray Cranberries, Inc. in this action, and in the action styled *Froio v. Ocean Spray Cranberries, Inc.*, Case number 18-CV-12005-FDS, currently pending in the United States District Court for the District of Massachusetts. I am a member in good standing of the State Bar of California and am licensed to practice before all courts of the state and before this Court. I make this declaration in support of Ocean Spray's opposition to Plaintiff's *ex parte* motion for clarification of this Court's order granting, in part, class certification. Unless otherwise stated on information and belief, I have personal knowledge of the facts stated in this declaration, and if called and sworn as a witness, I could testify competently thereto.

2. On March 25, 2019, I submitted to Magistrate Judge Dembin Defendants' Mandatory Settlement Conference statement. This statement was submitted confidentially, as was Plaintiff's statement, so I do not know what Plaintiff said. However, Ocean Spray's statement informed Magistrate Judge Dembin that Ocean Spray believed the mandatory settlement conference would not be productive because Plaintiff had refused to make her key expert available for deposition. The next day Magistrate Judge Dembin issued an order cancelling the mandatory settlement conference.

3. On April 17, 2019, the parties in the *Froio* action filed a joint motion to extend certain pre-trial deadlines while the parties attempted to resolve that matter at mediation. On April 19, 2019, Judge Saylor entered a minute order and the docket (and therefore publicly available) staying the *Froio* action pending mediation on on June 18, 2019. A true and correct copy of that minute order is attached as **Exhibit 1**. On April 23, 2019, I received a letter from JAMS in Boston, Massachusetts, confirming a mediation date of June 18, 2019, in the *Froio* action with Judge Stephen E. Neel, Ret. A true and correct copy of this letter is attached as **Exhibit 2**. Neither Plaintiff nor her

1

counsel ever asked me if Ocean Spray would agree to allow them to participate in that mediation.

4.  Prior to the mediation, Ocean Spray furnished to the *Froio* counsel all of the information Ocean Spray had produced in discovery in the *Hilsley* action, subject to substantially the same protective order. In addition, Ocean Spray produced to Froio national wholesale sales figures, just as it had produced California numbers to Plaintiff. The parties submitted mediation briefs to Judge Neel. Due to mediation confidentiality, I will not provide any details except to say that both sides' mediation statements discussed the status of the *Hilsley* case.

5.  Not coincidentally, Ocean Spray received, and forwarded to me, a letter from the Law Offices of Ronald A. Marron, counsel of record in the *Hilsley* action, dated June 17, 2019 – the day before the *Froio* mediation. This letter was a pre-suit demand on behalf of a Massachusetts resident pursuant to Mass. Gen. L. 93A. A true and correct copy of that letter is attached as **Exhibit 3**.

6.  The parties in *Froio* conducted a full day's mediation on June 18, 2019, but did not reach any settlement. They did agree to resume mediation after Judge Neel returned from vacation, and resumed on the first available day, July 18, 2019. On June 23, 2019, the Court in *Froio* issued a minute order (again publicly available) extending the stay of the case. A true and correct copy of that minute order is attached as **Exhibit 4**. In between mediation sessions, this Court entered its order denying Ocean Spray's motion to decertify the class in *Hilsley*. Judge Neel was made aware of that order as part of the second day of mediation.

7.  After this Court issued its order denying decertification, I had some discussions with Mr. Marron regarding a possible resolution of *Hilsley*. I would regard those as preliminary in nature, but will not provide details or further characterization. I will note that Ocean Spray expressed its willingness to mediate before Magistrate Judge Dembin. No such mediation has occurred or been scheduled.

8. I note that Mr. Marron's declaration [Dkt. 199-1, ¶ 7] relates that he inquired of Mr. Siegler regarding the status of the *Froio* case, and insinuated there was something suspicious about Mr. Siegler's lack of information. There is not. I am lead counsel on both *Froio* and *Hilsley*, and have separate teams working on the respective cases. I am the only one privy to settlement discussions in both cases, and I have intentionally kept it that way so that I could make sure that terms discussed with one plaintiff group did not get disclosed by Ocean Spray counsel to the other plaintiff group. I was in Tampa, Florida on business on July 24, and thus unable to respond to Mr. Marron. This *ex parte* filing was made before I returned from that trip.

9. Because I have been involved in both days of mediation, as well as conversations with Mr. Marron, I can respond to Plaintiff's accusations of "reverse auction" with the following facts. First, I have not shared particulars of any settlement discussions from *Froio* with the *Hilsley* counsel or vice versa. Neither plaintiff group has learned anything from me about the settlement positions of the other group. Accordingly, nothing that Plaintiff or her counsel have learned from me could possibly support an assertion that they could negotiate a better settlement, because I have not provided or confirmed any information to them about the terms on which Ocean Spray would be willing to settle. Second, I have told both plaintiff groups that Ocean Spray was not interested in piecemeal settlements, but rather it expected to settle or try the entire "malic acid theory" once, and would therefore stipulate to any amendment of pleadings that might be necessary in either case to reach that result. Accordingly, no one could credibly claim to be surprised that Ocean Spray would attempt to obtain a comprehensive, national settlement, if one could be had. Third, because the discussions in *Froio* occurred before an experienced, third-party mediator, and because I never told the *Froio* plaintiffs (or, for that matter, Judge Neel) of the substance of any conversations I had had with counsel in *Hilsley*, there was no possibility of collusion.

10. As of the date of this declaration, the outcome of the *Froio* mediation remains confidential, and no details have been publicly disclosed. Judge Saylor has

scheduled a further status conference in *Froio* for September 12, 2019.  I expect that a motion for preliminary settlement approval will be on file prior to that status conference.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of August, 2019 at Los Angeles, California.

*/s/ Rick L. Shackelford*
Rick Shackelford

## INDEX OF EXHIBITS

| Ex. No. | Document | Page |
|---|---|---|
| 1 | April 19, 2019 Minute Order Staying the *Froio* Action Pending Mediation on June 18, 2019. | 6-7 |
| 2 | On April 23, 2019 Confirmation Letter from JAMS in Boston, Massachusetts, Re Mediation Date of June 18, 2019, In the *Froio* Action with Judge Stephen E. Neel, Ret. | 8-12 |
| 3 | June 17, 2019 Letter from Law Offices of Ronald A. Marron, Counsel of Record in The *Hilsley* Action, Re Pre-Suit Demand on Behalf Of A Massachusetts Resident Pursuant To Mass. Gen. L. 93a | 13-19 |
| 4 | June 23, 2019 Minute Order in *Froio* Issued Extending the Stay Of The Case. | 20-21 |