# EXHIBIT A

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
***Attorneys for Plaintiffs and the Class***

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY and WILLIAM RILEY, on behalf of themselves and all others similarly situated, | CASE NO.: 3:17-CV-2335-GPC-MDD |
| | **<u>CLASS ACTION</u>** |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | |
| OCEAN SPRAY CRANBERRIES, INC., | |
| Defendant. | |

1

1.     Crystal Hilsley and William Riley ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned counsel, hereby bring this action against Defendant Ocean Spray Cranberries, Inc. ("Defendant" or "Ocean Spray"), and upon information and belief and investigation of counsel, allege as follows:

## JURISDICTION AND VENUE

2.     Plaintiffs bring this proposed class action in this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005).

3.     This Court has subject matter jurisdiction over this proposed class action under CAFA, which provides the Federal courts with original jurisdiction over any class action in which any member of the plaintiff class is a citizen of a state different from any defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5 million exclusive of interest and costs.

4.     Minimal diversity, as required by 28 U.S.C. §§ 1332(a)(1) and (d)(2)(A), is satisfied as Plaintiff Hilsley is a citizen of California and Defendant Ocean Spray is a citizen of Massachusetts.

5.     The jurisdictional amount in controversy is satisfied. Plaintiffs allege on information and belief that the total claims of the members of the proposed Class in this action are in excess of $5 million in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

6.     This matter is not a "local controversy" pursuant to 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege on information and belief that more than two-thirds of the members of the proposed Class are citizens of states other than California, where this action is filed, and that the proposed Class contains more than 100 persons.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts business in this district, and Plaintiff Hilsley purchased the subject Products of this action in this judicial district. Defendant conducts business and engages in substantial transactions here, and many of the transactions complained of herein occurred in this district including specifically the

transactions between Plaintiff Hilsley and Defendant Ocean Spray.

8.     This Court has both general and specific personal jurisdiction over Defendant.

9.     The Court has personal jurisdiction over Defendant because Ocean Spray has affirmatively established and maintained contacts with the State of California and is registered to do business in California. This Court further has specific personal jurisdiction arising from Ocean Spray's decision to sell the Products in California. Ocean Spray has sufficient minimum contacts with this State and sufficiently avails itself of the markets of this State through its promotion, sales, and marketing of the Products within the State to render the exercise of jurisdiction by this Court reasonable.

10.     Venue is proper in this District because Ocean Spray conducts business here, engages in substantial transactions in this District, and many of the transactions complained of herein occurred in this District including specifically the transactions between Plaintiff Hilsley and Ocean Spray.

## **NATURE OF THE ACTION**

11.     This is a national consumer class action for violations of the consumer protection laws of California and Massachusetts.

12.     Defendant Ocean Spray manufactures, distributes, advertises, markets, and sells a variety of juices and juice-based beverage products.

13.     Ocean Spray labels and advertises one such juice-based beverage product as "Cran·Apple" and another such juice-based beverage product as "Cran·Grape".

14.     Both products' front-of-package labels prominently display, in a conspicuous advertising panel at the top of the label, the claim that these products include "***No High Fructose Corn Syrup, Artificial Colors or Flavors***".

15.     This statement is false. Both these products include artificial flavoring chemicals that simulate the advertised fruit flavors.

16.     Because these products' labels conceal the fact that the products are made with artificial flavors, and in fact falsely claim that they contain no artificial flavors, that

labeling is false and misleading. These products are misbranded under Federal and state law.

17.    Ocean Spray manufactures and offers for sale in the U.S. numerous other juice-based products in addition to the Cran Apple and Cran Grape, products that similarly contain undisclosed artificial flavors.

18.    Ocean Spray's packaging, labeling, and advertising scheme for these products (collectively the "Products" or "Product") is intended to give consumers the impression that they are buying a premium, all-natural product instead of a product that is artificially flavored.

19.    Plaintiffs, who purchased selected Products multiple times and was deceived by Defendant's unlawful conduct, bring this action on their own behalf and on behalf of consumers nationwide to remedy Defendant's unlawful acts.

20.    On behalf of the Class as defined herein, Plaintiffs seek an order compelling Defendants to, inter alia: (1) remove the "No Artificial Flavors" statement from the Product labels; (2) award Plaintiffs and the other Class-members restitution and actual damages; and (3) pay all costs of suit, expenses, and attorney fees.

## PARTIES

21.    Defendant Ocean Spray Cranberries, Inc. is a Delaware corporation with its principal place of business located at One Ocean Spray Drive, Lakeville Massachusetts.

22.    Ocean Spray is registered with the California Secretary of State to do business in California as entity number C2082649.

23.    Ocean Spray manufactures, advertises, markets, distributes, and sells the Products in California and throughout the United States.

