# EXHIBIT 1

1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **SOUTHERN DISTRICT OF CALIFORNIA**
9
10
11
12 CRYSTAL HILSLEY and WILLIAM ) Case No. 3:17-CV-2335-GPC-MDD
13 RILEY, on behalf of themselves and all )
others similarly situated, )
14 ) CLASS ACTION
Plaintiffs, )
15 ) **CLASS LITIGATION**
) **SETTLEMENT AGREEMENT**
16 vs. )
17 )
)
18 OCEAN SPRAY CRANBERRIES, INC., )
19 Defendant. )
20 )
21 )
22 )
23 )
24 )
25 ———————————————————— )
26
27
28

-1-

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335
CLASS LITIGATION SETTLEMENT AGREEMENT

ACTIVE 46461346v1

This Class Litigation Settlement Agreement (the "Settlement Agreement") is made and entered into by and between plaintiff Crystal Hilsley ("Hilsley") and William Riley ("Riley") (collectively "Plaintiffs"), individually for themselves and on behalf of the national settlement class they purport to represent, counsel for Plaintiff, Law Offices of Ronald A. Marron, APLC and Law Offices of David Elliot (collectively, "Class Counsel"), and Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray" or "Defendant"). Plaintiffs and Defendant are referred to hereinafter as the "Settling Parties." This settlement is intended fully, finally, and forever to resolve, discharge, release, and settle the lawsuit captioned *Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335 (the "Litigation"), upon and subject to the terms and conditions herein.

## 1. <u>Recitals</u>

1.1.     On September 19, 2017, Plaintiff Crystal Hilsley filed a Class Action Complaint against Ocean Spray Cranberries, Inc. ("Ocean Spray") and Arnold Worldwide, LLC ("Arnold Worldwide") in the Superior Court of California for the County of San Diego, captioned *Hilsley v. Ocean Spray Cranberries, Inc., et. al.*, Case No. 37-2017-00034869-CU-BT-CTL.

1.2.     On November 16, 2017, Defendant Ocean Spray filed a Notice of Removal and the case was transferred to the United States District Court for the Southern District of California (the "Court"), Case No. 3:17-CV-2335-GPC-MDD (the "Litigation"). (Dkt. No. 1).

1.3.     Hilsley's Complaint alleged that Ocean Spray's product labels claiming that Ocean Spray fruit-flavored beverage products contain "No Artificial Flavors" are false and misleading because the Products actually contain the artificial flavoring ingredients dl-malic acid and/or fumaric acid. (Dkt. No. 1-2). The Complaint sought both monetary damages and injunctive relief for the following claims: (1) Violations of the Consumers Legal Remedies Act, Cal. Civ. Code Sections 1750, *et seq*.; (2)

*ACTIVE 46461346v1*

Violations of the False Advertising law, Cal. Bus. & Prof. Code Sections 17500, *et seq.*; (3) Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code Sections 17200, *et seq.*; (4) Breach of Express Warranties; and (5) Breach of Implied Warranties. (Dkt. No. 1-2).

1.4.     On August 16, 2018, Plaintiff filed a Motion for Class Certification and to Appoint Class Counsel. (Dkt. No. 23).

1.5.     On September 8, 2018, Ocean Spray filed a Motion for Summary Judgment. (Dkt. No. 31).

1.6.     On November 29, 2018, the Court issued an Order Granting in Part and Denying in Part Plaintiff's Motion for Class Certification and to Appoint Class Counsel. (Dkt. No. 83). Class certification was granted with respect to Plaintiff's claims under the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* ("FAL"). (Dkt. No. 83).  However, the Court denied class certification for Plaintiff's claims for breach of express and implied warranties. (Dkt. No. 83).

1.7.     On October 30, 2018, the Court issued an Order Denying Defendants' Motion for Summary Judgment, holding that "that there is a material issue of disputed fact whether malic acid and fumaric acid function as flavors in Defendants' Ocean Spray products." (Dkt. No. 76).

1.8.     On March 27, 2019, Plaintiff filed a Motion for Partial Summary Judgment. (Dkt. No. 101).

1.9.     A Mandatory Settlement Conference was scheduled to take place before Magistrate Judge Dembin on April 1, 2019. (Dkt. No. 14).

1.10.     After reviewing the Parties' Confidential Settlement Conference Briefs, Judge Dembin vacated the Mandatory Settlement Conference, finding that "a settlement conference at this time is futile." (Dkt. No. 96).

1.11.    On April 11, 2019, Plaintiff filed a Motion to Exclude the Testimony, Opinions, and Reports of Defendants' Experts. (Dkt. No. 105).

1.12.    On April 11, 2019, Defendant Ocean Spray Cranberries, Inc. filed a Motion for Summary Judgment and a Motion to Decertify the Class. (Dkt. Nos. 108-109).

1.13.    On April 11, 2019, Arnold Worldwide, LLC, filed a Motion for Summary Judgment. (Dkt. No. 111).

1.14.    On June 24, 2019, the Court denied Plaintiff's Motion to Exclude Defendant's Experts. (Dkt. No. 188).

1.15.    On July 3, 2019, the Court granted in part and denied in part Plaintiff's Motion for Partial Summary Judgment, denied Defendant Ocean Spray's Motion for Summary Judgment, and granted Defendant Arnold Worldwide, LLC's Motion for Summary Judgment. (Dkt. No. 193). Defendant Arnold Worldwide, LLC was dismissed as a Defendant and several of Ocean Spray's affirmative defenses were dismissed. *See id.*

1.16.    On July 10, 2019, the Court denied Ocean Spray's Motion to Decertify the Class. (Dkt. No. 196).

1.17.    Plaintiff and Ocean Spray both filed Rule 26(a)(3)(A) Pretrial Disclosures on July 26, 2019. (Dkt. Nos. 201, 202).

1.18.    On July 25, 2019, Plaintiff filed a Notice of Related Case, asserting that the action titled *Froio, et al. v. Ocean Spray Cranberries, Inc*., Case No. 1:18-cv-12005-FDS (D. Mass. Sept. 24, 2018) ("*Froio*") is related to the *Hilsley* action. (Dkt. No. 198).

1.19.    That same day, July 25, 2019, Plaintiff filed an *Ex Parte* Motion to Clarify and Amend Order Granting in Part and Denying in Part Plaintiff's Motion for Class Certification and Appointing Class Counsel. (Dkt. No. 199).

*ACTIVE 46461346v1*

1.20.    On August 2, 2019, Ocean Spray filed an Opposition to Plaintiff's Notice of Related Case and an Opposition to Plaintiff's *Ex Parte* Motion. (Dkt. Nos. 204-205).

1.21.    On August 22, 2019, Ocean Spray filed a motion to stay the *Hilsley* action in light of a "memorandum of understanding has recently been executed between the parties to the *Froio* action" that would include a nationwide class action settlement. (Dkt. No. 210).

1.22.    The Parties attended a Pretrial Conference that took place on August 23, 2019. During the Pretrial Conference, the Court entered an Order setting a trial date for November 4, 2019, but encouraged the Parties to discuss a resolution of the *Hilsley* matter. (Dkt. No. 213).

1.23.    Thereafter, the Parties in this action began engaging in meaningful settlement negotiations.

1.24.    On August 26, 2019, Magistrate Judge Mitchell D. Dembin ordered that a settlement conference will be held on September 19, 2019.

1.25.    On September 4, 2019, Defendant filed a Notice of Withdrawal of its Motion to Stay Proceedings to allow for continued settlement negotiations. (Dkt. No. 216).

1.26.    On a date to be set by the Court, an Amended Complaint will be filed to add Riley as a named plaintiff and to expand the scope of the class to a national class, as well as to apply to other products sold within the United States during the class period that contained malic and/or fumaric acid, which also were labeled with the claim "no artificial flavors."

1.27.    The Settling Parties and their counsel have extensively investigated the facts and issues raised in the Litigation, and have sufficient information to evaluate their settlement and this Settlement Agreement.

1.28.    Between March 2018 and March 2019, the Settling Parties have exchanged substantial written discovery requests and responses, exchanged

-4-

voluminous expert reports, and have taken numerous fact witness and expert witness depositions.

1.29.     Ocean Spray denies the allegations in the Litigation and that it has any liability to Plaintiff or any consumer arising from the claims asserted in the Litigation. Nonetheless, to avoid the substantial burden, risk, and distraction that arises from continuation of the Litigation, and fully and finally to resolve the claims asserted or that could have been asserted against it therein, Ocean Spray has agreed to the terms of this Settlement Agreement.

1.30.     Counsel for Plaintiff and Defendant engaged in arm's-length negotiations to achieve settlement of the Litigation. After extensive confidential settlement negotiations, the Settling Parties reached an agreement that forms the basis of this Settlement Agreement. The Settling Parties did not discuss attorneys' fees, costs, or any potential incentive awards for Plaintiff until they first agreed on the substantive terms of their settlement.

1.31.     Class Counsel analyzed and evaluated the merits of Ocean Spray's defenses, the risks of continued litigation, and the benefits this settlement would confer on Plaintiff and the Settlement Class, as defined below. Among the risks of continued litigation considered by Class Counsel are the possibilities that Plaintiff will be unable to prove liability, damages, or entitlement to injunctive relief at trial on a class-wide or individual basis, as well as the fact that, even if proven, Ocean Spray could challenge the determinations on appeal.

1.32.     Based on their experience and knowledge of the strength of the claims and defenses in the Litigation, counsel for the Parties concluded and are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in the best interest of the Settlement Class and the Settling Parties.

1.33.     Nothing in this Settlement Agreement or the circumstances relating to or that give rise to this Settlement Agreement constitute or shall be deemed to constitute an admission by Ocean Spray of any type or nature, including of the claims

-5-

asserted in the Litigation, or a waiver of Ocean Spray's objections and defenses to the claims asserted in the Litigation, including class certification.

**NOW, THEREFORE,** pursuant to the terms set forth herein and subject to the Court's approval of this Settlement Agreement, the Parties hereby stipulate and agree, including on behalf of the Settlement Class, as defined below, fully and finally to settle, compromise, and resolve the claims that were or could have been asserted in the Litigation.

## 2. <u>Definitions</u>

Capitalized terms in this Settlement Agreement are defined by the terms set forth in this Section. If and to the extent Definitions in this Section conflict with other terms set forth in this Settlement Agreement, the Definitions in this Section shall govern.

2.1.    "Authorized Claimant" means any member of the Settlement Class who completely and timely submits a Claim Form that the Settlement Administrator has reviewed and validated.

2.2.    "Claimant" means a person who submits a Claim Form consistent with the Claims process detailed in Section 6 of this Settlement Agreement.

2.3.    "Claims Deadline" means one-hundred twenty (120) days after the date the Notice is disseminated to the Settlement Class by the Settlement Administrator.

2.4.    "Claim Form" means online and paper forms in substantially the same form attached hereto as Exhibit A.

2.5.    "Class Counsel" means the Law Offices of Ronald A. Marron, APLC, the Law Office of David Elliot, and the attorneys at those firms assisting in representation of the Settlement Class.

2.6.    "Class Counsel's Fees" means an award approved by the Court of Plaintiff's attorneys' fees, costs, and expenses in an amount up to 33.33% of the total

-6-

Settlement Fund, as well as any fees the Court may award to any other person (other than Ocean Spray).

2.7.     "Class Period" means January 1, 2011 to the date on which preliminary approval is granted pursuant to Section 6 herein.

2.8.     "Effective Date" means the date on which the Final Judgment (defined below) in the Action become "Final." As used in this Settlement Agreement, "Final" means one (1) business day after all of the following conditions have been satisfied:

(1) the Final Judgment has been entered; and

(2) if reconsideration and/or appellate review is not sought from the Final Judgment, the expiration of the time for filing or noticing any motion for reconsideration, appeal, petition, and/or writ; or

(3) if reconsideration and/or appellate review is sought from the Final Judgment: (a) the date on which the Final Judgment is affirmed and is no longer subject to judicial review, or (b) the date on which the motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Judgment is no longer subject to judicial review.

2.9.     "Final Approval" means: (a) issuance of a Court order granting final approval of the settlement and this Settlement Agreement as binding on the Settling Parties and the Settlement Class; (b) the Court's determination that the Settlement Agreement and Preliminary Approval Order are fair, adequate, reasonable, and binding on the Settlement Class; (c) determination that the relief provided in this Settlement Agreement should be disseminated to the Settlement Class; (d) effectuating the releases set forth in Section 10 of this Settlement Agreement; (e) entering final judgment in the Litigation; and (f) retaining continuing jurisdiction over the interpretation, implementation, and enforcement of the Settlement.

2.10.     "Final Approval Hearing" means the hearing to be held by the Court to adjudicate whether:

(1) the terms of this Settlement Agreement are fair, reasonable, and adequate to the Settlement Class and should be approved;

(2) the Notice constitutes due, adequate, and sufficient notice to all persons entitled to notice of the Litigation and meets all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), rules of this Court, and any other applicable law, and constitutes notice as directed by the Court in the Preliminary Approval Order to apprise the Settlement Class of the (a) pendency of the Litigation; (b) nature and terms of the Settlement; (c) right of Settlement Class members to object to the Settlement; and (d) right of Settlement Class members to appear at the Final Approval Hearing;

(3) a final judgment should be entered dismissing the Litigation with prejudice, as contemplated by this Settlement Agreement;

(4) the Court should permanently bar and enjoin (a) all Settlement Class members from filing, commencing, prosecuting, intervening or participating in (as class members or otherwise), or receiving any benefit or other relief from another lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in this Litigation if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, and (b) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Settlement Class member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Litigation or the transactions or occurrences referred to therein;

-8-

(5) the Court should approve the Fee and Expense Award to Class Counsel; and

(6) any other matter that the Court may deem appropriate.

