1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY, and WILLIAM RILEY, on behalf of themselves and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC.; ARNOLD WORLDWIDE LLC; and DOES defendants 1 through 5, inclusive,<br><br>          Defendants. | Case No.:  17cv2335-GPC(MDD)<br><br>**ORDER DENYING PROPOSED INTERVENORS' MOTION TO INTERVENE**<br><br>**[Dkt. No. 233.]** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

  Before the Court is Proposed Intervenors Michael Froio and Mikhail Surman's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) and 24(b)(1)(B). (Dkt. No. 233.)  Plaintiffs filed an opposition.  (Dkt. No. 235.)  Defendant Ocean Spray filed a non-opposition to the motion to intervene based on the Proposed Intervenors' representation that they will not obstruct the settlement.  (Dkt. No. 236.)  Proposed Intervenors filed a reply.  (Dkt. No. 237.)  A hearing was held on January 23, 2020.  (Dkt. No. 239.)  Ronald Marron, Esq., Michael Houchin, Esq., David Elliott, Esq. and Lilach Halperin, Esq. appeared on behalf of Plaintiffs; L. Timothy Fisher, Esq. appeared on behalf of Proposed Intervenors; and Ricky Shackelford, Esq. and Adam Siegler, Esq.

appeared on behalf of Defendant Ocean Spray.  (*Id.*)  After a review of the briefs, supporting documents, the applicable law, and hearing oral argument, the Court DENIES Proposed Intervenors' motion to intervene.

## Background

In November 2017, Plaintiff Crystal Hilsley ("Plaintiff" or "Hilsley") filed a consumer class action against Defendants Ocean Spray Cranberries, Inc. ("Ocean Spray") and Arnold Worldwide LLC ("Arnold Worldwide") (collectively "Defendants") for violations of California consumer protection laws claiming that the "no artificial flavors" labels on certain Ocean Spray's juice-based beverage products  ("Products") are false and misleading because each Product contains the artificial flavors of dl-malic acid or fumaric acid, or both, that simulate advertised fruit flavors.  (Dkt. No. 1-2, Compl. ¶¶ 8, 9, 10.) She alleged causes of action for violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750 *et seq*; violation of the unlawful prong of the Unfair Competition Law ("UCL"), California Business & Professions Code section 17200 *et seq.*; violation of the unfair prong of the UCL; violation of California's False Advertising Law ("FAL"), breach of express warranty and breach of implied warranty. (Id. ¶¶ 115-187.)

On November 29, 2018, the Court granted in part Plaintiff's motion for class certification of a California class who purchased certain Ocean Spray Products and appointed class counsel.  (Dkt. No. 83.)  The Court certified a Class under Federal Rule of Civil Procedure ("Rule") 23(b)(2) and also certified a Class under Rule 23(b)(3) as to the UCL, FAL and CLRA causes of action.  (*Id.*)

The parties engaged in extensive motion practice.  On October 30, 2018, the Court denied Defendants' motion for summary judgment.  (Dkt. Nos. 31, 83.)   On June 24, 2019, the Court denied Plaintiff's motion to exclude Defendants' experts.  (Dkt. Nos. 105, 188.)  On July 3, 2019, the Court granted in part and denied in part Plaintiff's motion for partial summary judgment, denied Ocean Spray's motion for summary judgment, and granted Arnold Worldwide's motion for summary judgment.  (Dkt. Nos.

101, 108, 109, 193.)  On July 10, 2019, the Court denied Ocean Spray's motion to decertify the class.  (Dkt. Nos.  111, 196.)

A pre-trial conference was held on August 23, 2019.  (Dkt. Nos. 211, 213.) Motions in limine were set to be held on October 25, 2019 and trial was set in the case on November 4, 2019.  (*Id.*)  On October 18, 2019, just prior to the motions in limine hearing date, Hilsley filed a notice of settlement.  (Dkt. No. 224.)  Per the terms of the settlement, the Court granted the parties' joint motion for leave to file an amended class action complaint.  (Dkt. Nos. 226, 227.)  The amended class action complaint, filed on October 25, 2019, added an additional named plaintiff William Riley ("Riley") and expanded the proposed class to a nationwide class and added claims under Massachusetts state law.  (Dkt. No. 228.)  On November 8, 2019, Hilsley and Riley ("Plaintiffs") filed a motion for preliminary approval of class action settlement.  (Dkt. No. 232.)

