# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL HILSLEY and WILLIAM RILEY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>OCEAN SPRAY CRANBERRIES, INC.,<br><br>      Defendant. | Case No. 3:17-CV-2335-GPC-MDD<br><br>**<u>CLASS ACTION</u>**<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[Dkt. No. 232.] |

-1-

Plaintiffs Crystal Hilsley and William Riley ("Plaintiffs"), individually and on behalf of the Class defined below, along with Defendant Ocean Spray Cranberries, Inc. ("Ocean Spray"), move this Court for preliminary approval of the proposed settlement in the above-captioned action.

The case was originally filed by Plaintiff Crystal Hilsley against Ocean Spray Cranberries, Inc. ("Ocean Spray") and Arnold Worldwide, LLC ("Arnold Worldwide"). (Dkt. No. 1-2, Compl.) The gravamen of Plaintiff Hilsley's Complaint was that the Ocean Spray product labels claiming that certain Ocean Spray beverage products (the "Products") contain "No Artificial Flavors" are false and misleading because the Products actually contain artificial ingredients, dl-malic acid and fumaric acid, that function as flavors. (Dkt. No. 1-2, Compl. ¶¶ 32, 54). Plaintiff alleged that she paid a premium for Ocean Spray Products believing that the Products contained "No Artificial Flavors." (*Id.*, Compl. ¶ 67). Hilsley sought both monetary damages and injunctive relief for the following claims: (1) violations of the Consumers Legal Remedies Act, Cal. Civ. Code Sections 1750, *et seq*.; (2) violations of the False Advertising law, Cal. Bus. & Prof. Code Sections 17500, et seq.; (3) violations of the unlawful and unfair prong of the Unfair Competition Law, Cal. Bus. & Prof. Code Sections 17200, *et seq*.; (4) Breach of Express Warranties; and (5) Breach of Implied Warranties. (Dkt. No. 1-2). Ocean Spray has denied any and all allegations, including because the named acids were used as acidulants and not artificial flavors in the Products.

After hard-fought litigation with written discovery, depositions, contested motion practice, expert discovery, and extensive settlement negotiations, Plaintiffs[1] and Ocean Spray reached a proposed Settlement. The Settlement Agreement establishes both monetary and non-monetary relief and requires Ocean Spray to pay $5,400,000 into a non-reversionary settlement fund. The Settlement will bring an end to what has been, and likely would continue to be, highly contentious and costly litigation centered upon unsettled legal questions. Therefore, the motion seeks the

---

[1] Plaintiff William Riley was added as a named Plaintiff on October 25, 2019. (Dkt. No. 228, FAC.)

entry of an order providing for: (1) preliminary approval of the Settlement; (2) preliminary certification of a Settlement Class and appointment of the Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel; (3) approval of the Settlement Administrator; (4) approval of the Notice program; (5) approval of the Claims process; and (6) the scheduling of a Final Approval Hearing to consider Final Approval of the Settlement.

## A. Settlement Terms

### 1. Monetary Relief

The Settlement Agreement provides that Ocean Spray will pay $5,400,000.00 into a settlement fund. (Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 7.4.) This fund will be used, among other things, to pay authorized claims to the Settlement Class Members, to pay the costs of settlement administration and notice to the Class Members, to pay any necessary taxes and tax expenses, to pay Class Counsel's fees and expenses, and to pay incentive awards to the named Plaintiffs. (*Id.*, Agreement at § 7.6.) For Authorized Claimants, Ocean Spray will provide $1.00 in cash from the Settlement Fund per bottle of Products purchased (any size) during the Class Period, up to 20 bottles, limited to one claim per household. (*Id.*, Agreement at § 7.2.1.) No additional proof of purchase will be required beyond a timely and properly submitted claim form, and no evidence of additional purchases will entitle a claimant to receive compensation in excess of $20.00 (unless distribution is increased pro rata). (*Id.,* Agreement at § 7.2.1.) The settlement provides for a pro rata reduction if the claims exceed the amount in the settlement fund. (*Id.*, Agreement at § 7.2.3) or a pro rata increase if the settlement fund is not exhausted. (*Id.*, Agreement at § 7.2.3.)