24.    Plaintiff Crystal Hilsley is a resident and citizen of San Diego County, California, who purchased the Products multiple times in San Diego County for personal and household consumption.

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
FIRST AMENDED COMPLAINT

25.    Plaintiff William Riley is a resident and citizen of Bristol County, Massachusetts, who purchased the Products multiple times in Bristol County for personal and household consumption.

## FACTUAL ALLEGATIONS

### A.    Ocean Spray Does Not Disclose That Its Products Are Artificially Flavored

26.    The Cran Apple Product label shows lifelike illustrations of fresh, ripe apples and cranberries; the Product's name "CranApple" along with these representations suggests to the consumer that the Product is made exclusively from and is flavored only with natural fruit juices.

27.    All of the Products included herein similarly show lifelike illustrations of fresh, ripe fruits and berries and display labels specifically naming those fruits and berries.

28.    Further reinforcing these false representations, the Product labels state that the Products contain "*No … artificial flavors*."

29.    All of the Products, however, include one or both of two chemical ingredients identified in the products' ingredient lists as "malic acid" and "fumaric acid."

30.    The "malic acid" that Ocean Spray puts in its Products is not a natural flavoring material; it is a synthetic chemical manufactured in a petrochemical factory from petroleum feedstocks.

31.    The Product's label therefore violates in consumer protection laws of California, Massachusetts, and other states in a minimum of three different ways.

32.    First, because the Products contains added flavoring ingredients that simulate and reinforce each Product's characterizing flavors, the product front label is required by law to disclose the presence of those additional flavorings rather than

misleadingly suggest that the Product's flavor is conferred only by natural fruit juices. *See, e.g.*, Cal. Health & Saf. Code §109875 et seq, (Sherman Law); 21 CFR 101.22.[1]

33.    Second, the Product ingredient list violates Federal and state law because it misleadingly identifies the malic acid constituent only as a generic "malic acid" instead of using the correct, specific, non-generic chemical name of the ingredient as required by food labeling regulations. *See* 21 CFR 101.4(a)(1). Because Defendant uses a misleading and unlawful name for this ingredient, consumers have no chance to identify it as a synthetic chemical or to know that the Product is artificially flavored.

34.    Third, and even more deceptive, is the fact that the Product claims on its front label to contain "***No … artificial flavors***", even though it contains an undisclosed artificial flavor made from petrochemicals.

35.    There is a naturally-occurring compound sometimes referred to informally as malic acid.

36.    That isn't what Ocean Spray puts in its Products.

37.    Natural malic acid is identified by its proper scientific name, "l-malic acid." L-malic acid is found naturally in some fruits and vegetables and provides the signature characterizing tart flavor of apples and other fruits.

38.    Ocean Spray, however, puts in its Products instead a synthetic manufactured flavoring chemical called dl-malic acid,[2] a racemic mixture of d- and l-isomers.

---

[1] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code §109875 *et seq*, like several other states' consumer protection laws, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. Any act or omission that would violate an FDCA regulation will also violate California's Sherman Law. *Id*. at §110100. Other states' statutory or common-law consumer protection laws also reference, incorporate by reference, or are guided by FDA regulations. Massachusetts law similarly incorporates regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. *See* 105 CMR 520.122

[2] D-malic acid is also called d-hydroxybutanedioic acid or (R)-(+)-2-Hydroxysuccinic acid.

39.    This kind of 'malic acid' is not naturally-occurring but is in fact made in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—after an intermediate conversion to maleic anhydride through a series of chemical reactions involving toxic chemical precursors and byproducts.

**B.    Federal and State Laws Require Manufacturers to Disclose Artificial Flavors in Food Products**

40.    Federal and state consumer protection laws define as an artificial flavor "any substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof."

41.    The dl-malic acid in Ocean Spray's Cran Apple and other Products is derived from petrochemicals, not from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material. . . ", and it provides a characterizing flavor for the Products. The "malic acid" that Ocean Spray puts in its Products is therefore an artificial flavor under federal and state consumer protection laws.

42.    Both the natural and unnatural forms of malic acid are used as flavorings and are considered GRAS (generally recognized as safe) for that use. The d-malic acid form, used by Ocean Spray, however, has never been thoroughly studied for its health effects in humans despite repeated cautions from health organizations that it should be.

43.    L-malic acid was first isolated chemically from apple juice and was named for the latin word for apple, 'malum.'

44.    Both forms of malic acid give a "tart, fruity" flavor to food products.

45.    Ocean Spray uses the artificial petrochemical dl-malic acid in its Product to simulate the "tart, fruity" flavor of apples and other fruits and berries, but pretends otherwise, improperly conflating the natural and the artificial flavorings and deceiving consumers.