The Parties anticipate the Final Approval Hearing will be scheduled approximately one hundred and fifty (150) days after the Notice to the Class.

2.11.    "Final Judgment" means the "Final Judgment and Order of Dismissal" to be entered by the Court, which, among other things, fully and finally approves this Settlement Agreement and dismisses the Litigation with prejudice.

2.12.    "Incentive Award" means the award that will be sought by application and, if approved by the Court, will be payable to the Plaintiffs from the Settlement Fund for their roles as class representatives and the responsibility and work attendant to those roles.

2.13.    "Notice" means the notice to be disseminated by the Settlement Administrator consistent with Notice Plan attached hereto as Exhibit D, including, but not limited to, the Long-Form and Short-Form Notices attached hereto as Exhibits B and C.

2.14.    "Notice Date" means the date Notice is communicated to Settlement Class members pursuant to Section 6 of this Settlement Agreement.

2.15.    "Notice Plan" means the proposal for dissemination of Notice to members of the Settlement Class, attached hereto as Exhibit D.

2.16.    "Objection" means the written communication that must be sent to the Settlement Administrator and postmarked on or before the Objection/Exclusion Deadline by a Settlement Class member who wishes to object to the terms of the Settlement as defined in Section 5.2 below.

2.17.    "Objection/Exclusion Deadline" is the date by which an Objection or Request for Exclusion by a Settlement Class member must be postmarked, as ordered by the Court in its Preliminary Approval Order referred to in Section 4 of this Settlement Agreement.

2.18. "Plaintiffs" means class representative Crystal Hilsley and William Riley.

2.19. "Preliminary Approval Order" means the order to be entered by the Court, substantially in the form attached hereto as Exhibit E which preliminarily approves the Settlement, certifies the Settlement Class, sets dates for the Final Approval Hearing, Objection/Exclusion Deadline, and Notice Date, and approves the Notice Plan and Claim Form.

2.20. "Product" or "Products" means Ocean Spray's beverage products that (a) contain the artificial versions of malic acid and/or fumaric acid as an ingredient, and (b) are sold with labels that contain the claim "no artificial flavors."

2.21. "Released Claims" means the claims released in accordance with Section 10 of this Settlement Agreement.

2.22. "Released Parties" means Defendant Ocean Spray Cranberries, Inc., and any and all of its respective past, present, and future heirs, executors, administrators, predecessors, successors, assigns, parent companies, subsidiaries, divisions, joint venturers, entities in which Defendant had a controlling interest, holding companies, employees, agents, consultants, marketing partners, resellers, lead generators, telemarketers, independent contractors, insurers, reinsurers, directors, officers, partners, principals, attorneys, accountants, financial advisors, investors, investment bankers, underwriters, shareholders, auditors, legal representatives, successors in interest, affiliates, trusts, and corporations; and each and all of the past, present, and future officers, directors, principals, representatives, employees, agents, shareholders, attorneys, stockholders, successors, executors, claim service managers, subrogees, and assigns of any of the foregoing entities; and any and all of Defendant's manufacturers, distributors, licensees, agents, contractors, co-packers, customers, retailers and suppliers of the relevant Products.

2.23. "Request for Exclusion" means the written communication that must be sent to the Settlement Administrator and postmarked on or before the

-10-

Objection/Exclusion Deadline by a Settlement Class member who wishes to be excluded from the Settlement Class as defined in Section 5.1 below

2.24.     "Settlement" or "Settlement Agreement" means this Class Action Settlement Agreement, including all exhibits hereto.

2.25.     "Settlement Administrator" means Classaura Class Action Administration, which will provide Notice to the Settlement Class and administer the Claims process. The Parties shall select a successor Settlement Administrator in the event one becomes necessary.

2.26.     "Settlement Class" is defined as follows: All United States citizens and residents who purchased any of the following Products for personal or household use and **not** for resale, in their respective state of citizenship from January 1, 2011 until the date preliminary approval is granted:

- Ocean Spray® Cran-Apple™;
- Ocean Spray® Cran-Grape™;
- Ocean Spray® "100% Apple" Juice Drink;
- Ocean Spray® Cran-Raspberry™;
- Ocean Spray® Wave™ Apple with White Cranberries;
- Ocean Spray® Wave™ Berry Medley;
- Ocean Spray® Cran-Cherry™;
- Ocean Spray® Cran-Pineapple™;
- Ocean Spray®_Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Cherry™;
- Ocean Spray® 100% Juice Cranberry Cherry Flavor
- Ocean Spray® Cran-Strawberry™
- Ocean Spray® Diet Blueberry
- Ocean Spray® Diet Cranberry with Lime
- Ocean Spray® Cran-Lemonade™
- Ocean Spray® Classic Tea White Cranberry Peach
- Ocean Spray® Cran-Tea™ White Cranberry Peach
- Ocean Spray® Classic Tea Cranberry
- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple

-11-

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335
CLASS LITIGATION SETTLEMENT AGREEMENT

1   • Ocean Spray® 100% Cranberry Concord Grape
2   • Ocean Spray® 100% Juice Cranberry Raspberry
3   • Ocean Spray® 100% Juice Cranberry Pomegranate
4   • Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
    • Ocean Spray® Light Tropical Citrus Fruit & Vegetable
5   • Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit & Vegetable
6
7   • Ocean Spray® Pink Cranberry Passionfruit Juice Drink
    • Ocean Spray® 100% Juice Cranberry Mango
8   • Ocean Spray® Pink Lite Cranberry Juice Drink
9   • Ocean Spray® Light Cran-Mango™
    • Ocean Spray® Pink Cranberry Juice Drink
10  • Ocean Spray® Pink Lite Cranberry Juice Drink
11  • Ocean Spray® Pink Cranberry Juice Drink
12  • Ocean Spray® Ruby Pomegranate
    • Ocean Spray® Diet Cran-Tea™
13  • Ocean Spray® 100% Juice Cranberry Pineapple
14  • Ocean Spray® Diet Cran-Pineapple™
15  • Ocean Spray® Mocktails Tropical Citrus
    • Ocean Spray® Cran-America™
16  • Ocean Spray® Pink Cranberry Juice Drink
17  • Ocean Spray® Cranharvest™ Cranberry Apple Cider
18  • Ocean Spray® Diet Cran-Raspberry™
    • Ocean Spray® Diet Cran-Apple™
19  • Ocean Spray® Diet Cranberry
20  • Ocean Spray® Diet Cran-Grape™
21  • Ocean Spray® Cranberry Cranenergy™
    • Ocean Spray® Diet Ruby Red
22  • Ocean Spray® New Light 50 Cranberry Grape
23  • Ocean Spray® Sparkling Citrus Tangerine
24  • Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
    • Ocean Spray® Ruby Cherry
25  • Ocean Spray® Cherry Juice Cocktail
26  • Ocean Spray® Cranenergy™ Sparkling Cranberry
27  • Ocean Spray® Sparkling Pink Cranberry Juice Drink
    • Ocean Spray® Pom Blue Sparkling Beverage
28  • Ocean Spray® Sparkling Cranberry

-12-

- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry
- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink
- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate
- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™
- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry.

The Settlement Class specifically excludes Defendant's current and former officers and directors, members of the immediate families of Defendant's officers and directors, Defendant's legal representatives, heirs, successors, and assigns, any entity in which Defendant has or had a controlling interest during the Class Period, and the judicial officers to whom this lawsuit is assigned.

2.27. "Settlement Fund" means the Five Million Four Hundred Thousand Dollar ($5,400,000.00) payment which Ocean Spray will, within 45 days of the Preliminary Approval Order, deposit from which the Settlement Administrator shall pay expenses associated with administration of this Settlement, as approved by the Court, including, without limitation: payments to Settlement Class members, costs

-13-

of Notice, Fee and Expense Award, Incentive Awards, and other legal expenses as described in Section 7.

2.28.     "Settlement Payment" means the amount to be paid to an Authorized Claimant as described in Section 8.

2.29.     "Settlement Website" means an internet website created and maintained by the Settlement Administrator to provide the Settlement Class with information relating to the Settlement, including relevant documents and electronic and printable forms relating thereto, including the Claim Form, which can be submitted online through an internet-based form or printed and mailed. The URL of the Settlement Website shall be provided in the Notice.

**3.     Stipulation to Class Certification**

3.1.     The Settling Parties hereby stipulate, for purposes of this Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class shall be certified for settlement purposes pursuant to the terms and conditions set forth in this Settlement Agreement. The Settling Parties stipulate and agree to conditional certification of the Settlement Class for purposes of this Settlement only. Should the Court not grant Final Approval of the Settlement, for whatever reason, this stipulation to class certification shall become null and void.

**4.     Preliminary Approval**

4.1. On a date to be set by the Court, Plaintiff shall apply to the Court for entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit E The Preliminary Approval Order shall include provisions that:

4.1.1. Preliminarily approve this Settlement as falling within the range of reasonableness meriting possible final approval;

-14-

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335
CLASS LITIGATION SETTLEMENT AGREEMENT

4.1.2. Direct Notice to the Settlement Class in the manner specified in this Settlement Agreement as set forth in Section 6 below;

4.1.3. Preliminarily determine that Plaintiff is a member of the Settlement Class and, for purposes of the Settlement Agreement, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure to appoint her as a class representative of the Settlement Class;

4.1.4. Conditionally certify the Settlement Class under Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

4.1.5. Appoint the Law Offices of Ronald A. Marron, APLC and the Law Office of David Elliot as Class Counsel pursuant to Rule 23(g);

4.1.6. Schedule the Final Approval Hearing;

4.1.7. Set a briefing schedule for a Motion for Final Approval of the Settlement;

4.1.8. Approve designation of Classaura Class Action Administration as Settlement Administrator;

4.1.9. Establish a Notice Date and direct the Settlement Administrator to cause Notice to be disseminated in the manner set forth in this Settlement Agreement within forty-five (45) days after entry of the Preliminary Approval Order;

4.1.10. Determine that the Notice to be sent to the Settlement Class: (a) meets the requirements of Rule 23(c)(3) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution; (b) is the best practicable notice under the circumstances; and (c) is reasonably calculated to apprise Settlement Class members of the pendency of the Litigation and their right to object and opt out of or participate in the Settlement within the timeframe provided herein;

-15-

4.1.11.  Require members of the Settlement Class who wish to opt out of the Settlement to submit written Requests for Exclusion timely on or before the Objection/Exclusion Deadline to the Settlement Administrator, as specified in Section 5 of this Settlement Agreement;

4.1.12.  Require Settlement Class members who wish to object to the fairness, reasonableness, or adequacy of the Settlement, Fee and Expense Award, or Incentive Awards to submit to the Settlement Administrator and deliver to Class Counsel and Ocean Spray's counsel by the Objection/Exclusion Deadline, a statement of his or her Objection, as well as the specific reason for such Objection, including legal support the Settlement Class member wishes to bring to the Court's attention, and evidence the Settlement Class member wishes to introduce in support of his or her Objection;

4.1.13.  Provide that any Settlement Class member who does not timely submit a written Request for Exclusion or Objection will be bound by all proceedings, orders, and judgments (including this Settlement and the Final Judgment) in this Litigation; and

4.1.14. Provide the Objection/Exclusion Deadline be a date that is thirty (30) days prior to the Final Approval Hearing.

**5.**    **Requests for Exclusion and Objections to the Settlement**

5.1.    Any Settlement Class member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Settlement Administrator stating his or her intention to be "excluded" from the Settlement. The Request for Exclusion must contain the Settlement Class member's name, current address, and telephone number. The Request for Exclusion must be either (a) personally signed by the Settlement Class member and dated, mailed, and postmarked to the Settlement Administrator on or before the Objection/Exclusion Deadline, or (b) electronically

signed by the Settlement Class member and submitted to the Settlement Administrator through the Settlement Website on or before the Objection/Exclusion Deadline. Multiple, so-called "mass" or "class," opt-outs shall not be allowed. The date of the postmark on the return mailing envelope or date of online submission through the Settlement Website shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Settlement Class member whose request to be excluded from the Settlement Class is approved by the Court will not be bound by the Settlement and will have no right to object, appeal, or comment thereon.

5.2.    Any Settlement Class member, on his or her own, or through an attorney hired at his or her own expense, may object to the terms of the Settlement, Class Counsel's application for a Fee and Expense Award, or the Incentive Awards. Any such Objection must be in writing and include the contents described in Paragraph 5.3 below and must be filed with the Court and sent to counsel for the Settling Parties as set forth below via U.S. Mail or e-mail on or before the Objection/Exclusion Deadline or as the Court may otherwise direct. Any Objection that is not properly or timely raised is waived. All Objections to the Settlement must be sent to each of the following persons:

> Ronald A. Marron
> **LAW OFFICES OF RONALD A. MARRON**
> 651 Arroyo Drive
> San Diego, CA 92103
> Email: *ron@consumersadvocates.com*

> Rick L. Shackelford
> **GREENBERG TRAURIG, LLP**
> 1840 Century Park East, Suite 1900
> Los Angeles, CA 90067
> Email: *ShackelfordR@gtlaw.com*

5.3.    To be effective, Objections must be in writing and accompanied by documents or other evidence, as well as any factual or legal argument the objecting Settlement Class member intends to rely upon in making his or her Objection. All

-17-

Objections must include (a) a reference, in its first sentence, to the Litigation, *Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335; (b) the Objector's full, legal name, residential address, telephone number, and email address (and the Objector's lawyer's name, business address, telephone number, and email address if objecting through counsel); (c) a statement describing the Objector's membership in the Settlement Class, including a verification under oath as to the date, name of the Products purchased, and the location and name of the retailer from whom the Objector purchased the Products, and all other information required by the Claim Form; (d) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (e) copies of any papers, briefs, or other documents upon which the objection is based; (f) a list of all persons who will be called to testify in support of the objection; (g) a statement of whether the Objector intends to appear at the Final Approval Hearing (note: if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing); (h) a list of the exhibits that the Objector may offer during the Final Approval Hearing, along with copies of such exhibits; and (i) the objector's signature.  In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection; and (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

5.4.    Any Settlement Class member who fails to file and serve a written Objection timely, setting forth all of the information required by this Section shall be precluded from objecting to the Settlement and foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including, but not limited to, through an appeal.