Meanwhile, during the pendency of this case, on September 24, 2018, Proposed Intervenors Michael Froio and Mikhail Surman filed a purported class action complaint with the same allegations that certain Ocean Spray juice products contained artificial flavoring ingredients of malic acid and fumaric acid and were improperly labeled as containing "No Artificial Flavors" in the District Court for the District of Massachusetts. (Dkt. No. 233-2, Fisher Decl., Ex. 1, *Froio* Compl.)  The *Froio* Complaint seeks a 49-state class, excluding California, alleging claims of fraud, negligent misrepresentation, unjust enrichment, and breach of express warranty.  (Id. ¶¶ 5, 46.)  Ocean Spray filed its answer on November 9, 2018.  (Dkt. No. 235-2, Marron Decl., Ex. 1, *Froio* Docket, Dkt. No. 16.)  On April 19, 2019, prior to the case management conference, the case was stayed in order for the parties to engage in mediation on June 18, 2019.  (*Id.*, Dkt. No. 44.)  On June 23, 2019, the stay was extended to allow the parties to schedule another mediation.  (Id., Dkt. No. 46.)  On July 18, 2019, after the second mediation, the parties executed a memorandum of understanding that would form the basis of a proposed nationwide class settlement of the case.  (*Id.*, Dkt. No. 48.)  The parties anticipated filing a motion for preliminary approval in the near future as well as a stipulation granting

Froio and Surman leave to amend the complaint to conform to the settlement terms.  (*Id.*) However, on November 8, 2019, after being informed of the pending settlement in this case, the district court in Massachusetts stayed the case and reset a status conference for January 27, 2020.  (<u>Id.</u>, Dkt. No. 55.)

**Discussion**

Proposed Intervenors move to intervene under Rule 24(a)(2), intervention as of right and Rule 24(b)(1)(B), permissive intervention.

**A.     Intervention as of Right**

Rule 24(a) regarding intervention as of right provides:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties represent that interest.

Fed. R. Civ. P. 24(a).  Intervention is permitted as of right when (1) the motion to intervene is timely filed; (2) the intervening party has an interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the applicant's ability to protect the interest; and (4) the intervening party is not adequately represented by existing parties.  *Nw Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).   The moving party bears the burden to show that all the requirements of intervention are met.  *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citing *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)).  Failure to satisfy even one factor bars the applicant from intervening as of right.  *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).  "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention."  *Alisal Water Corp.*, 370 F.3d at 919.

4

The Court finds that Proposed Intervenors have failed to demonstrate the second factor that they have a significant protectable interest in the subject matter of the litigation.  Proposed Intervenors claim to have a protectable interest in recovering their attorneys' fees and costs for work done in facilitating settlement in this case as well as incentive awards for Froio and Surman for their involvement as plaintiffs in facilitating settlement in this case.  Plaintiffs respond that Proposed Intervenors do not claim to have a protectable interest in the merits of the litigation but only seek to secure attorneys' fees and costs and incentive awards for work performed in the *Froio* case, not the *Hilsley* case.  They should seek these fees and awards in their litigation in Massachusetts.  In reply, Proposed Intervenors argue that they became a part of this case on October 25, 2019 when Plaintiffs expanded the class definition to include the claims in the *Froio* action in the settlement in this case.  The Proposed Intervenors explain they spent two full days in mediation, negotiated the terms of a settlement, and now Plaintiffs and their attorneys have now adopted the settlement terms as their own.  They claim they only seek compensation for the work they did to bring about this settlement.