### 2. Non-Monetary Relief

Ocean Spray also agrees to injunctive relief that within 12 months after the Final Approval Effective Date, Ocean Spray shall discontinue manufacturing, for retail sale in the United States, the Products that contain the artificial versions of malic acid and/or fumaric acid as an ingredient with labels that contain the claim "no

artificial flavors", provided Ocean Spray shall be permitted to exhaust existing label stock purchased, printed, or ordered prior to the Final Approval Effective Date even if the associated Products are manufactured later than 12 months after the Final Approval Effective Date.  (*Id.*, Agreement at § 7.3.)

**B.     Certification of Settlement Class**

Rule 23(a) of the Federal Rules of Civil Procedure establishes four prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation.  Fed. R. Civ. P. 23(a).  Under Rule 23(b)(3), common questions must predominate over individual questions, Fed. R. Civ. P. 23(b)(3), and the class action device must be "superior to other available methods for fairly and efficiently adjudicating the controversy."  *Id.*  Moreover, under Rule 23(b)(2), a class action may be certified if the "party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole".  Fed. Civ. P. 23(b)(2).

Plaintiffs contend the settlement class meets the numerosity requirement. Numerosity is met if "the class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members, but not satisfied when membership dips below 21."  *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000).  Here, the proposed Class consists of thousands of consumers who purchased Ocean Spray Products; therefore, the numerosity factor is easily satisfied.

Next, Plaintiffs contend that the settlement class meets the commonality and predominance factors.  Rule 23(a)(2) requires the existence of "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality is established if plaintiffs and class members' claims "depend upon a common contention," "capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  In this case, the class

members' claims stem from the same legal claims and common nucleus of facts, that the "No Artificial Flavors" labels on Defendant's Products are false and misleading. Therefore, commonality has been met. Predominance tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). "Rule 23(b)(3) requires a showing that *questions* common to the class predominate." *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 459 (2013) (emphasis in original). Here, common questions of law and fact exist and predominate over individual questions of (1) whether Ocean Spray's representations regarding its "No Artificial Flavors" claims were false and misleading or reasonably likely to deceive consumers; (2) whether Ocean Spray violated the CLRA, UCL, FAL and the MGL[2]; (3) whether Ocean Spray had defrauded Plaintiffs and the Class Members; and (4) whether the Class has been injured by the wrongs complained of, and if so, whether Plaintiffs and the Class are entitled to damages, injunctive and/or other equitable relief, including restitution, and if so, the nature and amount of such relief. In sum, the Court concludes that commonality and predominance have been satisfied.

Plaintiffs further argue that the settlement class meets the typicality requirement. Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The named plaintiffs must be members of the class they seek to represent and they must "possess the same interest and suffer the same injury" as putative class members. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotations omitted). The representative claims are typical if they are "reasonably co-extensive with those of absent class members," though they "need not be substantially identical." *Parsons v. Ryan*, 764 F.3d 657, 685 (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9 Cir. 1998)). Plaintiffs' claims are typical of those of the Class in that their claims arise out of the purchase of Ocean

---

[2] Massachusetts General Law.

Spray Products after relying on the allegedly misleading "No Artificial Flavors" representation and suffered the same injury as putative Class members.

Finally, Plaintiffs claim that the class settlement meets the adequacy requirement. Representative parties must be able to "fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). In analyzing whether Rule 23(a)(4) has been met, the Court must ask two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (citation omitted). Adequacy of representation is designed to deny certification in instances of "*actual* fraud, overreaching, or collusion." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (emphasis in original).

Plaintiffs have no interests antagonistic to those of the Class, (Dkt. No. 232-5, Hilsley Decl. ¶ 11; Dkt. No. 232-6, Riley Decl. ¶ 7), and have prosecuted this action vigorously on behalf of the Class. (Dkt. No. 232-5, Hilsley Decl. ¶¶ 3-9; Dkt. No. 232-6, Riley Decl. ¶¶ 3-5.) Class Counsel, who has extensive experience in consumer class actions, has also vigorously represented the Class and has no conflicts of interest.[3] (Dkt. No. 232-2, Marron Decl. ¶¶ 18-36). Based on his experience, Class Counsel concluded that Settlement provides exceptional results for the class while sparing the class from the uncertainties of continued and protracted litigation. (*Id.* ¶ 14.) The Court concludes that adequacy has been met.