46.    Because it contains an artificial flavor, federal and state law require the Products to display both front- and back-label disclosures to inform consumers that they are artificially flavored.

47.    The Products have neither required disclosure.

48.    The labels, in fact, claim the Products contain "***No … artificial flavors***".

49.    California law, for example, incorporating and identically mirroring U.S. Food, Drug, and Cosmetic Act regulations by reference, also requires that a food's label accurately describe the food product and its characterizing flavors.  *See*, 21 C.F.R. 102.5(a).

50.    Under California's Sherman Law, adopting FDA regulations as California law, a recognizable primary flavor identified on the front label of a food Product is referred to as a "characterizing flavor".

51.    California and Massachusetts law, like other states' laws that reference the Federal regulations, requires that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then "such flavor shall be considered the characterizing flavor". *See* 21 C.F.R. 101.22(i).

52.    "Cranberry" and "Apple" are both primary recognizable flavors identified on the Cran Apple Product's front label. Both are therefore by law considered characterizing flavors.

53.    If a product's characterizing flavor is not created exclusively by the named flavor ingredient, the product's front label must state that the product's flavor was simulated or reinforced with either natural or artificial flavorings or both. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be prominently labeled as "Artificially Flavored." 21 C.F.R. 101.22(i) (3), (4).

54.    Federal regulations at 21 C.F.R. 101.22(c) require all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

55.    A food product's label must also include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . .  and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." 21 C.F.R. 102.5(c).

56.    Such statement must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id*.

57.    The Cran Apple Product labels, like the labels of other of the Products that contain malic acid, do not include any of the required label statements.

58.    The Product labels therefore violate Federal and the laws of California and Massachusetts.

59.    Other states' laws similarly require that food product labels be accurate and complete and not misleading.

60.    Cran Grape  and other of the Products similarly contain and are flavored with an ingredient identified in the ingredient list as "fumaric acid."

61.    Fumaric acid, like the malic acid ingredient in the Cran Apple and other Products described above, is also artificially-synthesized. It is derived from petrochemicals, not from natural source materials, and is therefore also an artificial flavor under federal and state law.

62.    The fumaric acid ingredient, like the dl-malic acid, is synthesized from petrochemical feedstocks, either benzene or butane, also through an intermediate chemical transformation to maleic anhydride.

63.     Maleic anhydride, also called 2,5-Furandione, is a common chemical precursor used in the industrial manufacture of various other chemicals and intermediaries as well as fumaric acid. It is also commonly used as a feedstock in other chemical manufacturing processes to make paints, polymeric plastic resins, industrial coatings, pesticides and agricultural chemicals.[3]

64.     Grapes contain natural fumaric acid. Ocean Spray, however, uses a synthetic fumaric acid in its Cran Grape Product to simulate the flavor of grapes in the product.

65.     Just as the synthetic dl-malic acid simulates, resembles, and reinforces the characterizing flavors for the Cran Apple Product, the synthetic fumaric acid simulates, resembles, and reinforces the characterizing flavors for the Cran Grape Product and for several other of the Products.

66.     Under state as well as federal law, Defendants were therefore required to place prominently on the Products' front labels a notice sufficient to allow consumers to understand that all of the Products contained artificial flavorings.

67.     California's Health & Safety Code, for example, states that "Any food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact."  Cal. Health & Saf. Code §110740.

68.     California law, like other states' laws, therefore required Defendants to place on the Products' labels a notice to inform consumers that the Products are artificially flavored.

69.     Ocean Spray failed to accurately label the Products, deceiving consumers and violating Federal and state law.

70.     Accordingly, Ocean Spray's Products were misbranded and illegal to distribute or sell in commerce in the U.S.

---

[3] Maleic anhydride, CAS No. 108-31-6;
https://www.epa.gov/sites/production/files/2016-09/documents/maleic-anhydride.pdf,
visited August 28, 2017.

71.    Plaintiffs were unaware that the Products contained artificial flavors when they purchased them.

72.    When purchasing the Products, Plaintiffs were seeking products of particular qualities, specifically products that were flavored only with the natural ingredients claimed on the label and which did not contain artificial flavors.

73.    Plaintiffs are not alone in these purchasing preferences. Forbes Magazine reported that 88% of consumers polled recently indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to Baby Boomers—say they would pay more" for such products, specifically including foods with no artificial flavors.

74.    Plaintiffs lost money as a result of Ocean Spray's conduct because they purchased Products that contained undisclosed and undesirable artificial flavors at a price premium.

75.    Ocean Spray's marketing of the Products reflects this knowledge of consumers' preferences for natural products -- not by making the Products only with natural ingredients, but by concealing from consumers that the Products contain artificial flavors.

### C.    Ocean Spray's Competitors Label Their Products Lawfully

76.    Defendant Ocean Spray not only deceives consumers but also gains an unfair commercial advantage in the marketplace by labeling the Products deceptively.