*ACTIVE 46461346v1*

5.5.    Either Party may request the Court, within its discretion, to exercise its right to deem any Objection frivolous and award appropriate costs and fees to the Party or Parties opposing such Objection(s).

5.6.    Any Settlement Class member who fails to timely submit a Request for Exclusion or Objection as provided in this Settlement Agreement shall be bound by all subsequent proceedings, orders, and Final Judgment (including this Settlement) in the Litigation, even if he or she has pending, or subsequently initiates, any litigation, arbitration, or other proceeding against Ocean Spray or Released Parties relating to the Released Claims.

5.7    The Parties agree that if there are objections to any portion of this Settlement, including the Fee and Expense Request, Class Counsel will use best efforts to resolve those objections.  If the objections cannot be resolved consensually (and without exceeding the $5.4 million Settlement Amount), then the Parties agree the objections shall be submitted to the approving court for resolution. If the court grants any monetary relief to any objector, including attorneys' fees, such relief shall be paid from the Settlement Fund. In no event shall Defendant's monetary obligation exceed $5.4 million. If any objection is sustained such that any objector is granted monetary relief or granted relief other than monetary relief, then each party reserves the right to terminate the settlement or the Parties reserve the right to modify the Settlement to provide for such non-monetary relief.

**6.    Notice and Claims Process**

6.1.    The Notice shall:

6.1.1. Inform the Settlement Class that if they do not timely exclude themselves from the Settlement Class or object to the Settlement they may be eligible to receive the relief provided by the proposed Settlement

-19-

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335
CLASS LITIGATION SETTLEMENT AGREEMENT

Agreement;

6.1.2. Contain a short, plain statement of the background of the Litigation and the proposed Settlement;

6.1.3. Describe the proposed relief outlined in this Settlement Agreement;

6.1.4. Explain the impact the proposed Settlement will have on any existing or future litigation, arbitration, or other proceeding;

6.1.5. State that any relief to Settlement Class members is contingent upon the Court's granting Final Approval of the Settlement; and

6.1.6. Disclose Class Counsel will seek a Fee and Expenses award from the Settlement Fund.

6.1.7. Constitute the best notice practicable under the circumstances consistent with Federal Rule of Civil Procedure 23(c) and the Court' Order Regarding Class Notice (Dkt. No. 94).

6.2.    <u>Notice to State and Federal Officials</u>. In compliance with the Attorney General notification provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1715, within ten (10) days after the Motion for Preliminary Approval is filed, the Settlement Administrator shall cause notice of this proposed Settlement to be served on the Attorney General of the United States and the Attorneys General of each State or territory. The Settlement Administrator shall file with the Court a certification stating the date(s) upon which such CAFA notices were sent. The Settlement Administrator will provide counsel for the Parties to assist with any substantive responses received in response to any CAFA notice served.

6.3.    <u>Notice to the Settlement Class members</u>. Within forty-five (45) days after entry of the Preliminary Approval Order, or on the date established by the Court in the Preliminary Approval Order, the Settlement Administrator shall effect notice as set forth below:

6.3.1. <u>Print Publication Notice</u>. On or before the forty-fifth day after entry of the Preliminary Approval Order, the Settlement Administrator will cause the Notice, in the form approved by the Court, to be published based on the Notice Plan, which is attached hereto as Exhibit D

6.3.2. <u>Settlement Website</u>. On or before the Notice Deadline, the Settlement Administrator shall establish the Settlement Website, from which Settlement Class members may download or print the Notice, a complete copy of this Settlement Agreement and the Preliminary Approval Order, and submit a Claim Form. The Settlement Website shall include the deadlines for filing Claims, Requests for Exclusion from the Settlement Class, Objections, the date of the Final Approval Hearing, and other information pertaining to the Settlement, a voice-recorded Interactive Voice Response ("IVR") with Frequently Asked Questions ("FAQs"), and an interactive function that permits Settlement Class members to download a Claim Form online or file a Claim Form via the Settlement Website or by mail and post-marked by the Claims Deadline. The Settlement Administrator shall establish the Settlement Website using a website name to be mutually agreed upon by the Settling Parties. The Website shall be operative no later than the Notice Date and shall be accessible for a period of not fewer than sixty (60) days following the Effective Date, but not longer than the Claims Deadline.

6.3.3. <u>Toll-Free IVR</u>. On or before the Notice Deadline, the Settlement Administrator shall establish a Toll-Free IVR phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form. The Toll-Free number shall remain open and accessible through the Claim Deadline. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the Toll-Free number by potential Settlement Class

-21-

members concerning the Litigation or the Settlement so that Class Counsel may timely and accurately respond to such inquiries; provided, however, the Settlement Administrator shall review the recorded messages before providing them to Class Counsel and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Settlement Administrator shall handle such administrative request(s), but the Settlement Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class member.

6.4.  <u>Responsibilities of Settlement Administrator</u>. The Settlement Administrator will help implement the terms of this Settlement Agreement and the Preliminary Approval Order. The Settlement Administrator shall be responsible for administrative tasks, including, without limitation, (a) arranging, as set forth in this Section and in the Preliminary Approval Order, for distribution of Class Notice and Claim Forms (in forms approved by the Court) to Settlement Class members, (b) answering inquiries from Settlement Class members or forwarding such inquiries to Class Counsel or its designee, (c) receiving and maintaining on behalf of the Court and the Parties any Settlement Class member correspondence regarding Requests for Exclusion from the Settlement or Objections to the Settlement, (d) posting on the Settlement Website Class Notice, Claim Forms, and other related documents, (e) receiving and processing Claims and distributing Settlement Payments, (f) answering inquiries and providing information reasonably requested by Ocean Spray, and (g) otherwise assisting with implementation and administration of the Settlement.

6.5.  <u>General Claims Administration and Review of Claims</u>. The Settlement Administrator shall be responsible for reviewing and administering all Claims to determine their validity. The Settlement Administrator shall reject any Claim that does not comply in any material respect with the instructions on the Claim Form or the terms of the Settlement, or is submitted after the Claims Deadline.

6.6.   <u>Claims Process</u>. The Settlement Administrator shall retain copies of all Claims submitted and all documentation of Claims approved or denied and all Settlement Payments made. The Settlement Administrator agrees to be subject to the direction and authority of the Court with respect to the administration of the Settlement and the payment of Settlement Funds to Authorized Claimants pursuant to the terms of this Settlement Agreement. Upon determining a Claim submitted pursuant to this Settlement Agreement is valid and the amount of Settlement Payment, the Settlement Administrator shall notify counsel for the Parties of that determination. Ocean Spray shall have forty-five (45) days following this notice to challenge the Claim. Ocean Spray shall be permitted to submit to the Settlement Administrator, with a copy to Class Counsel, any information demonstrating that the submitted Claim is not valid. The Settlement Administrator may then contact the Claimant who submitted the Claim to request any further information. The Settlement Administrator shall then make a final determination that is not challengeable by any Party.

6.7.   Claim Forms may be completed and submitted by U.S. mail or online at the Settlement Website. Claim Forms may also be requested by calling the Toll-Free number provided by the Class Action Settlement Administrator or by writing to the Settlement Administrator.

6.8.   To be eligible for a Settlement Payment, a Claimant must timely submit a signed and completed Claim Form containing his or her name, mailing address, and email address. Claim Forms must be postmarked or submitted online no later than the Claims Deadline.

6.9.   The contract with the Settlement Administrator shall obligate the Settlement Administrator: (a) to describe accurately and neutrally, and shall train and instruct its employees and agents to describe accurately and objectively, the provisions of the Settlement in communications with Settlement Class members; and (b) to provide prompt, accurate, and objective responses to inquiries from Class

-23-

Counsel, Ocean Spray, or Ocean Spray's Counsel.

6.10.   All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of the Settlement until all payments and obligations contemplated by the Settlement have been fully carried out.

6.11.   <u>Declaration of Compliance</u>. Within five (5) calendar days after the Claims Deadline, the Settlement Administrator shall provide the Settling Parties with a declaration attesting to completion of the notice process set forth in this Section.

6.12   <u>Costs of Notice and Administration</u>. The Settlement Fund will be used to pay the cost of class notice and claims administration in the amount of up to $500,000.00, or a lesser or greater amount as ordered by the Court.

## 7.   <u>Settlement Consideration</u>

7.1.   <u>Class Benefits</u>. Class Counsel and Plaintiff believe the Settlement confers substantial benefits upon the Settlement Class, as identified below, particularly as weighed against the risks associated with the inherent uncertain nature of a litigated outcome; the complex nature of the Litigation in which Class Counsel have reviewed internal and confidential documents; the difficulty and complexity of calculating actual economic harm allegedly attributable to purportedly false representations relating to the Products; and the length and expense of continued proceedings through trial and appeals. Based on their evaluation of such factors, Class Counsel and Plaintiff have determined the Settlement, based on the terms set forth herein, is in the best interests of the Settlement Class.

7.2   The Settlement includes cash payments or monetary relief and non-monetary relief as set forth below.

-24-

7.2.1.  Ocean Spray will provide $1.00 in cash from the Settlement Fund per bottle of Products purchased (any size) during the Class Period, up to 20 bottles, limited to one claim per household. No additional proof of purchase will be required beyond a timely and properly submitted claim form, and no evidence of additional purchases will entitle a claimant to receive compensation in excess of $20.00 (unless distribution is increased *pro rata* subject to paragraph 7.2.3 below). The monetary relief described in this paragraph is to be paid from the Settlement Fund, subject to Paragraph 7.2.3. below.

7.2.2.  The actual amount paid to individual Authorized Claimants will depend upon the number of accepted Claims. Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to ensure that only legitimate Claims are paid.

7.2.3. If the amount of valid claims timely submitted by class members exceeds the amount in the Settlement Fund, cash payments to class members who submit timely and valid claims will be reduced *pro rata* until the funds remaining in the Settlement Fund are exhausted. If the amount of valid claims timely submitted by class members does not exhaust the amount in the Settlement Fund after payment of Notice and Settlement Administrator expenses, a Fee and Expense Award, any necessary taxes, tax expenses, Incentive Awards, and the total amount of all Authorized Claims, cash payments to class members will increase *pro rata* until the funds remaining in the Settlement Fund are exhausted.

7.3.   Ocean Spray agrees to the following injunctive relief: Within 12 months after the Final Approval Effective Date, Ocean Spray shall discontinue manufacturing the Products that contain the artificial versions of malic acid and/or fumaric acid as an ingredient with labels that contain the claim "no artificial flavors",

-25-

provided Ocean Spray shall be permitted to exhaust existing label stock purchased, printed, or ordered prior to the Final Approval Effective Date even if the associated Products are manufactured later than 12 months after the Final Approval Effective Date. This injunctive relief does not require the recall of any product already sold to retail customers or in their respective distribution chains. This injunctive relief does not require any relabeling of any products. This injunctive relief does not apply to any labels ordered, purchased, or printed prior to the Final Approval Effective Date. The injunctive relief does not require destruction of any inventory of finished goods solely due to the label bearing the claim "no artificial flavors." The injunctive relief does not require the destruction of any label stock purchased, printed, or ordered prior to the Final Approval Effective Date.

7.4.    Ocean Spray shall cause to be deposited Five Million Four Hundred Thousand Dollars ($5,400,000.00) into the Settlement Fund within 45 days of the Preliminary Approval Order.

7.5.    The Settlement Fund shall be maintained by the Settlement Administrator, which will act as the escrow agent for and place the Settlement Fund in an interest-bearing account, subject to approval by the Court.

7.6.    The Settlement Fund shall be used to pay in full and in the following order: (a) any necessary taxes and tax expenses; (b) all costs associated with the Settlement Administrator, including costs of providing Notice to Settlement Class members, processing Claims, and all costs relating to providing necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1715 *et seq.*; (c) any Fee and Expense Award made by the Court to Class Counsel under Section 8 of this Settlement Agreement; (d) any Incentive Award made by the Court to the Plaintiff under Section 8 of this Settlement Agreement; and (e) payments to Authorized Claimants and any others as allowed by this Settlement Agreement and approved by the Court. The Settlement Fund represents the limit and extent of Ocean Spray's monetary obligations under this Settlement Agreement.

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335
CLASS LITIGATION SETTLEMENT AGREEMENT

ACTIVE 46461346v1

7.7.   The Settlement Administrator shall send correspondence to any applicable Claimant explaining rejection of his or her Claim no later than fifteen (15) days after the Claims Deadline. If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator in consultation with Class Counsel and Defense Counsel of the denial of the claim. If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, the disputed claim shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

7.8.   The Settlement Administrator will send payment directly to the Authorized Claimant within thirty (30) calendar days after the Effective Date. The Settlement Administrator will process direct credit or payment via physical check, PayPal, Venmo, Amazon, or electronic Automated Clearing House ("ACH") transactions.