First, there is a factual dispute as to whether the Proposed Intervenors' proposed settlement in the *Froio* case impacted the settlement in this case.  Plaintiffs challenge Proposed Intervenors' assertion that Plaintiffs exploited the work performed by *Froio* Plaintiffs.  Plaintiffs argue that they engaged in hard-fought litigation with extensive discovery and motion practice and settlement negotiations while *Froio* Plaintiffs merely settled early in a mediation.  Furthermore, the settlement terms were not favorable to the class because the settlement involved a "claims-made" deal where any unclaimed funds would revert back to Defendant, a practice disfavored by the courts.[1]  Moreover, in its

---

[1] "Claims made settlements with reversions to a defendant are strongly disfavored."  *Millan v. Cascade Water Servs., Inc.,* 310 F.R.D. 593, 612 (E.D. Cal. 2015) (citation omitted).  Proposed Intervenors do not dispute that the settlement was a claims-made settlement but dispute its impact.  They believed that the entire $5.4 million would be exhausted due to the robust notice plan which would ensure a substantial number of claims.  (Dkt. No. 237 at 5 n.1.)

non-opposition, Ocean Spray states it "objects to the Proposed Intervenors' characterization of the factual and procedural background to the settlement, but since these matters are not dispositive of this motion, there is not need to respond to them in detail on this motion."  (Dkt. No. 236 at 2.)  Notwithstanding Proposed Intervenors' claim they facilitated the settlement in the *Hilsley* case, they have not demonstrated they have a significant protectable interest in the subject matter of the litigation.

A "significant protectable interest" in litigation is if "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citing *Nw. Forest Resource Council*, 82 F.3d at 837).  The "relationship" factor requires only that "the resolution of the plaintiff's claims actually will affect the applicant." *Id.* at 410.  To intervene as a matter of right, the intervenor must establish an interest that is "direct, non-contingent, substantial and legally protectable." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) ("'An interest that is remote from the subject matter of the proceeding . . . will not satisfy the rule.'").  "To trigger a right to intervene . . . an economic interest must be concrete and related to the underlying subject matter of the action." *Alisal Water Corp.*, 370 F.3d at 919 (citations omitted).  While an applicant may have an interest in the liability phase of litigation or the remedies phase, "that interest must be related to the underlying subject matter of the litigation." *Id.* (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986) (denying intervention as of right by an applicant with solely environmental interests in an action "by a local water district against the United States concerning contracts between the parties respecting the delivery of the water")).  In *Alisol*, the Ninth Circuit affirmed a district court's denial of a creditor's right to intervene because the intervenor's sole interest was in the prospective collectability of a debt which was several degrees removed from the public health and environmental policies that were the subject matter of the litigation. *Alisal Water Corp.*, 370 F.3d at 920.  Similarly, in *Moore v. Verizon Comm'ns Inc.,* No. C 09-1823 SBA,

17cv2335-GPC(MDD)

2013 WL 450365 (N.D. Cal. Feb. 5, 2013), the district court denied a motion to intervene because the intervenor did not have a significant protectable interest in the class action litigation challenging Verizon's alleged abusive practice of intentionally charging consumers for products and services they have not requested or authorized and the illegal billing and collection. *Id.* at *1. The class action settlement included payment of attorneys' fees and costs not to exceed $7,500,000. *Id.* at *2. Shortly after the Court preliminarily approved the settlement, ESBI, an intermediary between service provider clients and local telephone companies, moved to intervene for the sole purpose of addressing class counsels' fee application. *Id.* ESBI claimed to have a significant protectable interest in the amount of attorneys' fees and costs that the court would approve as part of the settlement because it was required to indemnify Verizon for certain costs. *Id.* at *12. The court explained that the intervenor's interest was not significant because it was "financial and collateral to 'the property or transaction that is the subject of the action.'" *Id.*[2] The court explained that the subject matter of the case was Verizon's liability for alleged abusive practices. *Id.* The intervenor did not claim an interest in the issues being litigated but only on its obligation to indemnify Verizon for certain costs, something that was not an issue in the litigation. *Id.*