Finally, for settlement purposes only, a class settlement is superior to other available methods for a fair resolution of the controversy because the class mechanism will reduce litigation costs and promote greater efficiency. In

---

[3] The Court notes that in the instant motion for preliminary approval, Plaintiffs have not set forth the experience and competence of co-counsel Law Office of David Elliot. (Dkt. No. 232.) In the Court's order granting in part Plaintiff's motion for class certification, the Court appointed Law Office of David Elliott as Class Counsel based on his submissions. (Dkt. No. 23-18, Elliot Decl.) Relying on those same submissions, the Court concludes that adequacy of counsel has been met.

conclusion, the Court finds that the proposed class may be certified under Rule 23(b)(3).

Under Rule 23(b)(2), Plaintiffs must demonstrate that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Settlement Agreement provides that "[w]ithin 12 months after the Final Approval Effective Dates, Ocean Spray shall discontinue manufacturing the Products that contain the artificial versions of malic acid and/or fumaric acid as an ingredient with labels that contain the claim 'no artificial flavors', provided Ocean Spray shall be permitted to exhaust existing label stock purchased, printed, or ordered prior to the Final Approval Effective Date even if the associated Products are manufactured later than 12 months after the Final Approval Effective Date." (Dkt. No. 232-3, Marron Decl., Ex. 1, Settlement Agreement § 7.3.) The injunctive relief sought applies to the whole class and seeks to redress the class-wide injury of misleading labels. Therefore, the requirements of Rule 23(b)(2) have been met.

Because the proposed Class satisfies the elements of Rule 23(a), Rule 23(b)(3), and Rule 23(b)(2), the Court conditionally certifies the Class for settlement purposes only.

Under Rule 23(g), "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). The Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

Plaintiffs ask the Court to appoint the Law Offices of Ronald A. Marron and the Law Office of David Elliot as Settlement Class Counsel. (Dkt. No. 232-3, Marron Decl., Ex. 1 at 80.) Mr. Marron has outlined his extensive experience in litigating consumer class actions. (*See* Dkt. No. 232-2, Marron Decl. ¶¶ 18-35; *id.*;

Ex. 2.)  From this experience, it appears that Mr. Marron has knowledge of the applicable law in this area.  In the Court's prior order on class certification, the Law Office of David Elliot submitted a declaration to support his experience.  (Dkt. No. 23-18, Elliott Decl.)  Based on the experience and work of both counsel, the Court concludes that he has satisfied the factors to support appointment of class counsel. The Court therefore appoints Law Offices of Ronald A. Marron and Law Office of David Elliott as Class Counsel in this action.

Additionally, the Court finds appointing Plaintiffs Crystal Hilsley and William Riley, as class representatives is appropriate.  (*See* Dkt. No. 232-5, Hilsley Decl.; Dkt. No. 232-6, Riley Decl.)  Plaintiffs' interests align with those of the proposed class members, and no conflicts of interest exist that would render them inappropriate class representatives.    Furthermore, Plaintiffs attest to their involvement in this case throughout the litigation.  (*See id*.)

**C.    Preliminary Approval of Class Action Settlement**

Next, the Court must determine whether to preliminarily approve the class action settlement.  Rule 23(e) was amended in 2018 to create uniformity amongst the circuits and to focus the inquiry on whether a proposed class action is "fair reasonable, and adequate."  Fed. R. Civ. P. 23(e), advisory committee notes (2018 amendment).  As amended, Rule 23(e) provides that a court may approve a proposed class action settlement "after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).  The first and second factors are viewed as "procedural" in nature, and the third and fourth factors are viewed as "substantive" in nature. Fed. R. Civ. P. 23(e)(2), advisory committee notes (2018 amendment).

**1.     Plaintiffs and Class Counsel Have Adequately Represented the Class**

Rule 23(e)(2)(A) requires the Court to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A).  This analysis is "redundant of the requirements of Rule 23(a)(4) and Rule 23(g), respectively." Final approval criteria-Rule 23(e)'s multifactor test, 4 NEWBERG ON CLASS ACTIONS § 13:48 (5th ed.); *In re GSE Bonds Antitrust Litig*., --F. Supp. 3d --, 2019 WL 5848960, at \*9 (S.D.N.Y. Nov. 7, 2019) (noting similarity of inquiry under Rule 23(a)(4) and Rule 23(e)(2)(A)).

Because the Court found that adequacy under Rule 23(a)(4) has been satisfied above, due to the similarity, the adequacy factor under Rule 23(e)(2)(A) is also met.