77.    Manufacturers of competing beverage products label their products lawfully.

78.    Other manufacturers of artificially-flavored fruit drink products, for example, accurately label their products as "Artificially Flavored."

79.    Other competing manufacturers, offering products whose labels suggest just as Ocean Spray's do that their products are naturally flavored, truly are made only with natural ingredients.

80.    Ocean Spray, however, conceals the use of artificial flavoring, deceiving consumers, illegally cutting costs and increasing profits, and competing unfairly and unlawfully in the marketplace, hurting their competitors and the marketplace as well as consumers.

81.    Ocean Spray's conduct injures competing manufacturers that do not engage in the same illegal behavior. Those manufacturers compete for market share and limited shelf space, as well as for consumers' buying preferences and dollars. Ocean Spray's competitors do so lawfully. Ocean Spray does not.

**D.    Plaintiffs and the Class Pay a Price Premium for the Misbranded Products**

82.    Plaintiff Crystal Hilsley purchased the Products in California during the Class Period as defined herein.

83.    Plaintiff Hilsley purchased the Products multiple times annually since 2011 at various locations in California, most recently at the Ralphs Supermarket located at 125 N. El Camino Real, Encinitas, California.

84.    Plaintiff Hilsley's most recent purchase was in late 2016.

85.    Plaintiff Hilsley first discovered Defendant's unlawful conduct described herein in late December 2016, when she learned the Products' characterizing flavors were deceptively simulated and reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' labels.

86.    Plaintiff William Riley purchased the Products in Massachusetts during the Class Period defined herein.

87.    Plaintiff Riley purchased the Products for personal and household use on approximately a monthly basis from approximately 2012 until approximately June of 2019 from various retail stores located near his home in Fall River, Massachusetts. These stores include, but are not limited to, Stop-n-Shop, Shaws, and Market Basket. The specific Products that Mr. Riley purchased are Ocean Spray Cran-Apple, Ocean Spray Cran-Pomegranate, and Ocean Spray Cran-Cherry.

88.    Plaintiff Riley first discovered Defendant's unlawful conduct described herein in early June 2019, when he learned the Products' characterizing flavors were deceptively simulated and reinforced using artificial flavoring even though Defendant failed to disclose that fact on the Products' labels.

89.    Plaintiffs were deceived by and relied upon the Products' deceptive labeling, and specifically Defendant's omission of the fact that the Products contained artificial flavorings. Plaintiffs purchased the Products believing they were naturally-flavored, based on the Products' deceptive labeling and failure to disclose the artificially flavoring.

90.    Plaintiffs, as a reasonable consumers, are not required to subject consumer food products to laboratory analysis, to scrutinize the back of the label to discover that the product's front label is false and misleading, or to search the label for information that state law and federal regulations require be displayed prominently on the front.

91.    Defendant, but not Plaintiffs, knew or should have known that the Products' labeling was false and in violation of federal regulations and state law.

92.    Because Plaintiffs reasonably assumed the Products to be free of artificial flavoring, based on the Products' labels, when they were not, they did not receive the benefit of their purchases. Instead of receiving the benefit of products free of artificial flavoring, Plaintiffs received a Product that was unlawfully labeled to deceive the consumer into believing that it is exclusively naturally flavored and contains no artificial flavoring, in violation of federal and state labeling regulations.

93.    Plaintiffs would not have purchased the Products in the absence of Defendant's misrepresentations and omissions. Had Defendant not violated state and federal law, Plaintiffs would not have been injured.

94.    As described above, products the consumer believes to be naturally-flavored sell at a price premium compared to products that contain artificial flavors.

95.    The Products were therefore worth less than Plaintiffs and other Class members paid for them; both Plaintiffs and the class members would not have paid as

much as they did for the Products absent Defendant's false and misleading statements and omissions.

96.    Plaintiffs and the Class lost money as a result of Defendant's unlawful acts. Plaintiffs, and each Class member, altered her or his position to their detriment and suffered loss in an amount equal to the price premium paid for the Products as falsely labeled and advertised.

97.    Plaintiffs intend to, desire to, and will purchase the Products again when they can do so with the assurance that Products' labels, which indicate that the Products are solely naturally-flavored, are lawful and consistent with the Products' ingredients.

## **THE PRODUCTS**

98.    Ocean Spray manufactures and distributes the following products that contain the undisclosed artificial flavors malic acid or fumaric acid or both. These Products are therefore included in this action.