## 8.   Award of Fees and Expenses to Class Counsel and Incentive Awards to Plaintiff

8.1.   An award of Fees and Expenses shall be made from the Settlement Fund to Class Counsel. Class Counsel may make an application for an award of Fees and Expenses in the Litigation not to exceed 33.33% of the Settlement Fund. Subject to the terms and conditions of this Stipulation and any order of the Court, the Fee and Expense Award to Class Counsel shall be paid out of the Settlement Fund within forty five (45) days following the Court's Order granting Final Approval of the Settlement and Fee and Expense Award, subject to Class Counsel guaranteeing to make the funds available upon a reversal by the Court of Appeals, if any.

-27-

8.2.    Class Counsel shall have the sole and absolute discretion to allocate and distribute the Fee and Expense Award among Plaintiff's Counsel and any other attorney for Plaintiff.

8.3.    Class Counsel may ask the Court for Incentive Awards from the Settlement Fund to the Plaintiffs as follows: Nine Thousand Dollars ($9,000.00) to Plaintiff Crystal Hilsley and One Thousand Dollars ($1,000) to Plaintiff William Riley. Any Incentive Awards approved by the Court shall be paid from the Settlement Fund within ten (10) days after the Final Approval Effective Date.

## 9.   <u>Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination</u>

9.1.    In the event this Settlement Agreement is not approved by the Court or the Settlement set forth herein is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective pre-settlement positions in the Litigation, including with regard to any agreements concerning tolling and similar agreements, and this entire Settlement Agreement shall become null and void. The entire amount deposited into the Settlement Fund (to the extent it was deposited) shall be promptly returned to Ocean Spray.

9.2.    The Parties and their counsel agree to cooperate fully with one another and to use their best efforts to effectuate the Settlement, including, without limitation, in seeking Preliminary Approval and Final Approval of the Settlement, carrying out the terms of this Settlement Agreement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. The Parties shall cooperate in good faith and undertake all reasonable actions and steps in order to accomplish the events described in this Settlement Agreement.

## 10.   <u>Release</u>

10.1.  As of the Effective Date, the Released Parties shall be released of and from any and all claims asserted or which could have been asserted in the Litigation involving any allegations of misleading statements or misrepresentations concerning the Products, including, without limitation, arising from, under or relating to any law or jurisdiction including, state, federal or local law or otherwise.

10.2.  Notwithstanding the above, the Court shall retain continuing jurisdiction over the Parties and the Settlement Agreement with respect to the future performance of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement are properly made or taken. All Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms embodied in this Settlement Agreement.

## 11.    Miscellaneous Proceedings

11.1.  Pending entry of the Preliminary Approval Order and the entry of the Final Judgment, the Settling Parties agree to stay all proceedings in this Litigation, except those incident to the Settlement itself.

11.2.  The Settling Parties agree to use their best efforts to prevent, stay, or seek dismissal of, or to oppose entry of any interim or final relief in favor of, any claim by any member of the Settlement Class in any litigation that would be barred by the releases contemplated by this Settlement Agreement, and any other litigation against any of the Parties challenging the Settlement, or that otherwise involves, directly or indirectly, a Released Claim.

11.3.  The Settling Parties and their undersigned counsel agree to undertake their best efforts and mutually cooperate to promptly effectuate this Settlement Agreement and the terms of the Settlement set forth herein, including taking all steps and efforts contemplated by this Settlement Agreement and any other steps and efforts which may become necessary by order of the Court or otherwise.

-29-

*ACTIVE 46461346v1*

11.4.   The undersigned represent that they are fully authorized to execute and enter into the terms and conditions of this Settlement Agreement.

11.5.   This Settlement Agreement contains the entire agreement among the Settling Parties and supersedes any prior agreements or understandings between them. All terms of this Settlement Agreement are contractual and not mere recitals and shall be construed as if drafted by all Parties. The presumption found in California Civil Code Section 1654 (and equivalent, comparable, or analogous provisions of the laws of the United States of America or any State or territory thereof, or of the common law or civil law) that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

11.6.   The terms of this Settlement Agreement are and shall be binding upon each of the Parties, their agents, attorneys, employees, successors and assigns, and upon all other persons claiming any interest in the subject matter through any of the Parties, including any Settlement Class member.

11.7.   Whenever this Settlement Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided by email, or next day (excluding Sunday) express delivery service as follows:

If to Plaintiff, then to:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Email: ron@consumersadvocates.com

If to Defendant, then to:

Rick L. Shackelford
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Email: ShackelfordR@gtlaw.com

-30-

11.8.   The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Ocean Spray's Counsel, without notice to Settlement Class members. The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

11.9.   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday or, when the act to be done is the filing of a paper in Court, a day in which weather or other conditions have made the Office of the Clerk or the Court inaccessible, in which event the period shall run until the end of the next day. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States.

11.10. The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Settlement Agreement in good faith and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Settlement Agreement.

11.11. This Settlement Agreement may be amended or modified only by a written instrument signed by Class Counsel and Ocean Spray's Counsel. Amendments and modifications may be made without additional notice to the Settlement Class members unless such notice is required by the Court.

11.12. Neither this Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Ocean Spray, or of the propriety of Class Counsel maintaining the Litigation as a class action; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of Ocean Spray in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that Ocean Spray may file this Settlement Agreement or the Final Judgment in any action that may be brought against any Released Party in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

11.13. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

11.14. This Settlement Agreement shall be deemed to have been executed upon the last date of execution by the undersigned.

11.15. This Settlement Agreement may be executed in counterparts, each of which shall constitute an original.

**IN WITNESS THEREOF**, the Settling Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives.

**UNDERSTOOD AND AGREED:**

1

2   Dated: *October 14, 2019*

3                                            By: _____

    Representative of Ocean Spray Cranberries,
4   Inc.

5

6

7

8   Dated: *10-17-19*

9                                            **LAW OFFICES OF RONALD A.
    MARRON**

10

11                                           By: _____

12                                           Ronald A. Marron
                                             651 Arroyo Drive
13                                           San Diego, California 92103
                                             Telephone: (619) 696-9006
14                                           Facsimile: (619) 564-6665
                                             Email: *ron@consumersadvocates.com*
15                                           ***Counsel for Plaintiffs and the Class***

16

17

18

19

20

21

22

23

24

25

26

27

28

-33-

*ACTIVE 46461346v1*

1

## **EXHIBITS**

2

Exhibit A:          Claim Form

3

Exhibit B:          Long Form Notice

4

Exhibit C:          Short Form Notice

5

Exhibit D:          Notice Plan

6

Exhibit E:          [Proposed] Preliminary Approval Order

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACTIVE 46461346v1

# EXHIBIT A

Exhibit A

*Hilsley v. Ocean Spray Cranberries, Inc.*
United States District Court, Southern District of California
3:17-CV-2335-GPC-MDD

## CLASS ACTION SETTLEMENT CLAIM FORM

### CLAIM FORM INSTRUCTIONS

To be eligible to receive a payment from the Settlement Fund in the above-captioned action, you must file a Claim Form as described below.

### REQUIREMENTS FOR FILING A CLAIM FORM

1. Please review the Notice of Class Action Settlement (the "Notice"). A copy of the Notice is available at www.NoArtificialFlavorsLitigation.com.

2. Accurately complete all required portions of this Claim Form.

3. Sign the Claim Form.

4. By signing and submitting this Claim Form, you certify that you are a citizen or resident of the United States who, on or after January 1, 2011 until [the date preliminary approval is granted] (the "Class Period"), purchased in your respective state, for personal or household use and **not** for resale or distribution, one of the following products:

   - Ocean Spray® Cran-Apple™;
   - Ocean Spray® Cran-Grape™;
   - Ocean Spray® "100% Apple" Juice Drink;
   - Ocean Spray® Cran-Raspberry™;
   - Ocean Spray® Wave™ Apple with White Cranberries;
   - Ocean Spray® Wave™ Berry Medley;
   - Ocean Spray® Cran-Cherry™;
   - Ocean Spray® Cran-Pineapple™;
   - Ocean Spray® Cran-Pomegranate™;
   - Ocean Spray® diet Cran-Pomegranate™;
   - Ocean Spray® Diet Cran-Cherry™;
   - Ocean Spray® 100% Juice Cranberry Cherry Flavor
   - Ocean Spray® Cran-Strawberry™
   - Ocean Spray® Diet Blueberry
   - Ocean Spray® Diet Cranberry With Lime
   - Ocean Spray® Cran-Lemonade™
   - Ocean Spray® Classic Tea White Cranberry Peach
   - Ocean Spray® Cran-Tea™ White Cranberry Peach

Exhibit A

*Hilsley v. Ocean Spray Cranberries, Inc.*
United States District Court, Southern District of California
3:17-CV-2335-GPC-MDD

## CLASS ACTION SETTLEMENT
## CLAIM FORM

- Ocean Spray® Classic Tea Cranberry
- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple
- Ocean Spray® 100% Cranberry Concord Grape
- Ocean Spray® 100% Juice Cranberry Raspberry
- Ocean Spray® 100% Juice Cranberry Pomegranate
- Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
- Ocean Spray® Light Tropical Citrus Fruit And Vegetable
- Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit & Vegetable
- Ocean Spray® Pink Cranberry Passionfruit Juice Drink
- Ocean Spray® 100% Juice Cranberry Mango
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Light Cran-Mango™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Ruby Pomegranate
- Ocean Spray® Diet Cran-Tea™
- Ocean Spray® 100% Juice Cranberry Pineapple
- Ocean Spray® Diet Cran-Pineapple™
- Ocean Spray® Mocktails Tropical Citrus
- Ocean Spray® Cran-America™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Cranharvest™ Cranberry Apple Cider
- Ocean Spray® Diet Cran-Raspberry™
- Ocean Spray® Diet Cran-Apple™
- Ocean Spray® Diet Cranberry
- Ocean Spray® Diet Cran-Grape™
- Ocean Spray® Cranberry Cranenergy™
- Ocean Spray® Diet Ruby Red
- Ocean Spray® New Light 50 Cranberry Grape
- Ocean Spray® Sparkling Citrus Tangerine
- Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
- Ocean Spray® Ruby Cherry
- Ocean Spray® Cherry Juice Cocktail
- Ocean Spray® Cranenergy™ Sparkling Cranberry
- Ocean Spray® Sparkling Pink Cranberry Juice Drink

Exhibit A

*Hilsley v. Ocean Spray Cranberries, Inc.*
United States District Court, Southern District of California
3:17-CV-2335-GPC-MDD

## CLASS ACTION SETTLEMENT
## CLAIM FORM

- Ocean Spray® Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Cranberry
- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry
- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink
- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate
- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™
- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry (collectively referred to herein as, "Products" or "Ocean Spray® Products").

5. You further certify that you have not filed a timely Request for Exclusion from the Settlement Class and that you are not excluded from the class by virtue of being (1) a judicial officer presiding over the action, (2) a current or former officer, director, or employee of Ocean Spray Cranberries, Inc. or any of its subsidiaries, parent companies, successors, or predecessors, or (3) a legal representative, successor, or assign of any such excluded person.

6. To receive a cash payment, you must complete and submit a completed form online at www.NoArtificialFlavorsLitigation.com or mail the completed and signed Claim Form by U.S. Mail, postmarked no later than _____2019 to:

Exhibit A

*Hilsley v. Ocean Spray Cranberries, Inc.*
United States District Court, Southern District of California
3:17-CV-2335-GPC-MDD

## CLASS ACTION SETTLEMENT
## CLAIM FORM

**No Artificial Flavors Litigation Settlement**
**c/o Classaura Class Action Administration**
**1718 Peachtree St #1080, Atlanta, Georgia**

7.  Your failure to complete and submit the Claim Form online or postmarked mail by ⬜⬜⬜⬜⬜, 2019 will preclude you from receiving any payment in this Settlement.

**Your Name**: _____

**Your Mailing Address (with zip code)**:

_____

_____

**Your Phone Number**: _____

**Your Email Address**: _____

**Are you a United States resident or citizen who purchased,** on or after January 1, 2011 until [the date preliminary approval is granted], any of the Ocean Spray® Products listed above in your state, for personal or household use and not for resale or distribution?

_____ YES                    _____ NO

**How many bottles of any of the Ocean Spray® Products did you purchase during the Class Period?**

| | | | |
|---|---|---|---|
| _____ 1 | _____ 6 | _____ 11 | _____ 16 |
| _____ 2 | _____ 7 | _____ 12 | _____ 17 |
| _____ 3 | _____ 8 | _____ 13 | _____ 18 |
| _____ 4 | _____ 9 | _____ 14 | _____ 19 |
| _____ 5 | _____ 10 | _____ 15 | _____ 20 or more. |

**Date(s) of Purchase.** For each Ocean Spray® Product you claim you purchased, give the approximate date of the purchase:

Exhibit A

*Hilsley v. Ocean Spray Cranberries, Inc.*
United States District Court, Southern District of California
3:17-CV-2335-GPC-MDD

## CLASS ACTION SETTLEMENT CLAIM FORM

Date(s): _____

_____

_____

_____

_____

_____

**Location(s) of Purchase**. For each Product you purchased, identify the address of the store where the purchase was made. (Example: Home Depot, 225 Main Street, Cedar Rapids, Iowa).

_____

_____

_____

_____

**Claim Your Settlement Award**[1].

I hereby certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: _____   Date: _____

---

[1] The settlement awards are described in detail in Section 7.2 of the Settlement Agreement.