Similarly, here, Proposed Intervenors' claimed interests in the attorneys' fees and costs as well as the incentive awards do not relate directly to the subject matter of the litigation, which is the alleged misrepresentations on certain Ocean Spray's Juice Product labels stating "no artificial flavors". Proposed Intervenors do not provide any controlling or persuasive authority demonstrating that they, by facilitating settlement in another class action case, have a significant protectable interest in the other class action's attorneys' fees and incentive awards within the meaning of Rule 24(a) to justify intervention. Their

---

[2] Unlike the instant case, the proposed intervenor in *Moore* was not seeking attorney fees for work performed in a separately filed case that involved similar issues. However, *Moore* does support the Plaintiffs' overall position.

citation to *Abrams v. Occidental Petroleum Corp.*, 44 F.R.D. 543 (S.D. N.Y. 1968) is not persuasive as that case involved intervention in a case involving an alleged insider's profits, not an incentive award or attorneys' fee and costs in a class action.  Therefore, Proposed Intervenors failed to bear their burden demonstrating a protectable interest in the subject matter of the litigation.

Because Proposed Intervenors have failed to demonstrate the second factor to support intervention as of right, the Court need not address the remaining factors.  *See Tahoe Reg'l Planning Agency*, 792 F.2d at 781 ("Because we conclude that the applicants cannot satisfy the second element, which requires an interest relating to the subject of the action, we do not reach the remaining elements of the test."); *Perry v. Proposition 8 Official Proponents,* 587 F.3d 947, 950 (9th Cir. 2009) ("Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied.").  Accordingly, the Court DENIES Proposed Intervenor's motion to intervene as of right.

**B.    Permissive Intervention**

Proposed intervenors also seek permissive intervention under Rule 24(b)(1)(B), which provides: "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  The court must also consider "whether intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  In other words, in the Ninth Circuit, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."  *City of Los Angeles*, 299 F.3d at 403 (quoting *Northwest Forest Res. Council*, 82 F.3d at 839).  "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention."  *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly*, 159 F.3d at 412).

1    The Court finds that the potential prejudicial effect, delay and derailment of the

2   settlement that would be caused by intervention warrant denial of the motion to intervene.

3   *See* Fed. R. Civ. P. 24(b)(3); *Gatdula v. Crst Int'l, Inc*., Case No. CV 11-1285

4   VAP(OPx), 2015 WL 12778350, at *4 (C.D. Cal. July 21, 2015) (permissive motions to

5   intervene can be denied solely on whether intervention will unduly prejudice or delay the

6   original parties' rights).  In their papers, Plaintiffs claim that allowing intervention will

7   likely complicate and slow the resolution of the case and prejudice the class because the

8   parties will engage in additional motion work on the allocation and amount of attorneys'

9   fees and incentive awards to be awarded.  At the hearing, Proposed Intervenors stated that

10  there would be no additional discovery or motion work that would delay the proceedings

11  and assert they just want to assert their entitlement to attorneys' fees and incentive

12  awards when the Court assesses the motion for attorneys' fees and incentive awards at the

13  final approval stage.  In response, Plaintiffs' counsel stated that if the Court were to grant

14  the motion to intervene, he would consider appeal options, he would approach Ocean

15  Spray and determine whether it would renegotiate the terms of the settlement and there

16  would be delay because the notice provisions would need to be amended.  In its brief,

17  Ocean Spray asserts it would oppose any attempts by Proposed Intervenors to obstruct or

18  delay the settlement proceedings, renegotiate the settlement or impose any additional

19  costs or burden on Ocean Spray.  (Dkt. No. 236 at 2.)

20    Based on the parties' positions, permitting intervention may result in undue delay

21  and prejudice to the class members if an interlocutory appeal were filed or if Ocean Spray

22  declined to re-negotiate the terms of the Settlement Agreement and Plaintiffs decided to

23  back out of the Settlement Agreement.  The potential for the derailment of the settlement

24  is of great concern for the Court as it is aware that the case has been vigorously litigated

25  for over two years and the parties, who are intimately aware of the factual and legal bases

26  for the causes of action, concluded that settlement is in the best interest of the class.