**2.     The Settlement was Negotiated at Arm's Length**

Rule 23(e)(2)(B) requires the Court to consider whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B).  Here, the settlement was negotiated at arm's length after hard-fought litigation and discovery. The Parties did not begin settlement discussions until after the Court had entered Orders on Plaintiff Hilsley's Motion to Exclude (Dkt. No. 105) and Motion for Partial Summary Judgment (Dkt. No. 101), and Defendant Ocean Spray's Motion for Summary Judgment (Dkt. No. 108) and Motion to Decertify the Class (Dkt. No. 109).  (Dkt. No. 232-2, Marron Decl. ¶ 12.)  Settlement discussions also did not begin until after the Parties had exchanged written discovery and documents, which speaks to the fundamental fairness of the process.  *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("A settlement following

sufficient discovery and genuine arms-length negotiation is presumed fair."). Further, settlement discussions did not begin until the Court entered a Pretrial Order and encouraged the parties to discuss settlement. The time that it took to work out significant details and vigorous disagreements between the parties and the parties' need for a settlement conference in front of Magistrate Judge Dembin demonstrate that this proposed resolution was the product of heavily disputed and arm's length negotiation. (Dkt. No. 232-2, Marron Decl. ¶ 13.) The settlement negotiations were hard-fought, with both Parties and their counsel thoroughly familiar with the applicable facts, legal theories, and defenses on both sides. (*Id.*)

Here, class members who submit a timely claim will be entitled to actual monetary relief that includes $1.00 in cash from the Settlement Fund per bottle of Products purchased (any size) during the Class Period, up to 20 bottles, limited to one claim per household. (Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 7.2.1.) Additionally, Ocean Spray has agreed to valuable injunctive relief. (*Id.*, Agreement at § 7.3.) Although Class Counsel intends to request a fee and out-of-pocket expense award of up to 33.33% of the Settlement Fund, (*id.*, Agreement at § 8.1), they claim the amount is not disproportionate to the amount of recovery received by the Class which will need to be decided at the final approval stage. The settlement agreement also does not contain a "clear sailing" provision "in which defendant[] agreed not to object to an award of attorneys' fees." *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). The settlement is also not contingent upon an award of attorneys' fees to class counsel and the amount of fees awarded is within the sole discretion of the Court. Finally, the settlement agreement does not contain a "kicker" arrangement whereby unpaid attorneys' fees revert to the defendant. *Id.* at 949; (*see* Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 8.1.) Instead, unpaid attorneys' fees will be added to the class fund and will not revert back to Ocean Spray. Therefore, this Court concludes that the settlement is fundamentally fair and was negotiated at arm's length by competent counsel who are experienced in class action litigation.

### 3. The Relief Provided to the Class is Adequate

Rule 23(e)(2)(C) requires that the Court consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). The amount offered in the proposed settlement agreement is generally considered to be the most important consideration of any class settlement. *See Bayat v. Bank of the West*, No. C-13-2376 EMC, 2015 WL 1744342, at *4 (N.D. Cal. Apr. 15, 2015) (citing *In re HP Inkjet Printer Litig*., 716 F.3d 1173, 1178-79 (9th Cir. 2013)).

Ocean Spray has agreed to settle this matter for a non-reversionary total of $5,400,000. (Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 7.4.) In lieu of taking this matter to trial with the possibility of obtaining no relief, this is an excellent result for the Class. Further, the $5,400,000 nationwide settlement amount is reasonable considering that damages would be limited to a fraction of total sales if Plaintiffs were to prevail at trial. Damages for the nationwide class would be based on the price premium method, which is based on the difference between the value of the Products with the "No Artificial Flavors" statement and the actual value received.