99.    The products include the following:
- Ocean Spray® Cran-Apple™;
- Ocean Spray® Cran-Grape™;
- Ocean Spray® "100% Apple" Juice Drink;
- Ocean Spray® Cran-Raspberry™;
- Ocean Spray® Wave™ Apple with White Cranberries;
- Ocean Spray® Wave™ Berry Medley;
- Ocean Spray® Cran-Cherry™;
- Ocean Spray® Cran-Pineapple™;
- Ocean Spray®_Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Cherry™;
- Ocean Spray® 100% Juice Cranberry Cherry Flavor
- Ocean Spray® Cran-Strawberry™
- Ocean Spray® Diet Blueberry
- Ocean Spray® Diet Cranberry with Lime
- Ocean Spray® Cran-Lemonade™
- Ocean Spray® Classic Tea White Cranberry Peach
- Ocean Spray® Cran-Tea™ White Cranberry Peach
- Ocean Spray® Classic Tea Cranberry

- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple
- Ocean Spray® 100% Cranberry Concord Grape
- Ocean Spray® 100% Juice Cranberry Raspberry
- Ocean Spray® 100% Juice Cranberry Pomegranate
- Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
- Ocean Spray® Light Tropical Citrus Fruit & Vegetable
- Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit & Vegetable
- Ocean Spray® Pink Cranberry Passionfruit Juice Drink
- Ocean Spray® 100% Juice Cranberry Mango
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Light Cran-Mango™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Ruby Pomegranate
- Ocean Spray® Diet Cran-Tea™
- Ocean Spray® 100% Juice Cranberry Pineapple
- Ocean Spray® Diet Cran-Pineapple™
- Ocean Spray® Mocktails Tropical Citrus
- Ocean Spray® Cran-America™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Cranharvest™ Cranberry Apple Cider
- Ocean Spray® Diet Cran-Raspberry™
- Ocean Spray® Diet Cran-Apple™
- Ocean Spray® Diet Cranberry
- Ocean Spray® Diet Cran-Grape™
- Ocean Spray® Cranberry Cranenergy™
- Ocean Spray® Diet Ruby Red
- Ocean Spray® New Light 50 Cranberry Grape
- Ocean Spray® Sparkling Citrus Tangerine
- Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
- Ocean Spray® Ruby Cherry
- Ocean Spray® Cherry Juice Cocktail
- Ocean Spray® Cranenergy™ Sparkling Cranberry
- Ocean Spray® Sparkling Pink Cranberry Juice Drink

- Ocean Spray® Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Cranberry
- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry
- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink
- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate
- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™
- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry.

100. These products are referred to collectively herein as the "Products."

101. During the Class Period, Class members purchased one or more of the Products and incurred the same injuries as alleged herein for the Plaintiffs.

102. The legal violations, false advertising, and consumer and market injuries resulting from Defendant's false, misleading, and unlawful advertising, marketing, labeling, and sales of the Products are sufficiently similar to those associated with Defendant's identical conduct with respect to the Products purchased by Plaintiffs to make it reasonable to include Class members' purchases of all the Products in this Class Action.

103. Class members' purchases of these Products are therefore included herein.

## DELAYED DISCOVERY

104.    Plaintiff Hilsley did not discover that Defendant's labeling of the Products was false and misleading until December 2016, when she learned the Products contained undisclosed artificial flavoring.

105.    Plaintiff Riley did not discover that Defendant's labeling of the Products was false and misleading until early June 2019, when he learned the Products contained undisclosed artificial flavoring.

106.    Plaintiffs are reasonably diligent consumers who exercised reasonable diligence in their purchase and consumption of the Products. Nevertheless, they would not have been able to discover Defendant's deceptive practices and lacked the means to discover them given that, like nearly all consumers, they relied on and are entitled to rely on the manufacturer's obligation to label its products in compliance with federal regulations and state law. Furthermore, Defendant's labeling practices and non-disclosures—in particular, misnaming and failing to correctly identify the artificial flavors in the ingredient list, or to disclose that the Products contained artificial flavoring, or to accurately identify the kind of malic acid that Ocean Spray puts in the Products, impeded Plaintiffs' and the Class members' abilities to discover the deceptive and unlawful labeling of the Products throughout the Class Period.

107.    Because Defendant actively concealed the illegal conduct, preventing Plaintiffs and the Class from discovering their violations of state law, Plaintiffs and the Class are entitled to delayed discovery and an extended Class Period tolling the applicable statute of limitations.