# EXHIBIT B

Exhibit B

## <u>NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT</u>

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-CV-2335-GPC-MDD
United States District Court for the Southern District of California

**THIS NOTICE CONCERNS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.* **YOU ARE NOT BEING SUED.**

---

**IF YOU ARE A UNITED STATES RESIDENT OR CITIZEN WHO** on or after January 1, 2011 until [the date preliminary approval is granted] (the "Class Period"), purchased in your respective state, for personal or household use and not for resale or distribution, one of the following Ocean Spray Products:

- Ocean Spray® Cran-Apple™;
- Ocean Spray® Cran-Grape™;
- Ocean Spray® "100% Apple" Juice Drink;
- Ocean Spray® Cran-Raspberry™;
- Ocean Spray® Wave™ Apple with White Cranberries;
- Ocean Spray® Wave™ Berry Medley;
- Ocean Spray® Cran-Cherry™;
- Ocean Spray® Cran-Pineapple™;
- Ocean Spray® Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Cherry™;
- Ocean Spray® 100% Juice Cranberry Cherry Flavor
- Ocean Spray® Cran-Strawberry™
- Ocean Spray® Diet Blueberry
- Ocean Spray® Diet Cranberry with Lime
- Ocean Spray® Cran-Lemonade™
- Ocean Spray® Classic Tea White Cranberry Peach
- Ocean Spray® Cran-Tea™ White Cranberry Peach
- Ocean Spray® Classic Tea Cranberry
- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple
- Ocean Spray® 100% Cranberry Concord Grape
- Ocean Spray® 100% Juice Cranberry Raspberry
- Ocean Spray® 100% Juice Cranberry Pomegranate
- Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
- Ocean Spray® Light Tropical Citrus Fruit & Vegetable
- Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit & Vegetable
- Ocean Spray® Pink Cranberry Passionfruit Juice Drink

1

Exhibit B

- Ocean Spray® 100% Juice Cranberry Mango
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Light Cran-Mango™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Ruby Pomegranate
- Ocean Spray® Diet Cran-Tea™
- Ocean Spray® 100% Juice Cranberry Pineapple
- Ocean Spray® Diet Cran-Pineapple™
- Ocean Spray® Mocktails Tropical Citrus
- Ocean Spray® Cran-America™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Cranharvest™ Cranberry Apple Cider
- Ocean Spray® Diet Cran-Raspberry™
- Ocean Spray® Diet Cran-Apple™
- Ocean Spray® Diet Cranberry
- Ocean Spray® Diet Cran-Grape™
- Ocean Spray® Cranberry Cranenergy™
- Ocean Spray® Diet Ruby Red
- Ocean Spray® New Light 50 Cranberry Grape
- Ocean Spray® Sparkling Citrus Tangerine
- Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
- Ocean Spray® Ruby Cherry
- Ocean Spray® Cherry Juice Cocktail
- Ocean Spray® Cranenergy™ Sparkling Cranberry
- Ocean Spray® Sparkling Pink Cranberry Juice Drink
- Ocean Spray® Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Cranberry
- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry
- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink
- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate

**Questions? Call 1-855-873-3742 or visit www.NoArtificialFlavorsLitigation.com**

Exhibit B

- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™
- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry

(the "Products"), **YOU MAY BE ENTITLED TO A CASH PAYMENT.**

This Settlement resolves a lawsuit against Ocean Spray Cranberries, Inc. ("Ocean Spray") alleging that Ocean Spray's Product labels claiming to contain "No Artificial Flavors" are false and misleading because the Products actually contain the artificial flavoring ingredients dl-malic acid and/or fumaric acid.

Ocean Spray denies the allegations and any wrongdoing. Nonetheless, it has agreed to settle to avoid the cost and uncertainty of litigation. The parties have reached a settlement that would provide monetary recovery as detailed below in exchange for a waiver and release of your claims. By participating in the Settlement, you waive and release any claims against Ocean Spray concerning the marketing and labeling of the Products.

Exhibit B

# YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | The only way to get a monetary payment. Postmark or submit your Claim Form online. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY [DATE]** | If you ask to be excluded, you will not be bound by what the Court does in this case and will keep any right you might have to sue Ocean Spray separately about the legal claims in this lawsuit. If there is a recovery in this case, including under the proposed Settlement, you will not share in that recovery. |
| **OBJECT OR COMMENT BY [DATE]** | You may file a written Objection no later than [date] and/or appear at the Final Approval Hearing to tell the Court why you believe the proposed Settlement is unfair, unreasonable, or inadequate. If you ask to be excluded from the Class (i.e., "opt out"), you may not file an Objection. |
| **DO NOTHING** | If you do nothing, you will receive no portion of the Settlement Fund and, if the Settlement is approved, you will also give up your right to sue Ocean Spray on your own regarding any claims that are part of the Settlement. |

- These rights and options, **and the deadlines to exercise them,** are further explained in this Notice.

- The Court is in charge of this Litigation and still has to decide whether to approve the Settlement. The settlement benefits will be made available if the Court approves the Settlement and after any appeals are resolved.

- The terms of the Settlement may be subject to change and persons that remain in the Settlement Class will be bound by those changes.

- If you have any questions, then please read on and visit www.NoArtificialFlavorsLitigation.com.

4

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION……………………………………………………………PAGE 6
    1. Why did I receive this Notice?
    2. What is this lawsuit About?
    3. What is a Class Action and Who is Involved?
    4. Why is there a Proposed Settlement?

WHO IS COVERED BY THE PROPOSED SETTLEMENT......…………………………......PAGE 7
    5. How Do I Know If I Am Part of the Proposed Settlement?

THE PROPOSED SETTLEMENT BENEFITS……………………………………………PAGE 7
    6. What Does the Proposed Settlement Provide?

HOW TO GET A PAYMENT - SUBMITTING A CLAIM FORM………………………...............PAGE 9
    7. How Can I Obtain a Portion of the Settlement Fund?
    8. How Can I Obtain a Claim Form?

YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE SETTLEMENT………PAGE 10
    9. How Do I Exclude Myself from the Settlement?
    10. If I Don't Exclude Myself, Can I Sue Ocean Spray Later?
    11. If I Exclude Myself, Can I Get a Payment from the Settlement Fund?

YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT..…………PAGE 10
    12. How Do I Tell the Court that I Object to the Proposed Settlement?
    13. What's the Difference Between Objecting and Excluding?

YOUR RIGHTS AND CHOICES - APPEARING IN THIS LAWSUIT………………........................PAGE 12
    14. Can I Appear and Speak in this lawsuit About the Proposed Settlement?
    15. How Can I Appear in this lawsuit?

IF YOU DO NOTHING…………………………………………………………….. PAGE 13
    16. What Happens If I Do Nothing at All?

THE LAWYERS REPRESENTING YOU……………………………………………….PAGE 13
    17. Do I have a Lawyer in this Case?
    18. How Will the Lawyers Be Paid?

THE COURT'S FINAL APPROVAL HEARING……………………………........................PAGE 14
    19. When and Where Will the Court Decide Whether to Approve the Settlement?
    20. Do I Have to Come to the Hearing?

FINAL SETTLEMENT APPROVAL……………………………………........................PAGE 14
    21. What is the Effect of Final Settlement Approval?

GETTING MORE INFORMATION………………………………………………..PAGE 15
    22. Are there More Details About the Settlement?

Questions? Call 1-855-873-3742 or visit www.NoArtificialFlavorsLitigation.com

Exhibit B

## BASIC INFORMATION

| **1.  Why did I receive this Notice?** |
| --- |

If you are a United States resident or citizen who purchased one of the Products during the Class Period in your state, for personal or household use and not for resale or distribution, then you have a right to know about a proposed settlement in this class action lawsuit and your options.

You also may have received this Notice because you requested more information after reading the Summary Notice about the Settlement.

The Court ordered that you be given this Notice because you have a right to know about a proposed settlement of this class action lawsuit and your options in relation to that lawsuit before the Court decides whether to give its final approval to the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator approved by the Court will oversee the distribution of the Settlement Fund.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| **2.  What is this lawsuit About?** |
| --- |

The Plaintiffs who filed the lawsuit allege that Ocean Spray's Product labels claiming to contain "No Artificial Flavors" are false and misleading because the Products contain the artificial flavoring ingredients dl-malic acid and/or fumaric acid, which Plaintiffs claim function as flavors in the Products.

**Ocean Spray denies the allegations in the lawsuit, and the Court has not made any ruling on the merits of the lawsuit**. To avoid the expense of further litigation, the parties have reached a settlement that is further described in this Notice.

| **3.  What Is a Class Action and Who Is Involved?** |
| --- |

In a class action lawsuit, one or more people, called Class Representatives (in this case Crystal Hilsley and William Riley) represent the interests of similarly situated people who may have the same claims in common, but have not filed a lawsuit. All of these people are collectively referred to as a class. The persons who filed the lawsuit are called the Plaintiffs. The company or persons they sue is called the Defendant. One court resolves the issues for everyone in the class – except for those people who choose to exclude themselves from the class.

**Questions? Call 1-855-873-3742 or visit www.NoArtificialFlavorsLitigation.com**

Exhibit B

### 4.   Why Is There a Proposed Settlement?

The Court has not decided in favor of either side. Ocean Spray denies all allegations in the lawsuit. Ocean Spray is settling simply to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption to its business. The Plaintiffs and their attorneys assert that the proposed Settlement is in the best interests of the Class because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing a lawsuit through trial and any appeals. There would be no guarantee of success for either side if the lawsuit were pursued through trial and any appeals.

## WHO IS COVERED BY THE PROPOSED SETTLEMENT

To see if you are entitled to file a Claim for part of the Settlement Fund, you first have to determine if you are a member of the Settlement Class.

### 5.   How Do I Know If I Am Part of the Proposed Settlement?

You are a part of the Settlement Class if you are a United States resident or citizen who purchased the Products in your state during the Class Period.  The Products must have been purchased for personal or household use and not for resale or distribution.

You are not a part of the Settlement Class if you are (1) any judicial officer presiding over the lawsuit; (2) Ocean Spray, its subsidiaries, parent companies, successors, predecessors, and any entity in which Ocean Spray or its parent company has a controlling interest, and each of their current or former officers, directors, and employees; (3) legal representatives, successors, or assigns of any excluded person; and (4) any person who properly executes and files a timely request for exclusion.

If you are still not sure whether you are included in the Settlement Class, you can go to www. NoArtificialFlavorsLitigation.com, or you can call 1-855-873-3742, and ask for free help.

## THE PROPOSED SETTLEMENT BENEFITS

### 6.   What Does the Proposed Settlement Provide?

**Settlement Fund**

The proposed settlement will provide for $5,400,000.00 to be paid into a Settlement Fund.

The Settlement Fund shall be applied to pay the following amounts in full and in the order listed: (1) any necessary taxes and tax expenses; (2) all costs associated with the Settlement Administration, including costs of providing notice to members of the Settlement Class and processing Claims and all costs relating to providing the necessary notices in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. Section 1715; (3) any Fee and Expense Award made by the Court to Class Counsel; (4) any Incentive Awards made by the Court to the Plaintiffs; and (5) payments to Authorized Claimants and any others if approved by the Court. The Settlement

7

Fund represents the limit and extent of Ocean Spray's monetary obligations under the Settlement Agreement.

**Payments to Settlement Class Members who Submit a Valid Claim Form**

Settlement Class members who submit a timely and valid Claim will receive **$1.00 in cash from the Settlement Fund per bottle purchased (any size), up to 20 bottles, limited to one claim per household (total payable per household in no event to exceed $20, unless distribution is increased as described below)**.

If the amount of valid claims timely submitted by class members exceeds the amount in the Settlement Fund, cash payments to class members who submit timely and valid claims will be proportionately reduced until the funds remaining in the Settlement Fund are exhausted. If the amount of valid claims timely submitted by class members does not exhaust the amount in the Settlement Fund after payment of Notice and Settlement Administrator expenses, a Fee and Expense Award, any necessary taxes, tax expenses, Incentive Awards, and the total amount of all Authorized Claims, cash payments to class members will increase proportionately until the funds remaining in the Settlement Fund are exhausted.

**Non-Monetary Relief**

Within 12 months after the Final Approval Effective Date, Ocean Spray will discontinue manufacturing the Products that contain the artificial versions of malic acid and/or fumaric acid as an ingredient with labels that contain the claim "no artificial flavors," provided Ocean Spray will be permitted to exhaust existing label stock purchased, printed, or ordered prior to the Final Approval Effective Date.

**Incentive Award to the Plaintiffs**

Subject to Court approval, Class Counsel is seeking an Incentive Award from the Settlement Fund to the Plaintiffs as follows: $9,000.00 to Plaintiff Crystal Hilsley and $1,000.00 to Plaintiff William Riley.

Exhibit B

# How To Get a Payment- Submitting a Claim Form

| **7.   How Can I Obtain a Portion of The Settlement?** |
|---|

Settlement Class members who wish to receive a portion of the Settlement Fund must fully complete and submit a Claim Form, along with any supporting documentation, by [_____], 2019.

You can obtain a Claim Form on the Internet at www.NoArtificialFlavorsLitigation.com

Read the instructions carefully, fully complete the form, and submit it online at www.NoArtificialFlavorsLitigation.com on or before [_____], 2019.

Alternatively, you may submit your Claim Form by mailing it to the following address:

> No Artificial Flavors Litigation Settlement
> c/o Classaura Class Action Administration
> [P.O. Box Address]

Claim Forms must be postmarked no later than [_____], 2019.

Settlement Class Members who have complied with the instructions, requirements, and deadline for submitting a Claim, and whose Claims have been reviewed and validated by the Settlement Administrator, will be paid from the Settlement Fund within forty five (45) days of the Effective Date of the Settlement.