27    Therefore, potential undue delay and prejudice warrants denial of permissive

28  intervention.  *See, e.g., Alisal*, 370 F.3d at 922 (observing that the Ninth Circuit "ha[s]

affirmed the denial of motions to intervene in cases where granting intervention might have compromised long-litigated settlement agreements or delicate consent decrees"); *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015) (affirming denial of motion to intervene "because the motion was filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks"); *Raquedan v. Centerplate of Delaware, Inc*., 376 F. Supp. 3d 1038, 1043 (N.D. Cal. 2019) ("At this late stage of the proceedings and after the parties have settled, it is simply not in the interests of the putative class to add more named plaintiffs and more counsel to this case.").  Accordingly, the Court DENIES Proposed Intervenor's motion for permissive intervention as it would undermine the efficiency of this litigation. *See, e.g., United States v. Washington*, 86 F.3d 1499, 1504 (9th Cir. 1996) (holding that denying leave to intervene for complicating the issues and prolonging litigation was not abuse of discretion).

At the hearing, Proposed Intervenors claim they do not seek to opt-out of the settlement and would be amenable to filing an objection to the motion for attorneys' fees and incentive awards.  The district court has discretion to award attorneys' fees to nonnamed members who have objected to the fairness of the settlement from the common fund created by a class action settlement.  *Rodriguez v. Disner*, 688 F.3d 645, 658 (9th Cir. 2012).  The Ninth Circuit allows the award of fees to objectors only if the objectors either increase the amount in the common fund or "otherwise substantially benefit the class members."  *Id.* (quoting *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1051-52 (9th Cir. 2002)); *see also Class Plaintiffs v. Jaffe & Schlesinger, P.A*., 19 F.3d 1306, 1308-09 (9th Cir. 1994) (affirming denial of attorneys' fees out of MDL settlement fund to counsel who was engaged in parallel litigation in state court that was resolved by the MDL settlement because even though counsels' effort may have incidentally benefited the Class Plaintiffs, the case was not sufficiently related to the MDL class action to warrant payment out of MDL settlement fund)  Here, because Proposed Intervenors solely seek to be awarded attorneys' fees and costs and incentive awards for

their effort in facilitating settlement in this case, it is more appropriate for them to file an objection.

The Court notes that the parties' Settlement Agreement contemplates this situation. Section 5.7 of the Settlement Agreement provides,

> The Parties agree that if there are objections to any portion of this Settlement, including the Fee and Expense Request, Class Counsel will use best efforts to resolve those objections. If the objections cannot be resolved consensually (and without exceeding the $5.4 million Settlement Amount), then the Parties agree the objections shall be submitted to the approving court for resolution. If the court grants any monetary relief to any objector, including attorneys' fees, such relief shall be paid from the Settlement Fund. In no event shall Defendant's monetary obligation exceed $5.4 million. If any objection is sustained such that any objector is granted monetary relief or granted relief other than monetary relief, then each party reserves the right to terminate the settlement or the Parties reserve the right to modify the Settlement to provide for such non-monetary relief.

(Dkt. No. 232-3, Marron Decl., Ex. 1 at 21.[3])  Per Section 5.7, while it appears that the settlement may be derailed if the Court were to grant attorneys' fees to an objector, the more appropriate procedure for the relief Proposed Intervenors seek is to file an objection to the settlement as opposed to intervening as plaintiffs.  However, if Proposed Intervenors are not open to objecting to the settlement, Proposed Intervenors may opt-out of the settlement and continue to prosecute their existing pending case in the District Court of Massachusetts and seek relief in that court.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Page numbers are based on the CM/ECF pagination.

17cv2335-GPC(MDD)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion**

Based on the above, the Court DENIES Proposed Intervenors' motion to intervene under Rule 24(a)(2) & Rule 24(b)(1)(B).

IT IS SO ORDERED.

Dated:  January 29, 2020

Hon. Gonzalo P. Curiel
United States District Judge

17cv2335-GPC(MDD)