The amount of recovery per claimant is also adequate considering that Settlement Class Members can claim $1.00 in cash from the Settlement Fund per bottle of Products purchased (any size) during the Class Period, up to 20 bottles, limited to one claim per household. (*Id.*, Agreement at § 7.2.1.) This recovery is significant considering that the Plaintiff calculated the average price of the Ocean Spray products at $3.25, (*see* Dkt. No. 192-5). The $1.00 recovery per purchase (up to twenty purchases per household) for each claimant is an excellent result considering it represents a large fraction of total damages alleged by Plaintiffs and

that Plaintiffs believed could have been recoverable at trial. Indeed, Hilsley's expert, Dr. Belch, opined that the price premium attributable to the "No Artificial Flavors" claim is roughly 19%. (*See* Dkt. No. 192-5). Taking Hilsley's presumed average retail price of $3.25 and price premium of 19%, the damages for each Product purchased could total 61 cents. ($3.25 x 19% price premium = 61 cents). Balancing all of the factors that go into protracted litigation and taking this into consideration, $1.00 per bottle represents a fair settlement amount. Moreover, the settlement agreement provides for injunctive relief. (Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 7.3.)

### i. The Costs, Risks, and Delay of Trial and Appeal Support Preliminary Approval

The costs, risks, and delay of trial and appeal further support preliminary approval. Proceeding in this litigation in the absence of settlement poses various risks such as failing to certify a nationwide class, having summary judgment granted against Plaintiffs, or losing at trial. Such considerations have been found to weigh heavily in favor of settlement. *See Rodriguez*, 563 F.3d at 966 (risk, expense, complexity and duration of litigation supports settlement); *Curtis-Bauer v. Morgan Stanley & Co., Inc.*, No. C 06-3903 TEH, 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008) ("Settlement avoids the complexity, delay, risk and expense of continuing with the litigation and will produce a prompt, certain, and substantial recovery for the Plaintiff class.").

### ii. The Proposed Method of Distributing Relief to the Class Is Effective

"[T]he goal of any distribution method is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." Final approval criteria—Rule 23(e)(2)(C)(ii): Distribution method, 4 NEWBERG ON CLASS ACTIONS § 13:53 (5th ed.). The claims process is straightforward and allows Settlement Class members to make a claim by submitting a valid and timely Claim Form to the Settlement Administrator without

complication. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 8:10ML 02151 JVS, 2013 WL 3224585, at *18 (C.D. Cal. June 17, 2013) ("The requirement that class members download a claim form or request in writing a claim form, complete the form, and mail it back to the settlement administrator is not onerous."). Significantly, if there is any remaining cash amount in the Settlement Fund after payment of Notice and Settlement Administrator expenses, a Fee and Expense Award, any necessary taxes, tax expenses, Incentive Awards, and the total amount of all Authorized Claims, the Settlement Administrator shall divide any remaining monetary amounts equally among the Authorized Claimants and shall pay each such Authorized Claimant his or her pro rata share of the remaining monetary amount. (Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 7.2.3.) This pro rata distribution ensures that Settlement Class Members will receive the maximum amount of the settlement fund and that no money will revert back to Defendant. *See McGrath v. Wyndham Resort Dev. Corp.*, No. 15CV1631 JM (KSC), 2018 WL 637858, at *6 (S.D. Cal. Jan. 30, 2018) (finding a non-reversionary settlement fund to be "fair, reasonable, and adequate."). Accordingly, the Court finds the proposed method of distribution of class funds to be effective.

### iii. The Proposed Attorneys' Fee Award

The Settlement Agreement provides that Class Counsel may request an award of attorneys' fees and out-of-pocket expenses of up to 33.33% of the Settlement Fund, subject to this Court's approval. (Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 8.1.) Although the "benchmark" for attorneys' fees in the Ninth Circuit is typically 25% of the common fund, *Bluetooth*, 654 F.3d at 942, Class Counsel argues that its fee request is within the range of what courts have approved in other class action cases. *See, e.g., Singer v. Becton Dickinson & Co.*, No. 08–CV–821–IEG, 2010 WL 2196104 (S.D. Cal. June 1, 2010) (awarding 33.33% of $1 million settlement fund); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (awarding 33.33% of $300,000 settlement fund); *Weeks v. Kellogg*

*Co.*, No. CV 09-08102 MMM RZX, 2013 WL 6531177, at *30 (C.D. Cal. Nov. 23, 2013) (awarding 30% of the $2.5 million settlement fund); *Mollicone v. Universal Handicraft*, No. 17-21468-CIV, 2018 WL 3913689, at *3 (S.D. Fla. Aug. 14, 2018) (awarding Class Counsel fees in the amount of 31.9% of the settlement fund); *Rawa*, 2018 WL 2389040, at *9 (awarding Class Counsel 28% of the settlement fund). "Selection of the benchmark or any other rate must be supported by findings that take into account all the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Because the Court does not need to determine attorney's fees at the preliminary approval stage, Class Counsel indicates it will fully address the reasonableness of their requested fee award in their forthcoming Motion for Attorneys' Fees, Costs, and Incentive Awards.