## CLASS ACTION ALLEGATIONS

108.    Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class") pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

109.   The Class is defined as follows:

All United States citizens and residents who purchased any of the following Products for personal or household use and not for resale, in their respective state of citizenship from January 1, 2011 until the date notice is disseminated to the Class:

- Ocean Spray® Cran-Apple™;
- Ocean Spray® Cran-Grape™;
- Ocean Spray® "100% Apple" Juice Drink;
- Ocean Spray® Cran-Raspberry™;
- Ocean Spray® Wave™ Apple with White Cranberries;
- Ocean Spray® Wave™ Berry Medley;
- Ocean Spray® Cran-Cherry™;
- Ocean Spray® Cran-Pineapple™;
- Ocean Spray®_Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Cherry™;
- Ocean Spray® 100% Juice Cranberry Cherry Flavor
- Ocean Spray® Cran-Strawberry™
- Ocean Spray® Diet Blueberry
- Ocean Spray® Diet Cranberry with Lime
- Ocean Spray® Cran-Lemonade™
- Ocean Spray® Classic Tea White Cranberry Peach
- Ocean Spray® Cran-Tea™ White Cranberry Peach
- Ocean Spray® Classic Tea Cranberry
- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple
- Ocean Spray® 100% Cranberry Concord Grape
- Ocean Spray® 100% Juice Cranberry Raspberry
- Ocean Spray® 100% Juice Cranberry Pomegranate
- Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
- Ocean Spray® Light Tropical Citrus Fruit & Vegetable
- Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit & Vegetable
- Ocean Spray® Pink Cranberry Passionfruit Juice Drink
- Ocean Spray® 100% Juice Cranberry Mango
- Ocean Spray® Pink Lite Cranberry Juice Drink

17

- Ocean Spray® Light Cran-Mango™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Ruby Pomegranate
- Ocean Spray® Diet Cran-Tea™
- Ocean Spray® 100% Juice Cranberry Pineapple
- Ocean Spray® Diet Cran-Pineapple™
- Ocean Spray® Mocktails Tropical Citrus
- Ocean Spray® Cran-America™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Cranharvest™ Cranberry Apple Cider
- Ocean Spray® Diet Cran-Raspberry™
- Ocean Spray® Diet Cran-Apple™
- Ocean Spray® Diet Cranberry
- Ocean Spray® Diet Cran-Grape™
- Ocean Spray® Cranberry Cranenergy™
- Ocean Spray® Diet Ruby Red
- Ocean Spray® New Light 50 Cranberry Grape
- Ocean Spray® Sparkling Citrus Tangerine
- Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
- Ocean Spray® Ruby Cherry
- Ocean Spray® Cherry Juice Cocktail
- Ocean Spray® Cranenergy™ Sparkling Cranberry
- Ocean Spray® Sparkling Pink Cranberry Juice Drink
- Ocean Spray® Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Cranberry
- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry
- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
FIRST AMENDED COMPLAINT

- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate
- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™
- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry.

110.    The Class specifically excludes Defendant's current and former officers and directors, members of the immediate families of Defendant's officers and directors, Defendant's legal representatives, heirs, successors, and assigns, any entity in which Defendant has or had a controlling interest during the Class Period, and the judicial officers to whom this lawsuit is assigned.

111.    During the Class Period, the Products unlawfully contained the undisclosed artificial flavors d-malic acid or dl-malic acid or fumaric acid or both and were otherwise improperly labeled. Defendant failed to label the Products to disclose the presence of artificial flavors as required by federal and state law.

112.    Class members lost money as a result of Defendants' unlawful behavior.

113.    Class members altered their position to their detriment and suffered loss in an amount equal to the price premium they paid for the Products as falsely labeled and advertised.

114.    The members of the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class members in a single action will provide substantial benefits to the parties and Court.

115.    Questions of law and fact common to Plaintiffs and the Class include:

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
FIRST AMENDED COMPLAINT

a. Whether Defendant failed to disclose the presence of the artificial flavoring ingredient dl-malic acid in the Products;

b. Whether Defendant failed to disclose the presence of the artificial flavoring ingredient fumaric acid in the Products;

c. Whether Defendant's label statement, "No … Artificial Flavors" was a false or misleading statement of fact;

d. Whether Defendant's labeling omissions and representations constituted false advertising under state and federal law;

e. Whether Defendant's conduct constituted a violation of state consumer protection statutes including, for example, and without limitation, California's Consumer Legal Remedies Act, California's Unfair Competition Law, California's False Advertising Law, and other states' similar statutes;

f. Whether Defendant's conduct constituted a violation of state common law consumer protection laws;

g. Whether Defendants' conduct violates U.S. Food and Drug Administration labeling regulations and corresponding state law;

h. Whether the statute of limitations should be tolled on behalf of the Class due to Defendants' deceptive conduct in concealing the presence of artificial ingredients in its products;

i. Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and injunctive relief; and

j. Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

116.   These common questions of law and fact predominate over questions that affect only individual Class members.

117.   The proposed Class satisfies typicality. Plaintiffs' claims are typical of and are not antagonistic to the claims of other Class members. Plaintiffs and the class

members all purchased the Products, were deceived by the false and deceptive labeling, and lost money as a result.