**TO BE VALID, ALL CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY NO LATER THAN [DATE].**

| **8.   How Can I Obtain a Claim Form?** |
|---|

You can obtain a Claim Form in one of three ways:

i.   Online:  You can download the Claim Form at www.NoArtificialFlavorsLitigation.com. You can also submit a Claim Form online through the same website.

ii.   By Phone: Call toll-free, 1-855-873-3742 to arrange for a Claim Form to be sent to you by either U.S. mail or e-mail.

iii.   By U.S. Mail:  You may write to No Artificial Flavors Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address]. Be sure to include your name and mailing address.

Exhibit B

## YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT

If you do not want to receive any of the benefits from the Settlement, and you want to preserve the right to sue Ocean Spray about the subject matter of this lawsuit, then you must take affirmative steps to opt out of the Settlement.

**9.   How Do I Exclude Myself From the Settlement?**

To exclude yourself from the Settlement Class, you must either: (1) send a written request for exclusion that must be received no later than [＿＿＿＿＿＿＿], 2019, to: No Artificial Flavors Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address], or (2) submit a Request for Exclusion online through the Settlement Website no later than [＿＿＿＿＿＿＿,] 2019.

Your Request for Exclusion must contain: (1) the name of the lawsuit, "*Hilsley v. Ocean Spray Cranberries, Inc.*, Case Number: 3:17-CV-2335-GPC-MDD"; (2) your full name, current address, and telephone number; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Settlement Class"; and (4) your signature. You may also get an Exclusion Request Form at www.NoArtificialFlavorsLitigation.com.   You cannot exclude yourself by telephone or by e-mail.

Your Request for Exclusion must be on behalf of yourself.  You may not include multiple persons on a single Request for Exclusion.

If you ask to be excluded, you will not get any payment from the Settlement Fund, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Settlement or this lawsuit. You may be able to sue (or continue to sue) Ocean Spray in the future.

**10. If I Don't Exclude Myself, Can I Sue Ocean Spray Later?**

If you do not properly and timely submit a Request for Exclusion, you waive your right to opt out, you will be deemed to be a member of the Settlement Class, you give up the right to sue Ocean Spray for the claims the Settlement resolves, and you will be bound by the terms of the Settlement Agreement. If you have a pending lawsuit against Ocean Spray, other than this lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Settlement Class to continue your own lawsuit. Remember, any Request for Exclusion must be signed, mailed, and postmarked or submitted online by no later than [＿＿＿＿＿＿＿, ＿＿] 2019.

**11. If I Exclude Myself, Can I Get a Payment from the Settlement Fund?**

No. If you exclude yourself, you are not eligible for any payment from the Settlement Fund.

## YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT

**Questions? Call 1-855-873-3742 or visit www.NoArtificialFlavorsLitigation.com**

You can tell the Court that you object to the Settlement or any particular part of it.

**12. How Do I Tell the Court That I Object to the Proposed Settlement?**

If you are a member of the Settlement Class, you may object to the Settlement. In doing so, you must give reasons why you think the Court should not approve it, and the Court will consider your views.

To object, you must send a letter that contains the following:

(i)    a reference, in its first sentence, to this lawsuit, *Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 3:17-CV-2335-GPC-MDD;

(ii)    Your full, legal name, residential address, telephone number, and email address (and your lawyer's name, business address, telephone number and email address if you are objecting through counsel);

(iii)    a statement describing your membership in the Settlement Class, including a verification under oath as to the date, name of the Products purchased, and the location and name of the retailer from whom you purchased the Products, and all other information required by the Claim Form;

(iv)    a written statement of all grounds for the Objection, accompanied by any legal support for such Objection;

(v)    copies of any papers, briefs, or other documents upon which the Objection is based;

(vi)    a list of all persons who will be called to testify in support of the Objection;

(vii)    a statement of whether you intend to appear at the Final Approval Hearing, and if you are objecting through counsel, you must also state the identity of all attorneys who will appear at the Final Approval Hearing on your behalf;

(viii) a list of the exhibits you will offer during the Final Approval Hearing, along with copies of such exhibits; and

(ix)    your signature.

In addition, if applicable, you must include with your Objection (i) the identity of all counsel who represent you, including former or current counsel who may be entitled to compensation for any reason related to the Objection; (ii) a detailed list of any other objections you or your counsel have submitted to any other class actions submitted in any court, whether state or federal, in the United States, in the previous five (5) years.

**If you choose to object through a lawyer, you must pay for the lawyer yourself.**

11

Exhibit B

Your Objection must be signed and mailed to the Court, along with any supporting documents, so that it is received no later than [⬜⬜⬜⬜⬜⬜], 2019 by the Court at:

Clerk of Court
U.S. District Court
Southern District of California
330 W. Broadway
San Diego, CA 92101

A copy of your Objection ***must*** also be signed and mailed, along with any supporting documents to the Settlement Administrator and each of the following two addresses, so ***that is received by each of them no later than*** [⬜⬜⬜⬜⬜⬜], 2019:

| Counsel for Plaintiffs and the Settlement Class | Counsel for Ocean Spray Cranberries, Inc. |
|---|---|
| Ronald A. Marron<br>**LAW OFFICES OF RONALD A. MARRON**<br>651 Arroyo Drive<br>San Diego, CA 92103<br>Email: *ron@consumersadvocates.com* | Rick L. Shackelford<br>**GREENBERG TRAURIG, LLP**<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>Email: *ShackelfordR@gtlaw.com* |

### 13. What's the Difference Between Objecting and Excluding?

Objecting is explaining to the Court why you do not believe it should approve the Settlement. You can object only if you stay in the Settlement Class.

Excluding yourself from the Settlement is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you will not be eligible to file an Objection or to appear at the Final Approval Hearing.

## YOUR RIGHTS AND CHOICES - APPEARING IN THIS LAWSUIT

### 14. Can I Appear or Speak in the lawsuit About the Proposed Settlement?

As long as you do not exclude yourself, you can (*but do not have to*) participate and speak for yourself in the lawsuit about the proposed Settlement. This is called making an appearance. You can also have your own lawyer appear in court and speak for you, but you must pay for the lawyer yourself.

### 15. How Can I Appear in this lawsuit?

If you want yourself or your own lawyer (*instead of Class Counsel*) to participate or speak for you in this lawsuit, you must file a "Notice of Appearance" with the Court.  The Notice of Appearance

12

Exhibit B

must contain the title of this lawsuit, a statement that you wish to appear at the Final Approval Hearing, and the signature of you or your lawyer.

Your Notice of Appearance can also state that you or your lawyer would like to speak at the Court's Final Approval Hearing on the proposed Settlement. If you submit an Objection (*see Question 12 above*) and would like to speak about the Objection at the Court's Final Approval Hearing, both your Notice of Appearance and your Objection should include that information.

Your Notice of Appearance must be signed, mailed, and postmarked by [＿＿＿＿＿＿＿], 2019, to the Court at:

Clerk of Court
U.S. District Court
Southern District of California
330 W. Broadway
San Diego, CA 92101

Copies of your Notice of Appearance **must also be mailed to** each of the individuals at the same two addresses appearing in Question 12.

## IF YOU DO NOTHING

### 16. What Happens If I Do Nothing At All?

If you do nothing, you will get no payment from the Settlement Fund. But unless you timely excluded yourself, you also will not be able to start a new lawsuit, continue with a lawsuit, or be part of any other lawsuit against Ocean Spray about the subject matter of this lawsuit ever again.

## THE LAWYERS REPRESENTING YOU

### 17. Do I Have a Lawyer in this Case?

The Court has appointed the Law Offices of Ronald A. Marron, APLC and the Law Office of David Elliot as legal counsel for the Settlement Class. The law firms are called Class Counsel. You will not be charged for these lawyers.

### 18. How Will The Lawyers Be Paid?

Class Counsel has not yet received any payment for prosecuting this lawsuit, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the Court to approve the Settlement, Class Counsel will also make a motion to the Court to approve and award attorneys' fees and a reimbursement of expenses to Class Counsel, in a total amount of up to 33.33% of the $5,400,000.00 Settlement Fund. No matter what the Court decides with regard to the requested attorneys' fees, members of the Settlement Class will never have to pay anything toward the fees or expenses of Class Counsel. Class Counsel will seek final approval of the Settlement on behalf

13

Questions? Call 1-855-873-3742 or visit www.NoArtificialFlavorsLitigation.com

Exhibit B

of all members of the Settlement Class. You may hire your own lawyer to represent you in this lawsuit if you wish, but it will be at your own expense.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. Unless you have excluded yourself from the Class, you may have the right to attend or speak at the hearing, but do not have to do so.

### 19. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court overseeing this case will hold a Final Approval Hearing at the Federal Courthouse located at the U.S. District Court for the Southern District of California, 330 W. Broadway, San Diego, CA 92101 on [_____], 2020 to decide whether the Settlement is fair, reasonable, and adequate, as well as to determine the amount of attorneys' fees and costs and incentive fees to award. If there are objections, the Court will consider them at the Final Approval Hearing. After the Final Approval Hearing, the Court will decide whether to approve the Settlement and whether to grant Class Counsel's request for attorneys' fees and expenses. We do not know how long it will take the Court to make these decisions.

### 20. Do I Have to Come to the Hearing?

You are not required to attend the hearing, but you are welcome to attend at your own expense. If you send an Objection, you do not have to appear in Court to present it. As long as you mailed your written Objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## FINAL SETTLEMENT APPROVAL

### 21. What Is The Effect of Final Settlement Approval?

If the Court grants final approval of the Settlement and all appeals have been exhusted, the Released Parties (as defined in the Settlement Agreement), including Ocean Spray, will be released of and from any and all claims asserted or which could have been asserted in the Litigation involving allegations of misleading statements or misrepresentations concerning the Products, including, without limitation, arising from, under or relating to any law or jurisdiction including, state, federal or local law or otherwise.

If the Court does not approve the Settlement, this lawsuit will proceed as if no settlement had been attempted.

If the Settlement is not approved and litigation resumes, there is no guarantee of payment to the Settlement Class.

**Questions? Call 1-855-873-3742 or visit www.NoArtificialFlavorsLitigation.com**

Exhibit B

## GETTING MORE INFORMATION

| **22. Are There More Details About the Settlement?** |
|---|

This Notice is only intended to provide a summary of the proposed Settlement. You may obtain the complete text of the Settlement Agreement at www.NoArtificialFlavorsLitigation.com; by writing to the Settlement Administrator (at the address listed above); or, from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of California, U.S. District Court for the Southern District of California, 330 W. Broadway, San Diego, CA 92101, under the Civil Action Number 3:17-CV-2335-GPC-MDD.

By visiting the website located at www.NoArtificialFlavorsLitigation.com, you will find the Plaintiffs' operative Complaint, a Claim Form, and a Request for Exclusion Form.

You may also contact the Settlement Administrator by email at: Contact@NoArtificialFlavorsLitigation.com, or by writing to No Artificial Flavors Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address].

## PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.

### This Notice is given with the approval and at the direction of the Court.

**Questions? Call 1-855-873-3742 or visit www.NoArtificialFlavorsLitigation.com**

# EXHIBIT C

Exhibit C

## <u>NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT</u>

*Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 3:17-CV-2335-GPC-MDD
United States District Court for the Southern District of California

**THE MATTERS DISCUSSED HEREIN MAY AFFECT SUBSTANTIAL LEGAL RIGHTS THAT YOU MAY HAVE.**

**READ THIS NOTICE CAREFULLY.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**YOU ARE NOT BEING SUED. THIS IS NOT A LAWSUIT AGAINST YOU.**

---

**IF YOU ARE A UNITED STATES RESIDENT OR CITIZEN WHO** on or after January 1, 2011 until [the date preliminary approval is granted] (the "Class Period"), purchased in your respective state, for personal or household use and **not** for resale or distribution, one of the following Ocean Spray® Products:

- Ocean Spray® Cran-Apple™;
- Ocean Spray® Cran-Grape™;
- Ocean Spray® "100% Apple" Juice Drink;
- Ocean Spray® Cran-Raspberry™;
- Ocean Spray® Wave™ Apple with White Cranberries;
- Ocean Spray® Wave™ Berry Medley;
- Ocean Spray® Cran-Cherry™;
- Ocean Spray® Cran-Pineapple™;
- Ocean Spray® Cran-Pomegranate™;
- Ocean Spray® diet Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Cherry™;
- Ocean Spray® 100% Juice Cranberry Cherry Flavor
- Ocean Spray® Cran-Strawberry™
- Ocean Spray® Diet Blueberry
- Ocean Spray® Diet Cranberry With Lime
- Ocean Spray® Cran-Lemonade™
- Ocean Spray® Classic Tea White Cranberry Peach
- Ocean Spray® Cran-Tea™ White Cranberry Peach
- Ocean Spray® Classic Tea Cranberry
- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple
- Ocean Spray® 100% Cranberry Concord Grape
- Ocean Spray® 100% Juice Cranberry Raspberry
- Ocean Spray® 100% Juice Cranberry Pomegranate
- Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
- Ocean Spray® Light Tropical Citrus Fruit And Vegetable

Exhibit C

- Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit & Vegetable
- Ocean Spray® Pink Cranberry Passionfruit Juice Drink
- Ocean Spray® 100% Juice Cranberry Mango
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Light Cran-Mango™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Ruby Pomegranate
- Ocean Spray® Diet Cran-Tea™
- Ocean Spray® 100% Juice Cranberry Pineapple
- Ocean Spray® Diet Cran-Pineapple™
- Ocean Spray® Mocktails Tropical Citrus
- Ocean Spray® Cran-America™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Cranharvest™ Cranberry Apple Cider
- Ocean Spray® Diet Cran-Raspberry™
- Ocean Spray® Diet Cran-Apple™
- Ocean Spray® Diet Cranberry
- Ocean Spray® Diet Cran-Grape™
- Ocean Spray® Cranberry Cranenergy™
- Ocean Spray® Diet Ruby Red
- Ocean Spray® New Light 50 Cranberry Grape
- Ocean Spray® Sparkling Citrus Tangerine
- Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
- Ocean Spray® Ruby Cherry
- Ocean Spray® Cherry Juice Cocktail
- Ocean Spray® Cranenergy™ Sparkling Cranberry
- Ocean Spray® Sparkling Pink Cranberry Juice Drink
- Ocean Spray® Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Cranberry
- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry
- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink
- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate
- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™

2

Exhibit C

- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry

(the "Products"), **YOU MAY BE ENTITLED TO A CASH PAYMENT.**

**This Notice is to inform you of a proposed class action settlement that could affect your legal rights.**

A proposed settlement has been reached in a class action lawsuit pending in the United States District Court for the Southern District of California against Ocean Spray Cranberries, Inc. ("Ocean Spray") alleging that certain Ocean Spray product labels claiming that Ocean Spray beverage products contain "No Artificial Flavors" are false and misleading because the Products actually contain ingredients dl-malic acid and/or fumaric acid, which the plaintiffs assert function as artificial flavors. Ocean Spray denies the allegations and any wrongdoing as those ingredients do not function as flavors in the Products. To avoid the expense and distraction of litigation, the parties have reached a settlement that will provide monetary recovery as detailed below.