### iv. No Side Agreements Were Made in Connection with the Proposed Settlement

Rule 23(e)(3) requires that the Parties "must file a statement identifying any agreement made in connection with the [settlement] proposal." Fed. R. Civ. P. 23(e)(3). No agreements were made in connection with the settlement aside from the Settlement Agreement itself. (Dkt. No. 232-2, Marron Decl. ¶ 17.)

### 4. The Proposed Settlement Treats Class Members Equitably Relative to Each Other

Rule 23(e)(2)(D) requires the Court to consider whether the Settlement Agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "A distribution of relief that favors some class members at the expense of others may be a red flag that class counsel have sold out some of the class members at the expense of others, or for their own benefit." Final approval criteria— Rule 23(e)(2)(D): Intra-class equity, 4 NEWBERG ON CLASS ACTIONS § 13:56 (5th ed.). Here, the settlement treats each class member equally as each class member can make a claim for $1.00 in cash from the Settlement Fund per bottle of Products purchased (any size) during the Class Period, up to 20 bottles, limited to

one claim per household.  (Dkt. No. 232-3, Marron Decl., Ex. 1, Agreement at § 7.2.1.)

Accordingly, the Settlement (including all terms of the Settlement Agreement and exhibits thereto) is hereby **PRELIMINARILY APPROVED**. The Court further finds and orders as follows:

1.     The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act, and venue is proper in this district.

2.     The Court's exercise of personal jurisdiction over the Plaintiffs' and Settlement Class Members' claims against Ocean Spray comports with the Due Process Clause of the United States Constitution.

3.     The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the settlement falls well within the range of reason and has no obvious deficiencies.

4.     Because the settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the settlement, including the Settlement Agreement and all of its exhibits.

The Court certifies a Settlement Class of all citizens and residents of the United States who, on or after January 1, 2011 until the [date preliminary approval is granted] (the "Class Period"), purchased one of the following Products for personal or household use and not for resale, in their respective state of citizenship:

- Ocean Spray® Cran-Apple™;
- Ocean Spray® Cran-Grape™;
- Ocean Spray® "100% Apple" Juice Drink;
- Ocean Spray® Cran-Raspberry™;
- Ocean Spray® Wave™ Apple with White Cranberries;
- Ocean Spray® Wave™ Berry Medley;
- Ocean Spray® Cran-Cherry™;
- Ocean Spray® Cran-Pineapple™;
- Ocean Spray® Cran-Pomegranate™;
- Ocean Spray® diet Cran-Pomegranate™;

- Ocean Spray® Diet Cran-Cherry™;
- Ocean Spray® 100% Juice Cranberry Cherry Flavor
- Ocean Spray® Cran-Strawberry™
- Ocean Spray® Diet Blueberry
- Ocean Spray® Diet Cranberry With Lime
- Ocean Spray® Cran-Lemonade™
- Ocean Spray® Classic Tea White Cranberry Peach
- Ocean Spray® Cran-Tea™ White Cranberry Peach
- Ocean Spray® Classic Tea Cranberry
- Ocean Spray® Cran-Tea™ Cranberry
- Ocean Spray® 100% Premium Juice Cranberry Apple
- Ocean Spray® 100% Cranberry Concord Grape
- Ocean Spray® 100% Juice Cranberry Raspberry
- Ocean Spray® 100% Juice Cranberry Pomegranate
- Ocean Spray® 100% Juice Tropical Citrus Fruit & Vegetable
- Ocean Spray® Light Tropical Citrus Fruit And Vegetable
- Ocean Spray® 100% Juice Cranberry Pomegranate Blueberry Fruit & Vegetable
- Ocean Spray® Pink Cranberry Passionfruit Juice Drink
- Ocean Spray® 100% Juice Cranberry Mango
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Light Cran-Mango™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Pink Lite Cranberry Juice Drink
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Ruby Pomegranate
- Ocean Spray® Diet Cran-Tea™
- Ocean Spray® 100% Juice Cranberry Pineapple
- Ocean Spray® Diet Cran-Pineapple™
- Ocean Spray® Mocktails Tropical Citrus
- Ocean Spray® Cran-America™
- Ocean Spray® Pink Cranberry Juice Drink
- Ocean Spray® Cranharvest™ Cranberry Apple Cider
- Ocean Spray® Diet Cran-Raspberry™
- Ocean Spray® Diet Cran-Apple™
- Ocean Spray® Diet Cranberry
- Ocean Spray® Diet Cran-Grape™
- Ocean Spray® Cranberry Cranenergy™
- Ocean Spray® Diet Ruby Red