118.   The proposed Class representative satisfies adequacy of representation. The Plaintiffs are an adequate representative of the Class as they seeks relief for the Class, their interests do not conflict with the interests of the Class members, and they have no interests incompatible with those of other class members. Plaintiffs have retained counsel competent in the prosecution of consumer fraud and class action litigation.

119.   The proposed Class satisfies superiority. A class action is superior to any other means for adjudication of the Class members' claims because each class member's claim is modest, based on the Products' retail purchase price which is generally under $5.00. It would be impractical for individual class members to bring individual lawsuits to vindicate their claims. If this action is not brought as a class action, Defendant can continue to deceive consumers and violate federal and state law with impunity.

120.   Further, Defendant has acted on grounds applicable to the entire Class, making final injunctive relief or declaratory relief appropriate for the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATION OF MASSACHUSETTS GENERAL LAWS § 93

121.   Plaintiffs reallege and incorporate by reference the allegations made elsewhere in the Complaint as if set forth in full herein.

122.   The Massachusetts Consumer Protection Act, codified at MGL Ch. 93A, prohibits any unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services to consumers.

123.   Plaintiffs and the Class are "consumers" and the Products are "goods" as defined in the Act.

124.   Defendant's failure to label the Products in accord with federal and state labeling regulations, omitting the required information that the Products contain artificial flavoring, was an unfair, deceptive, unlawful and unconscionable commercial practice.

125.   Defendant's conduct violates Massachusetts law.

126.   As a result of Defendant's violations, Plaintiffs and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had these Products been labeled truthfully, and in the form of the reduced value of the Product purchased compared to the Product as advertised.

127.   Pursuant to §9 of MGL Ch. 93A, Plaintiff Riley notified Defendant in writing of the particular violations described herein and demanded that Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and giving notice to all affected customers of their intent to do so. Plaintiff sent this notice by certified mail, return receipt requested, to Defendant Ocean Spray's principal place of business more than 30 days prior to the date when this amended complaint was filed. Ocean Spray declined.

128.   Defendant's conduct in unlawfully packaging, labeling, advertising, and distributing the Product in commerce in Massachusetts violated Massachusetts law.

129.   The Products' labels fail to disclose that the Products contain synthetic artificial flavoring, in violation of Federal and state law.

130.   The CranApple Product, for example, contains the synthetic dl-malic acid.

131.   The dl-malic acid is a synthetic flavoring material which creates, simulates or reinforces the characterizing 'Cranberry-Apple' flavor of the Product.

132.   The fumaric acid is similarly a synthetic flavoring material that creates, simulates or reinforces the characterizing 'Cranberry-Grape' flavor in that Product.

133.   The dl-malic acid in the CranApple Product is not derived from any natural material as defined in the applicable state regulations and is therefore, by law, an artificial flavoring.

134.   The fumaric acid incorporated in the CranGrape Product is similarly not derived from any natural material and is also an artificial flavoring.

135.    Defendant failed to inform consumers of the presence of artificial flavors in the Products on either the front or back-label as required by law.

136.    Defendant's conduct further violates other applicable state and federal regulations as alleged herein.

137.    Defendant's practices are therefore unlawful under Section 93A *et seq* of the Massachusetts General Laws.

138.    Defendant's violations were willful and knowing. Defendant is and at all times relevant was aware that the Products contained artificial flavoring chemicals yet failed to label them as artificially flavored and advertised the Products as containing "No. . . Artificial Flavors."

**SECOND CAUSE OF ACTION**

**VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 266, § 91**

139.    Plaintiffs reallege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

140.    Ocean Spray made and distributed, in Massachusetts and in interstate commerce, Products that unlawfully fail to disclose the presence of artificial flavoring as required by federal and state food-labeling regulations.

141.    The Products' labeling and advertising portrays the Products as if they were solely naturally-flavored, and in addition falsely claims that the Products contain "No … Artificial Flavors."

142.    Defendant's labeling and advertising statements, which communicated to consumers that the Products contain "No … Artificial Flavors" and concealed the fact that they contain a synthetic artificial flavor, were untrue and misleading, and Defendant knew or at a minimum by the exercise of reasonable care should have known those actions were false or misleading.

143.    Defendant's conduct violated Massachusetts false advertising law, MGL Ch. 266, §91.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

### (Cal. Civ. Code §§ 1750, *et seq.*)

144. Plaintiffs reallege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

145. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

146. Plaintiffs and the Class are "consumers" as defined by Cal. Civ. Code § 1761(d). The Products are a "good as defined by Cal. Civ. Code § 1761.