**Am I a Member of the Settlement Class?**
You are a member of the Settlement Class if you are a citizen or resident of the United States who purchased one or more of the Products during the Class Period in your respective state. The Products must have been purchased for personal or household use and not for resale or distribution.

You cannot be a member of the Settlement Class if you are (1) any judicial officer presiding over the action; (2) Ocean Spray or its subsidiaries, parent companies, successors, predecessors, and any entity in which Ocean Spray or its parent has a controlling interest, or any of their current or former officers, directors, and employees; (3)

legal representatives, successors, or assigns of any excluded person; or (4) any person who properly files a timely request for exclusion.

**What Benefits Could I Receive?**
The proposed class action settlement will provide for $5,400,000.00 to pay class member claims, notice, administration, plaintiffs' incentive awards, and legal expenses and attorneys' fees.

Claimants who submit a timely and valid claim **will receive $1.00 in cash from the Settlement Fund per bottle of Product purchased (any size) during the Class Period, up to 20 bottles, limited to one claim per household (total payable per household in no event to exceed $20, unless distribution is increased as described below).**

If the total amount of eligible claims exceeds the Settlement Fund, then each claimant's award will be proportionately reduced. If there is any remaining cash amount in the Settlement Fund after payment of all claims, costs, and fees, the settlement administrator will divide it equally among the authorized claimants and will pay each authorized claimant his or her proportionate share of the remaining cash amount.

Within 12 months after the Final Approval Effective Date, Ocean Spray will discontinue manufacturing the Products that contain the

3

artificial versions of malic acid and/or fumaric acid as an ingredient with labels that contain the claim "no artificial flavors," provided Ocean Spray will be permitted to exhaust existing label stock purchased, printed, or ordered prior to the Final Approval Effective Date.

**What Are My Rights?**
You have a choice of whether to stay in the Settlement Class or not, and you must decide this now. If you stay in the Settlement Class, you will be legally bound by all orders and judgments of the Court, and you will not be able to sue, or continue to sue, Ocean Spray as part of any other lawsuit involving the same claims that are in this lawsuit. This is true even if you do not submit a Claim Form.

1.   You can accept the Settlement.
If you wish to receive a payment from the Settlement Fund, you MUST submit a Claim Form no later than [DATE]. You can obtain and/or submit a Claim Form:
(1) on the Internet at www.NoArtificialFlavorsLitigation.com;
(2) by calling the Settlement Administrator at 1-855-873-3742; or
(3) by mailing a written request for a Claim Form including your name and mailing address by regular mail to: No Artificial Flavors Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address].

If you fail to timely submit a Claim Form and do not timely exclude yourself from the settlement, then you will be bound by the settlement but will not receive any payment.

2.   You can object to the Settlement.

If you believe the settlement is unsatisfactory, you may **file a written objection with the Clerk of the Court** for the United States District Court for the

Southern District of California Division **and send copies to the following Counsel** representing the Settlement Class and Ocean Spray:

Counsel for Plaintiffs and the Settlement Class

Ronald A. Marron
LAW OFFICES OF RONALD A. MARRON
651 Arroyo Drive
San Diego, CA 92103
Email: ron@consumersadvocates.com

Counsel for Ocean Spray

Rick L. Shackelford
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Email: *ShackelfordR@gtlaw.com*

If you choose to object to the settlement, then your written objection must be received by _____, 2019.

3.   You can "opt out" of the Settlement.
If you do not object to the settlement but simply do not want to participate, you must exclude yourself from the Settlement Class by completing and mailing a Request for Exclusion that includes the name of this lawsuit, your full name, current address, telephone number, a clear statement of your intent to exclude yourself such as "I wish to be excluded from the Settlement Class," and your signature. You must deliver the Request for Exclusion to the settlement administrator at No Artificial Flavors Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address]. The request must be postmarked or submitted online no later than [Date]. If you request exclusion from or "opt out" of the Settlement Class, you will not receive any payment from

Exhibit C

the Settlement Fund, and will be responsible for any attorneys' fees and costs you incur if you choose to pursue your own lawsuit.

**The Final Approval Hearing**

On [＿＿＿＿＿＿＿＿], 2019, at [＿＿＿] a.m., the Court will hold a hearing in the United States District Court for the Southern District of California to determine: (1) whether the proposed settlement is fair, reasonable and adequate and should receive final approval; and (2) whether the Class Counsel's application for an award of attorneys' fees and expenses should be granted. Objections to the proposed settlement by members of the Settlement Class will be considered by the Court at such hearing, but only if such objections are timely filed in writing with the Court and sent to Plaintiffs' and Ocean Spray's counsel by no later than ＿＿＿＿＿＿, 2019.

If you support the proposed settlement, you do not need to appear at the hearing or take any other action to indicate your approval.

**How Can I Get More Information?**

If you have questions or would like a more detailed notice or other documents about the lawsuit and your rights, visit www.NoArtificialFlavorsLitigation.com. You may also contact the settlement administrator by emailing Contact@NoArtificialFlavorsLitigation.com or by writing to: No Artificial Flavors Litigation Settlement, c/o Classaura Class Action Administration, [P.O. Box Address], or by calling 1-888-978-8269. Please do not contact the Court or Clerk for information.

**By order of the United States District Court for the Southern District of California.**

3

# EXHIBIT D

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
***Attorneys for Plaintiffs and the Class***

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY and WILLIAM RILEY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>OCEAN SPRAY CRANBERRIES, INC.,<br><br>      Defendant. | Case No. 3:17-cv-02335-GPC-MDD<br><br>**DECLARATION OF GAJAN RETNASABA REGARDING NOTICE PLAN**<br><br>Judge: Hon. Gonzalo P. Curiel |

I, Gajan Retnasaba, declare:

1.     I am a Partner at Classaura LLC, a class action administration firm located at 1718 Peachtree St #1080, Atlanta, Georgia. I have been the project lead on cases including *Mason v. Heel*, *In re Qunol Liquid Labeling Litigation*, and *In re Quaker Oats Labeling Litigation*. I founded the popular class action advocacy website ClassActionRebates.com. My prior experience includes being a litigation associate at Jones Day and a senior associate at McKinsey & Company. I hold a J.D. from Harvard Law School and a Bachelor of Engineering from the University of New South Wales. I am over the age of 21 and am not a party to this action.

2.     I have previously presented to the court a notice plan for dissemination of notice for the certification of a California class. I have been asked by counsel for Plaintiffs in this action to prepare an updated plan for class notice and distribution, should preliminary approval be granted for a national class settlement.

3.     Since the products that are the subject of the proposed settlement were sold through third party retailers, no complete record of all purchases exists. Accordingly, I recommend that notice be broadly disseminated nationally, with a focus on consumers most likely to have purchased the product.

4.     I have prepared a dissemination plan that incorporates four methods of communication: a settlement website, online notice, print publication, and a press release.

**CLASS SIZE AND DEMOGRAPHICS**

5.     Because a complete record of all national buyers of the Ocean Spray fruit juice beverage products alleged to contain the specified undisclosed artificial flavors does not exist, I recommend that notice be disseminated broadly to as many U.S. residents as possible, with a partial and non-exclusive focus on groups that recent market research indicates are disproportionately likely to be buyers of the products: African Americans and Americans over 55.

1

6.      The following relevant facts, data, and demographic information, along with other relevant information, was used to inform the design of the proposed Notice Plan.

7.      The United States Census estimates the United States has a population of approximately 323 million as of August 2018. Of this total population, there are approximately 245 million United States residents aged 18 or older.

8.      InfoScout is a service that captures data on shopping patterns. Their sampling panels capture data for approximately 1-in-500 shopping trips made in the United States and provide rich demographic data regarding purchase patterns. InfoScout's 2014-2015 data reported that Ocean Spray purchase patterns are relatively uniform across gender, income, education, and family status. However, Ocean Spray is disproportionately purchased by African Americans, with African Americans spending a total of 133% more on Ocean Spray products in the aggregate than would be expected based on their baseline expenditure on other products. Ocean Spray is also disproportionately purchased by older Americans with 25% higher spend by Americans between 55 and 64, and 48% higher spend for Americans over 65.

**SETTLEMENT WEBSITE**

9.      A dedicated settlement website (noartificialflavorslitigation.com) will be created to provide detailed information to prospective class members about the settlement.

10.     Should the court grant preliminary approval of the settlement, the website would be updated to include both the summary and long-form versions of the Judgment Notice, that will describe the judgment, describe the process for making claims, for objecting to the settlement, and for opting out of the settlement. It will also give notice that an attorney fee application will be made and describe how class members may obtain a copy of the fee application from the administrator or online, and how they may oppose the application.

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-cv-02335-GPC-MDD
DECLARATION OF GAJAN RETNASABA

11.     The website would allow claims to be made entirely online with a form where class members can file their claim, including uploading proof of purchase if applicable. The claim form will be secured using 128-bit encryption, which is the commercial standard. Claim data will be stored in a secure database. The website will also allow class members to download claim forms that can be printed and submitted by mail.

12.     Class members will able to request payment via a mailed check, or electronic payment methods such as Amazon or PayPal. These electronic payments provide class members with a more convenient way to receive their funds and reduce disbursement, printing, banking, and mailing costs, allowing more of the settlement funds to be directed to class members.

13.     The website will provide email, phone, and postal contacts for class members to request further information, hard copies of information, or help in the claim filing process. The website will be updated as needed. For class members who are unwilling or unable to use the website or make claims online, the Judgment Notice, in both its long and summary forms, and claim forms will be provided via a toll-free telephone number.

### ONLINE NOTICE

14.   Facebook is the online social media outlet where Americans spend the most time, with approximately 230 million registered users in the United States who use the site at least once per month. Facebook's database allows detailed targeting of advertising, including by geography and personal interests. A user may be identified as having an interest in a topic, such as Ocean Spray or cranberry juice beverages by having mentioned the topic on their Facebook page or by having engaged with related content on Facebook. Facebook identifies 29,000,000 people in the United States as having an interest in Ocean Spray or juice beverages.

*Hilsley v. Ocean Spray Cranberries, Inc.,* Case No. 3:17-cv-02335-GPC-MDD
DECLARATION OF GAJAN RETNASABA

15.  I recommend that Facebook ads providing a brief notice that a class has been certified of buyers of specified Ocean Spray beverages be published 50 million times on Facebook, limited to United Sates users of Facebook, and nonexclusively targeted, as described above, to users who are over 55, users who are African American, and users who are identified as having an interest in Ocean Spray or juice beverage products. The notice will provide a brief description of the case and a link to the class website where consumers can learn more about the lawsuit.

16.  I estimate that publishing the notice 50 million times will reach approximately 30 million people in the United States with 15 million of those people being in the targeted groups described above.

**PUBLICATION NOTICE**

17.  USA Today is the national newspaper with the highest readership in the United States, with a circulation of approximately 730,000, and a reach of approximately 2,600,000. I recommend publication of notice in this newspaper that class has been certified and that there is a proposed settlement.

18.  The readership of USA Today's print newspaper also skews older than average, with the average reader being 50.

19.  The publication notice will include a summary notice directly in the publication and will include information on the lawsuit, the class, class members options, and how to get more detailed information. It will also have the address of the notice website, phone number, and postal address that class members can use to get more information.

**PRESS RELEASE**

20.  PR Newswire is a national press release service used by journalists as a source for news. Press releases sent through PR Newswire often end up as articles in news media websites such as CNBC.com, MarketWatch.com, Reuters.com, Yahoo.com and local media affiliates of the major television networks ABC, NBC, and CBS. The

4

press release will contain information about the class settlement and the address for the dedicated settlement website. I recommend the publication of a national press release on PR Newswire.

21.    I further recommend that details of the settlement be forwarded to class action advocacy websites (such as TopClassActions.com and ClassActionRebates.com) that are frequently used by members of the public interested in keeping updated on their eligibility for settlements.

**CLRA NOTICE**

22.    California's Consumers Legal Remedies Act (CLRA §1781) requires published notice in a newspaper of general circulation in the county of the transaction, once a week for four consecutive weeks. Accordingly, I propose publication over four consecutive weeks in the San Diego Uptown Examiner, a newspaper in San Diego County - the county where plaintiff Hilsley alleges her transaction took place.