- Ocean Spray® New Light 50 Cranberry Grape
- Ocean Spray® Sparkling Citrus Tangerine
- Ocean Spray® Cranenergy™ Sparkling Diet Cranberry
- Ocean Spray® Ruby Cherry
- Ocean Spray® Cherry Juice Cocktail
- Ocean Spray® Cranenergy™ Sparkling Cranberry
- Ocean Spray® Sparkling Pink Cranberry Juice Drink
- Ocean Spray® Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Cranberry
- Ocean Spray® Diet Pom Blue Sparkling Beverage
- Ocean Spray® Sparkling Diet Cranberry
- Ocean Spray® Sparkling Cran-Raspberry™
- Ocean Spray® Sparkling Cran-Grape™
- Ocean Spray® Diet Cran-Lemonade™
- Ocean Spray® Cran-Mango™
- Ocean Spray® Ruby Cranberry
- Ocean Spray® 100% Citrus Tangerine Orange
- Ocean Spray® 100% Citrus Mango Pineapple
- Ocean Spray® Cran-Tropical™ Juice Drink
- Ocean Spray® Light Cranberry Apple
- Ocean Spray® Diet Cran-Mango™
- Ocean Spray® Light Ruby Red
- Ocean Spray® Blueberry Juice Cocktail
- Ocean Spray® Blueberry Pomegranate
- Ocean Spray® Diet Blueberry Pomegranate
- Ocean Spray® Pomegranate Cranenergy™
- Ocean Spray® Light Cran-Pomegranate™
- Ocean Spray® Wave ™ Mango Pineapple
- Ocean Spray® Raspberry Cranenergy™
- Ocean Spray® Diet Cran-Blackberry™
- Ocean Spray® New Light 50 Cranberry Raspberry.

A.     Excluded from the Settlement Class are (1) any judicial officer presiding over the action; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest, and each of their current or former officers, directors, and employees; (3) legal representatives, successors, or assigns of any such excluded

person; and (4) any person who properly executes and files a timely request for exclusion.

5. The Court has reviewed the content of the Parties' proposed Notice Plan, the long-form and short-form Notices, and the Claim Form and finds that they satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and the requirements of the Due Process Clause of the United States Constitution. Accordingly, the Court approves the Notices and the Claim Form.

6. The Court further approves the methods for giving notice of the settlement to the members of the Settlement Class, as reflected in the Settlement Agreement and proposed in the Parties' Joint Motion for Preliminary Approval. In addition to the Notices, the Court has also reviewed the notice procedures and finds that the members of the Settlement Class will, thereby, receive the best notice practicable under the circumstances. The Court also approves payment of the costs of notice as provided for in the Settlement Agreement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2), Federal Rule of Civil Procedure 23(e)(1), and the Due Process Clause of the United States Constitution.

7. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints the Law Offices of Ronald A. Marron, APLC and the Law Office of David Elliot as Settlement Class Counsel ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

8. The Court further approves the appointment of Classaura LLC, or an equivalent class action administrator identified by the Parties to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants; communicating with Claimants; and distributing

payments to Authorized Claimants whose Claim Forms have been accepted and validated.

9.     The Court directs that pursuant to Federal Rule of Civil Procedure 23(e)(2) a hearing will be held on **July 31, 2020 at 1:30 p.m. in Courtroom 2D**, to consider final approval of the settlement (the "Final Approval Hearing") including, but not limited to, the following issues: (a) whether the Settlement Class should be finally certified for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the settlement; (c) Class Counsel's application for an award of attorneys' fees and costs; and (d) approval of incentive awards to the Class Representatives. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Settlement Website.