147. Ocean Spray's false and misleading labeling and other policies, acts, and practices described herein were designed to, and did, induce the purchase and use of the Ocean Spray Products for personal, family, or household purposes by Plaintiffs and other Class members, and violated and continue to violate at least the following sections of the CLRA:

   a. § 1770(a)(5): Representing that goods or services have characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b. § 1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

   c. § 1770(a)(9): Advertising goods with intent not to sell them as advertised; and

   d. § 1770(a)(16): Representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

148. As a result of Defendant's violations, Plaintiffs and the Class suffered ascertainable losses in the form of the price premiums they paid for the deceptively labeled and marketed Products, which they would not have paid had these Products been

labeled truthfully, and in the form of the reduced value of the Product purchased compared to the Product advertised.

149.    Ocean Spray's profited from its sales of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

150.    Ocean Spray's wrongful business practices regarding the Products constituted, and constitute, a continuing course of conduct in violation of the CLRA.

151.    Pursuant to § 1782 of the CLRA, Plaintiff Hilsley notified Defendant in writing of the particular violation of § 1770 of the CLRA and demanded Defendant rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and giving notice to all affected customers of their intent to do so. Plaintiff sent this notice by certified mail, return receipt requested, to Defendant Ocean Spray's principal place of business more than 30 days prior to the filing of this action. Ocean Spray declined.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW**

**(Cal. Bus. & Prof. Code §§ 17500,** *et seq.***)**

152.    Plaintiffs reallege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

153.    Under the FAL, "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

154.    As alleged herein, Ocean Spray has engaged in false advertising by labeling the Products as containing "No... Artificial Flavors" when the Products actually contain undisclosed artificial flavoring ingredients.

155.   Plaintiffs suffered injury in fact as a result of Ocean Spray's actions as set forth herein because plaintiffs purchased the Products in reliance on Ocean Spray's false and misleading marketing claims that the Products contain "No… Artificial Flavors."

156.   Ocean Spray's business practices as alleged herein constitute unfair, deceptive, untrue, and misleading advertising pursuant to the FAL because Ocean Spray has advertised the Ocean Spray Products in a manner that is untrue and misleading, which Ocean Spray knew or reasonably should have known.

157.   As a result, pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiffs and the Class are entitled equitable relief and restitution.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

158.   Plaintiffs reallege and incorporate by reference each and every allegation contained elsewhere in this Complaint as if fully set forth herein.

159.   The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

160.   The acts, omissions, misrepresentations, practices, and non-disclosures of UIC as alleged herein constitute business acts and practices.

161.   A statement or practice is fraudulent under the UCL if it is likely to deceive the public, applying a reasonable consumer test.

162.   As set forth herein, Ocean Spray's claims relating to the Products are likely to deceive reasonable consumers and the public.

163.   The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and
- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*.
- Cal. Health & Saf. Code §109875 *et seq.*

*Hilsley v. Ocean Spray Cranberries, Inc., et al.*, No. 3:17-cv-2335-GPC-MDD
FIRST AMENDED COMPLAINT

164.   Ocean Spray's conduct with respect to the labeling, advertising, and sale of the Products was unfair because Ocean's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

165.   Ocean Spray's conduct with respect to the labeling, advertising, and sale of Products was also unfair because it violated public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the False Advertising Law and California's Sherman Law.

166.   Ocean Spray's conduct with respect to the labeling, advertising, and sale of the Products was also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

167.   Ocean Spray profited from its sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

168.   Plaintiffs and the Class members are likely to be damaged by Ocean Spray's deceptive trade practices, as Ocean Spray continues to disseminate, and is otherwise free to continue to disseminate misleading information.

169.   Ocean Spray's conduct caused and continues to cause substantial injury to Plaintiffs and the other Class Members, who have suffered injury in fact as a result of Ocean Spray's fraudulent, unlawful, and unfair conduct.

170.   Plaintiffs, on behalf of themselves and the Class also seeks an order for the restitution of all monies from the sale of the Products that Ocean Spray unjustly acquired through acts of unlawful competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf themselves and all others similarly situated, pray for judgment against Defendant as follows:

A.    An Order declaring this action to be a proper class action, appointing Plaintiffs as class representative, and appointing their undersigned counsel as class counsel;

B.    An Order requiring Ocean Spray to bear the cost of class notice;

C.    An Order requiring Ocean Spray to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

D.    An Order requiring Ocean Spray to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon;

E.    An Order requiring Ocean Spray to pay all actual and statutory damages permitted under the causes of action alleged herein;

F.    Injunctive Relief;

G.    An award of attorneys' fees and costs; and

H.    Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:    October 24, 2019            Respectfully submitted,


                                       /s/ *Ronald A. Marron*
                                         RONALD A. MARRON

                                       **LAW OFFICES OF RONALD A.**
                                       **MARRON, APLC**
                                       RONALD A. MARRON
                                       MICHAEL HOUCHIN
                                       LILACH HALPERIN
                                       651 Arroyo Drive

San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
***Attorneys for Plaintiffs and the Class***