**CAFA NOTICE**

23.    The Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, requires notice of the proposed settlement be given to federal, state, and territory attorney generals. Accordingly, I propose the mailing of a notice with an enclosed CD-ROM containing all the required information under CAFA to the federal, state, and territory attorney generals.

**METHODS FOR PREVENTING PAYMENT OF ERRONEOUS, DUPLICATIVE, AND FRAUDULENT CLAIMS**

24.    I would undertake several methods of preventing payment of invalid claims.

25.    To prevent duplication, all online claims would be loaded into an electronic database. Claims received by mail would be manually entered into the same database. An algorithm would then be run to identify duplicate entries, including those that are not exact duplicates, but involve small variations in names or addresses.

*Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 3:17-cv-02335-GPC-MDD
DECLARATION OF GAJAN RETNASABA

26.     One type of erroneous claim is an incomplete claim. To the extent possible, the information contained within the incomplete claims will be used to notify the submitter of the incomplete claim. A second type of erroneous claim is one that does not match with a database of United States addresses. Where possible, these addresses will be corrected or individuals will be contacted and encouraged to resubmit a correct claim.

27.     Fraudulent claims are less significant in cases such as this where monetary payments are relatively small. Moreover, merely requiring claims forms be submitted under "penalty of perjury" substantially deters fraud. Nonetheless, fraud can be further reduced by utilizing fraud detection techniques and rejecting fraudulent claims. The claims database will be queried to report signs of fraud such as: (1) multiple online claims made from the same Internet Protocol ("IP") address; (2) multiple highly similar claims; and (3) claims requesting payment be sent to penal institutions.

**COSTS**

28.     The costs to provide notice of the settlement via print, press release, and online publication is $213,000. The cost to administer the settlement, and process claims is $20,000 (assuming 200,000 claims). The cost to distribute payment to class members is $120,000 (assuming 160,000 approved claims). This brings the total cost to $353,000

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on October 17, 2019, in Atlanta, GA.

_____
                        Gajan Retnasaba

6

# EXHIBIT E

1
2
3
4
5
6
7                 **UNITED STATES DISTRICT COURT**
8               **SOUTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| CRYSTAL HILSLEY and WILLIAM RILEY, on behalf of themselves and all others similarly situated, | Case No. 3:17-CV-2335-GPC-MDD |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| OCEAN SPRAY CRANBERRIES, INC., | |
| Defendant. | |

Plaintiffs Crystal Hilsley and William Riley ("Plaintiffs"), individually and on behalf of the Class defined below, along with Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray"), move this Court for preliminary approval of the proposed settlement in the above-captioned action. This Court has reviewed and considered the Parties' Joint Motion for Preliminary Approval and supporting materials. Now, having fully considered the record and the requirements of law, this Court orders that the Motion for Preliminary Approval is **GRANTED** as set forth below.

**IT IS THIS \_\_\_\_ DAY OF _____, 2019 ORDERED** that the settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby **PRELIMINARILY APPROVED**. The Court further finds and orders as follows:

1.      The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, and venue is proper in this district.

2.      The Court's exercise of personal jurisdiction over the Plaintiffs' and Settlement Class Members' claims against Ocean Spray comports with the Due Process Clause of the United States Constitution.

3.      The Court finds that the Settlement Agreement is the product of arms-length negotiation conducted by experienced legal counsel after extensive discovery and settlement negotiations. The Settlement Agreement is not the result of collusion.

4.      The Court finds that the proceedings that occurred before the Parties reached the Settlement Agreement gave counsel and the Parties an opportunity to adequately assess the strengths and weaknesses of their respective positions in this case, and, therefore, to structure the settlement in a way that adequately accounts for those strengths and weaknesses.

5.      The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the

Settlement Class. The Court further finds that the settlement falls well within the range of reason and has no obvious deficiencies.

6.      Because the settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the settlement, including the Settlement Agreement and all of its exhibits.

The Court finds, for settlement purposes only, that all requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(b)(2) have been satisfied. The Court certifies a Settlement Class of all citizens and residents of the United States who, on or after January 1, 2011 until the [date preliminary approval is granted] (the "Class Period"), purchased one of the following Products for personal or household use and not for resale, in their respective state of citizenship:

- Ocean Spray® Cran-Apple™;
- Ocean Spray® Cran-Grape™;
- Ocean Spray® "100% Apple" Juice Drink;
- Ocean Spray® Cran-Raspberry™;
- Ocean Spray® Wave™ Apple with White Cranberries;
- Ocean Spray® Wave™ Berry Medley;
- Ocean Spray® Cran-Cherry™;
- Ocean Spray® Cran-Pineapple™;
- Ocean Spray® Cran-Pomegranate™;
- Ocean Spray® diet Cran-Pomegranate™;
- Ocean Spray® Diet Cran-Cherry™;
- Ocean Spray® 100% Juice Cranberry Cherry Flavor
- Ocean Spray® Cran-Strawberry™
- Ocean Spray® Diet Blueberry
- Ocean Spray® Diet Cranberry With Lime
- Ocean Spray® Cran-Lemonade™
- Ocean Spray® Classic Tea White Cranberry Peach
- Ocean Spray® Cran-Tea™ White Cranberry Peach
- Ocean Spray® Classic Tea Cranberry
- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple
- Ocean Spray® 100% Cranberry Concord Grape

-2-

- Ocean Spray® 100% Juice Cranberry Raspberry
- Ocean Spray® 100% Juice Cranberry Pomegranate
- Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
- Ocean Spray® Light Tropical Citrus Fruit And Vegetable
- Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit  & Vegetable
- Ocean Spray® Pink Cranberry Passionfruit Juice Drink
- Ocean Spray® 100% Juice Cranberry Mango
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Light Cran-Mango™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Ruby Pomegranate
- Ocean Spray® Diet Cran-Tea™
- Ocean Spray® 100% Juice Cranberry Pineapple
- Ocean Spray® Diet Cran-Pineapple™
- Ocean Spray® Mocktails Tropical Citrus
- Ocean Spray® Cran-America™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Cranharvest™ Cranberry Apple Cider
- Ocean Spray® Diet Cran-Raspberry™
- Ocean Spray® Diet Cran-Apple™
- Ocean Spray® Diet Cranberry
- Ocean Spray® Diet Cran-Grape™
- Ocean Spray® Cranberry Cranenergy™
- Ocean Spray® Diet Ruby Red
- Ocean Spray® New Light 50 Cranberry Grape
- Ocean Spray® Sparkling Citrus Tangerine
- Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
- Ocean Spray® Ruby Cherry
- Ocean Spray® Cherry Juice Cocktail
- Ocean Spray® Cranenergy™ Sparkling Cranberry
- Ocean Spray® Sparkling Pink Cranberry Juice Drink
- Ocean Spray® Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Cranberry
- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry

-3-

- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink
- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate
- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™
- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry.

A.     Excluded from the Settlement Class are (1) any judicial officer presiding over the action; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest, and each of their current or former officers, directors, and employees; (3) legal representatives, successors, or assigns of any such excluded person; and (4) any person who properly executes and files a timely request for exclusion.

7.     The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

a.     Pursuant to Federal Rule of Civil Procedure 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

-4-

b.      Pursuant to Federal Rule of Civil Procedure 23(a)(2), the Court determines that there are common issues of law and fact for the Settlement Class.

c.      Pursuant to Federal Rule of Civil Procedure 23(a)(3), the claims of the Class Representatives are typical of the Settlement Class that they represent.

d.      Pursuant to Federal Rule of Civil Procedure 23(a)(4), Plaintiffs Crystal Hilsley and William Riley will fairly and adequately represent the interests of all members of the Settlement Class. The interests of Ms. Hilsley and Mr. Riley are not antagonistic to those of the Settlement Class. Ms. Hilsley and Mr. Riley are represented by counsel who are experienced and competent in the prosecution of complex class action litigation. Accordingly, the Court hereby appoints Plaintiffs Crystal Hilsley and William Riley as Class Representatives for the Settlement Class.

8.      The Court further finds that the requirements of Federal Rules of Civil Procedure 23(b)(3) and (b)(2) are satisfied, for settlement purposes only, as follows:

a.      Questions of law and fact common to the members of the Settlement Class predominate over questions that may affect only individual members; and

b.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

9.      The Court has reviewed the content of the Parties' proposed Notice Plan, the long-form and short-form Notices, and the Claim Form and finds that they satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and the requirements of the Due Process Clause of the United States Constitution. Accordingly, the Court approves the Notices and the Claim Form.

10.     The Court further approves the methods for giving notice of the settlement to the members of the Settlement Class, as reflected in the Settlement Agreement and proposed in the Parties' Joint Motion for Preliminary Approval. In addition to the Notices, the Court has also reviewed the notice procedures and finds

-5-

*Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 3:17-CV-2335
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

that the members of the Settlement Class will, thereby, receive the best notice practicable under the circumstances. The Court also approves payment of the costs of notice as provided for in the Settlement Agreement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and the Due Process Clause of the United States Constitution.

11.     The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints the Law Offices of Ronald A. Marron, APLC and the Law Office of David Elliot as Settlement Class Counsel ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

12.     The Court further approves the appointment of Classaura LLC, or an equivalent class action administrator identified by the Parties to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants; communicating with Claimants; and distributing payments to Authorized Claimants whose Claim Forms have been accepted and validated.

13.     The Court directs that pursuant to Federal Rule of Civil Procedure 23(e)(2) a hearing will be held on [＿＿＿＿＿＿＿], 2020, to consider final approval of the settlement (the "Final Approval Hearing") including, but not limited to, the following issues: (a) whether the Settlement Class should be finally certified for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of incentive awards to the Class Representatives. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the settlement, without further

-6-

*Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 3:17-CV-2335
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

notice to the Settlement Class other than notice that may be posted at the Court and on the Settlement Website.

14.    Any member of the Settlement Class wishing to object (an "Objector") to the proposed settlement and/or be heard at the Final Approval Hearing shall comply with the following procedures:

a.    To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and Defendant's Counsel at the addresses set forth below:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Email: ron@consumersadvocates.com

Rick L. Shackelford
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Email: *ShackelfordR@gtlaw.com*

b.    A written objection filed with the Court regarding or related to the settlement shall contain all of the following information: (a) a reference, in its first sentence, to the Litigation, *Hilsley v. Ocean Spray Cranberries, Inc*., Case No. 3:17-CV-2335-GPC-MDD; (b) the Objector's full, legal name, residential address, telephone number, and email address (and the Objector's lawyer's name, business address, telephone number, and email address if objecting through counsel); (c) a statement describing the Objector's membership in the Settlement Class, including a verification under oath as to the date, name of the Products purchased, and the location and name of the retailer from whom the Objector purchased the Products, and all other information required by the Claim Form; (d) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (e) copies of any papers, briefs, or other documents upon which the objection is based;

(f) a list of all persons who will be called to testify in support of the objection; (g) a statement of whether the Objector intends to appear at the Final Approval Hearing (note: if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing); (h) a list of the exhibits that the Objector may offer during the Final Approval Hearing, along with copies of such exhibits; and (i) the objector's signature.   In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection; (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

        c.      Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Final Approval Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness, or adequacy of the proposed settlement.

        15.    Members of the Settlement Class who elect not to participate in the settlement (i.e., "opt-out") must submit a written Request for Exclusion that is postmarked no later than [＿＿＿＿＿＿＿], 2019.

        16.    Any member of the Settlement Class who fails to timely submit a Request for Exclusion shall be bound by all subsequent proceedings, orders, and the Final Judgment (including the Settlement), even if he or she has a pending, or subsequently initiates, litigation, arbitration, or any other proceeding against Ocean Spray relating to the Released Claims.

        17.    In order to participate in the settlement and receive a cash payment from the Settlement Fund, members of the Settlement Class must properly complete a

Claim Form (online or in paper format) and submit it to the Settlement Administrator. To be effective, any such Claim Form must be postmarked or submitted on the Internet at www.NoArtificialFlavorsLitigation.com no later than [_____], 2019 and must otherwise comply with the procedures and instructions set forth in the Claim Form.

18.    The deadlines for key events are as follows:

| EVENT | DEADLINE |
|---|---|
| Publishing Notice | |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fees and Expenses | |
| Deadline for submitting Claim Forms | |
| Filing an Objection with the Court, or submitting a Request for Exclusion to the Settlement Administrator | |
| Filing of response to Objections | |
| Final Approval Hearing | |

19.    To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned to them in the Settlement Agreement.

20.    In the event the settlement does not become effective for any reason, the Parties shall be restored to their respective pre-settlement positions in the action, including with regard to any agreements concerning tolling and similar agreements, and the entire Settlement Agreement shall become null and void. Additionally, the entire amount of the Settlement Fund (to the extent it was deposited) shall be promptly returned to Ocean Spray, with any interest accrued thereon.

21.    Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto (1) is, or may be used as, an

-9-

*Hilsley v. Ocean Spray Cranberries, Inc.*, Case No. 3:17-CV-2335
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Ocean Spray, or of the propriety of Class Counsel to maintain the action as a class action; or (2) is, or may be used, as an admission of, or evidence of, any fault or omission of Ocean Spray in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that Ocean Spray may file the Settlement Agreement or the Final Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22.     All activity in the action with respect to Ocean Spray shall be stayed unless and until the Settlement Agreement is terminated pursuant to its terms and conditions.

23.     Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action against any of the Released Parties as provided for in the Agreement.

24.     The Court shall retain continuing jurisdiction over the Parties and the implementation and enforcement of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement Agreement are properly made or taken.

**IT IS SO ORDERED.**


DATED_____, 2019

_____
HON. GONZALO P. CURIEL
United States District Judge

-10-