10.     Any member of the Settlement Class wishing to object (an "Objector") to the proposed settlement and/or be heard at the Final Approval Hearing shall comply with the following procedures:

a.     To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and Defendant's Counsel at the addresses set forth below:

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Email: *ron@consumersadvocates.com*

Rick L. Shackelford
**GREENBERG TRAURIG, LLP**
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Email: *ShackelfordR@gtlaw.com*

b.      A written objection filed with the Court regarding or related to the settlement shall contain all of the following information: (a) a reference, in its first sentence, to the Litigation, *Hilsley v. Ocean Spray Cranberries, Inc*., Case No. 3:17-CV-2335-GPC-MDD; (b) the Objector's full, legal name, residential address, telephone number, and email address (and the Objector's lawyer's name, business address, telephone number, and email address if objecting through counsel); (c) a statement describing the Objector's membership in the Settlement Class, including a verification under oath as to the date, name of the Products purchased, and the location and name of the retailer from whom the Objector purchased the Products, and all other information required by the Claim Form; (d) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (e) copies of any papers, briefs, or other documents upon which the objection is based; (f) a list of all persons who will be called to testify in support of the objection; (g) a statement of whether the Objector intends to appear at the Final Approval Hearing (note: if the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Approval Hearing); (h) a list of the exhibits that the Objector may offer during the Final Approval Hearing, along with copies of such exhibits; and (i) the objector's signature.   In addition, Settlement Class Members, if applicable, must include with their Objection (a) the identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection; (b) a detailed list of any other objections submitted by the Settlement Class Member, or his/her counsel, to any class actions submitted in any court, whether state or federal, in the United States in the previous five (5) years.

c.      Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Final Approval Hearing, to the extent permitted by the Court, either in person or through

an attorney hired at the Settlement Class member's expense, to object to the fairness, reasonableness, or adequacy of the proposed settlement.

11. Members of the Settlement Class who elect not to participate in the settlement (i.e., "opt-out") must submit a written Request for Exclusion that is postmarked no later than **July 1, 2020.**

12. Any member of the Settlement Class who fails to timely submit a Request for Exclusion shall be bound by all subsequent proceedings, orders, and the Final Judgment (including the Settlement), even if he or she has a pending, or subsequently initiates, litigation, arbitration, or any other proceeding against Ocean Spray relating to the Released Claims.

13. In order to participate in the settlement and receive a cash payment from the Settlement Fund, members of the Settlement Class must properly complete a Claim Form (online or in paper format) and submit it to the Settlement Administrator. To be effective, any such Claim Form must be postmarked or submitted on the Internet at www.NoArtificialFlavorsLitigation.com no later than **July 10, 2020** and must otherwise comply with the procedures and instructions set forth in the Claim Form.

14. The deadlines for key events are as follows:

| EVENT | DEADLINE |
|---|---|
| Publishing Notice | **March 16, 2020** |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fees and Expenses | **June 18, 2020** |
| Deadline for submitting Claim Forms | **July 10, 2020** |
| Filing an Objection with the Court, or submitting a Request for Exclusion to the Settlement Administrator | **July 1, 2020** |
| Filing of response to Objections | **July 17, 2020** |

| Final Approval Hearing | **July 31, 2020 at 1:30 p.m. in Courtroom 2D** |
|---|---|

15.     To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned to them in the Settlement Agreement.

16.     In the event the settlement does not become effective for any reason, the Parties shall be restored to their respective pre-settlement positions in the action, including with regard to any agreements concerning tolling and similar agreements, and the entire Settlement Agreement shall become null and void. Additionally, the entire amount of the Settlement Fund (to the extent it was deposited) shall be promptly returned to Ocean Spray, with any interest accrued thereon.

17.     Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto (1) is, or may be used as, an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Ocean Spray, or of the propriety of Class Counsel to maintain the action as a class action; or (2) is, or may be used, as an admission of, or evidence of, any fault or omission of Ocean Spray in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except that Ocean Spray may file the Settlement Agreement or the Final Judgment in any action that may be brought against any Released Person in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     All activity in the action with respect to Ocean Spray shall be stayed unless and until the Settlement Agreement is terminated pursuant to its terms and conditions.

19.     Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any

such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action against any of the Released Parties as provided for in the Agreement.

20.     The Court shall retain continuing jurisdiction over the Parties and the implementation and enforcement of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement Agreement are properly made or taken.

**IT IS SO ORDERED.**

Dated:  January 31, 2020

Hon. Gonzalo P. Curiel
United States District Judge